alexisc                                                                                              CPCC.CV.4973624

# 𝕮𝖎𝖙𝖆𝖙𝖎𝖔𝖓

CLARK,LARRY E        ETUX  ETAL              NO. 362381– A
V.S.                                         STATE OF LOUISIANA
HARDY,MANGHAM        ETAL                    PARISH OF CADDO
                                             FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     DONALD E WALTER
                                300 FANNIN ST, STE 4200
                                SHREVEPORT, LA 71101


YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within TWENTY-ONE (21) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular session of the Louisiana Legislature which changed delays for answering.  The full text of this bill can be found at https://legis.la.gov/legis/BillInfo.aspx?i=239989.


This Citation was issued by the Clerk of Court for Caddo Parish, on this date May 14, 2024.


    *Also attached are the following:           **MIKE SPENCE, CLERK OF COURT**

XX   ORIGINAL    PETITION   AND    AMENDING
_____  PETITIONS
                                                By: _____
                                                        Deputy Clerk


                                                    _____LARRY CLARK_____
                                                            Attorney


                                                    A TRUE COPY - - ATTEST


                                                _____
                                                        Deputy Clerk

These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 - 7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding accommodation and assistance.


**SERVICE COPY**



VERIFIED

**SECOND LONGEST RUNNING CIVIL SUIT IN U. S. HISTORY**

| | |
|---|---|
| MR. & MRS. LARRY E. CLARK AND<br>L & M HAIR CARE PRODUCTS, INC | CIV. NUMBER: 362, 381 |
| VERSUS | 1ST JDC, PARISH OF CADDO |
| MANGHAM, HARDY, ROLFS, ET AL | STATE OF LOUISIANA |

**PETITION TO ANNUL OCTOBER 2021 ORDER: ART. 561 CANNOT BE APPLIED; <u>WASHINGTON v. HARVEY,</u> 124 So.2d 240 (La.App.2ND CIR. 1960); AND <u>JOSEPH v. WASSERMAN,</u> 194 So. 3d 720 (La. App. 2016) DO NOT ALLOW A DISMISSAL-JUDGE LORD JESUS CHRIST SAYS THAT 20 DAYS AFTER THE NOVEMBER 13, 2000 HEARING, THE CASE WAS TAKEN UNDER ADVISEMENT BY THE COURT AND IT CONTINUES UNDER ADVISEMENT; THE COURT REFUSED MOTIONS FILED FOR A STATUS/SCHEDULING CONFERENCE; AND THE COURT HAS NOT ISSUED A JUDGMENT FOR THE MAY 1, 2000 EXCEPTION OF RES JUDICATA; REQUEST FOR: NULLITY OF JUDGMENTS; FOR A WRIT OF MANDAMUS; AND TO ADD ADDITIONAL DEFENDANTS/ CLAIMS**

NOW INTO COURT COMES, Plaintiff, LARRY E. CLARK, Pro se, a 70 year old Black American, <u>and a lay person who has a limited formal education.</u> He apologizes in advance to the Reader for his errors in language, writing, etc. An attorney could not be retained as a result that no money has never been paid to the corporation, L & M Hair Care Products, Inc.(L & M) for the taking of its property. For Decades Their Separate State And Federal Constitutional Rights, Have Been Denied Based Upon The LA Department of Transportation & Development's ("DOTD") Silent Policy That Says If **You Are A Black** American: "**You Must Pay To Play**" and/or "**Pay A Bribe** And Get Your Constitutional Rights-Don't Pay A Bribe-And You Don't Get Your State/ Federal Constitutional Rights".

1.

Plaintiffs are seeking **BILLIONS OF DOLLARS** in damages. All Based Upon The Officials At The DOTD Committing **Malfeasance In Office** Based Upon Practicing <u>Systemic Racism</u> And Keeping The Litigation Ongoing Resulting In Legal Malpractice, Fraud, Negligence, And The Violations Of Laws.

**THIS MATTER HAS HAD ONGOING LITIGATION FOR NEARLY 40 YEARS, AND IN MAY 2024 IT WILL OVER-TAKE THE SUIT THAT CURRENTLY HOLDS THE GUINNESS BOOK OF WORLD RECORDS FOR THE LONGEST RUNNING CIVIL LITIGATION IN U. S. HISTORY**

1

2.

In 1986, three (3) pending absolutely void consolidated expropriation (condemnation) cases were filed against Plaintiff.  See: <u>Louisiana Department of Transportation & Development v. Larry E. Clark, and Melvenia S. Clark</u>, 325,511; 325,512 , and 328,772 , consolidated 1st JDC of Caddo Parish, 548 So.2d 365 (La.App.2nd Cir.1989).  They are Void as a result that Indispensable party, L & M, a corporation where all corporate stock is owned by Black Americans, **had a lease recorded into the Public Records**, before the suits were filed.  LA-CCP. Art. 641 mandates DOTD to make L & M a defendant in the suits. DOTD refuses to, because L & M refused to pay a **Money Bribe, and Race of its Stock Holders.**

3.

Plaintiffs in this case of **HORRENDENCE INJUSTICE** are experiencing some of the same similar racial discrimination as the elderly Black victims who are seeking compensation from the 1921 Tulsa, Oklahoma Race Massacre. See: <u>Alexander et al. v. Oklahoma et al.</u>, 382 F.3d 1206 (10th Cir. 2004), and  <u>Randle et., al., v. City of Tulsa, et al.</u>, No. cv-2020-1179, Dist Ct. Tulsa County, Ok.

4.

For decades, DOTD has intentionally denied the Constitutional Rights of Plaintiffs. DOTD, in 1986, filed Expropriation (Condemnation) suits and took the business property of the Plaintiffs to build I-49. But, as of this very date, DOTD has not complied with LA-Const. Art. 1. Section 4., and R. S. 48:441 et seq., that mandate for Constitutional <u>Due Process</u> and <u>Compensation</u> to be given to L & M.

**PLAINTIFF MOVES FOR NULLITY OF THE COURT'S ORDER ISSUED ON OCTOBER 21, 2021, BASED SOLELY UPON LA-CCP. ART. 561. BUT, JUDGE LORD JESUS CHRIST HAS REVEALED THAT THAT LAW IS NOT APPLICABLE, AND THAT MAKES THE 2ND CIRCUIT'S MAY 2024 OPINION VOID FOR LACK OF SUBJECT MATTER JURISDICTION. ALSO, PLAINTIFF MOVES FOR NULLITY OF THE ORDER AS IT WAS OBTAINED AS A RESULTS OF THE PLAINTIFFS' REFUSAL TO PAY A MONEY BRIBE TO THE ATTORNEYS OF THE DOTD; AND/OR IT WAS OBTAINED BY COMMITTING FRAUD, AND/OR THROUGH OTHER ILL PRACTICES.  IN ADDITION, PLAINTIFF MOVES FOR A WRIT OF MANDAMUS TO BE ISSUED  TO PERFORM A MINISTERIAL DUIY.**

5.

After an attorney, originally filed this suit on May 11, 1990, it was later amended several times by Plaintiff in 1996, and on December 28, 1997, he filed a Third Amended Petition.  It added several Secretaries of the DOTD its employees/officers/attorneys and many others as Defendants.  It also added various state and federal claims.  The legal counsel for the past Secretaries of the DOTD refused to performed the ministerial duties of the Secretaries as outlined in R. S. 48:441 through 48:446, until first being paid a Money Bribe/Money Kickback.

6.

In March 1996, Plaintiff filed a pending related suit No. 425,690-D in the 19th JDC of East Baton Rouge Parish, Baton Rouge, Louisiana; and it was an amended in 1996, also.  Later in 1998 it was amended, and all of the same Defendants they are named in this suit were named as a Defendant in the 19th JDC file suit, as well as all of the exact same cause of actions.

7.

In September 1997, Plaintiff filed suit No. 97-cv-1266 in the Eastern U. S. District Court of New Orleans, LA, and all the Defendants added in the December 28, 1997 amended petition filed in No. 362,381 were also named a Defendant in the New Orleans Federal Suit.  It also was for all of the same causes of actions.

8.

In 2020, the Louisiana Second Circuit Court of Appeal, like the federal courts, unaware of this pending state court suit, No. 362381, seeking for the absolute nullity of all the expropriation suits.  Additionally, the 2nd Circuit was not aware that the related suits filed in the federal courts, there was no subject matter jurisdiction for the lower federal courts. However, on appeal, the 2nd Circuit without subject matter jurisdiction, issued consolidated Opinions for the four (4) pending expropriation suits.  The Court Circuit ruled in pertinent parts:

"McCALLUM, J.

In 1986, Ronald Reagan was President of the United States, Margaret Thatcher was Prime Minister of the United Kingdom, the Berlin Wall separated East Berlin from West Berlin, rotary dial telephones were still in common usage, and the State of Louisiana, through the Department of Transportation and Development, began expropriation proceedings against Larry E. Clark and his wife as the owners of three lots of land in Shreveport, Louisiana, needed for construction of I-49. President Reagan and Prime Minister Thatcher have passed away, the Berlin Wall has long since fallen, and rotary dial telephones are extinct as practical options for communication. However, the litigation born of the State's expropriation of the Clarks' property lives on."

See: <u>Louisiana Department of Transportation & Development v. Larry E. Clark, and Melvenia S. Clark</u>, 325,511; 325,512 And 328,772 1st JDC of Caddo Parish, consolidated with <u>L & M Hair Care Products, Inc., et al</u>., No. 363,679 1st JDC of Caddo Parish, 289 So.3d 226 (La.App.2nd Cir. 2020), reh'g denied, writ denied No. 2020-C-00528, 301 So.3d 1183 (La.2/28/2020), reconsideration denied, 316 So.3d 830 (La. 06/01/21). U. S. Supreme Court writ application, <u>Clark v. Louisiana Dept. Transp. And Development</u>, No. 21-5796, 2021 WL 5763357 (U. S. Dec. 6, 2021), 142 S. Ct. 622 (12-06-21), ruling: Petitioner's motion to proceed informal pauperis denied; and Petition of Cert., to the Louisiana Second Circuit, dismissed under Rule 39.8.  Petitioner's Writ Petition's Jurisdictional statement showed the U. S. Supreme Court it lacked Subject matter Jurisdiction, at that time.

**THIS CASE IS PART OF THE LONGEST RUNNING CIVIL LITIGATION INVOLVING BLACK PEOPLE IN U. S. HISTORY. THE LA DOTD THROUGH  EMINENT DOMAIN AND WITHOUT PAYING ANY MONEY TO L & M TOOK ALL THE  PROPERTY OF A BLACK HAIR CARE PRODUCTS  MANUFACTURING CORPORATION- THE BUSINESS WAS INTENTIONALLY DESTROYED BY THE  DOTD AND ITS ATTORNEYS.**

9.

Beginning on August 1, 1986, the DOTD expropriations suits filed along with this suit, and many other related filed state and federal suits will have been ongoing with litigation for Thirty-Eight (38) Years.

10.

This Ongoing Litigation Has Been Said To Be The Longest Running Civil Litigation Involving Black- Americans In U. S. History.  On May 22, 2024, It Has Been  Said That This On Litigation Could Be Considered  By The Guinness Book

of World Records As The Current Longest Running Civil Case Litigation In U. S.

History, Over Taking The Present Longest Running Civil Litigation Of, <u>Martin v.</u>

<u>Sample</u>, that began on December 14, 1972 and ended on October 4, 2010. See:

<u>Martin v. Delaware Law School University</u> No. 09-1526, 562 U. S. 948, 131 S. Ct.

180 (2010).

**For Many Decades, The Legal Section Of The Louisiana Department of Transportation & Development Along With Its Private Legal Contract Attorneys Have A Hidden Good Boy Policy In The RUNNING OF A CRIMMINAL ENTERPRISE KNOWN AS: "You Must Pay To Play" and/or "Pay A Bribe And Get Your State/Federal Constitutional Rights-Don't Pay A Bribe-And You Do Not Get Your State/ Federal Constitutional Rights"**

11.

Plaintiff will add the following person and/or entity listed below as a

Defendant and each is sued in their Official/ Employment/Private/

Personal/Individual /Business /Corporate /Capacity and as allowed by law:

| | |
|---|---|
| **(1) TERRENCE J. DONAHUE, SR.,** | **(15) Donald E. Walter** |
| **(2) CHARLES D. McBRIDE,** | (16) Roy Payne |
| **(3) ANDREW BARRY,** | (17) Ivan L. R. Lemelle |
| **(4) TERRENCE J. DONAHUE, Jr.,** | (18) John M. Wilson |
| **(5) JAMES ALCEE BROWN,** | (19) Gregory C. Weiss |
| **(6) GUS ALEXANDER FRITCHIE, III,** | (20) Stephen R. Barry |
| **(7)** Sheri L. Corales | (21) John M. Guidry |
| **(8) SARAH A. KIRKPATRICK** | (22) Louisiana Department of Transp. |
| **(9) SHAWN D. WILSON** | (23) Williams E. Davis |
| **(10)** Jerald R. Perlman; | (24) James M. Dousay |
| **(11)** Anna E. Dow; | (25) Paul R. Dry |
| **(12)** Julie Larfargue; | (26) Jay B. McCallum |
| **(13)** Judge Ramon Lafitte | (27) Sherri Lebas |
| **(14)** Judge Marcus Hunter; | (28) Johnny Bradberry |
| | (29) Liskow & Lewis |

(30) IRWIN FRITCHIE URQUHART MOORE & DANIELS, LLC
(31) Claiborne W. Brown
(32) Normand F. Pizza, 68031 Capitol Trace Row, Mandeville, LA 70741
(33) William D. Anker
(34) Joseph L. Shea, Jr.
(35) Bradley Murchison Kelly & Shea, LLC

12.

Additionally, Plaintiff will attach his Affidavit as <u>Exhibit No. 1</u> and it has attached to it various exhibits, for in support of this 2024 Petition and/or Amended and Supplemental Petition and for the originally and amended supplemental petitions, filed by adding the following Causes Of Actions As Allowed Under State And/or Federal Law, But Not Limited To:

(A) For the Relative Nullity And/or For The Absolute Nullity of Several Previously Issued Judgments/Orders Of The State District Courts And/or The State Appellate Courts;

(B) For A Writ of Mandamus To Be Issued To State Officials To Perform Their Ministerial Duty Regarding The Filing Of EXPROPRIATION SUITS In 1986 For The Taking Of Private Property In Three (3) Pending Caddo Parish Consolidated EXPROPRIATION CASES, <u>State, DOTD v. Larry E. Clark, et ux</u> ., Nos.. 325,511; 325, 512; 328,772;

(C) For The Continuation With The Legal Malpractice Claim For Damages Filed Against The Above Attorneys And Their Law Firms And Their Insurers, As A Result Of Plaintiff Entering Into A Written Contract/Agreement For Legal Services With Them;

(D) For A Claim Of Fraud/Thief And Other State And Federal Claims/Cause Of Actions Made By Other Attorneys And Their Law Firms And Insurer That Plaintiff Never Entered Into A Contract With To Obtain Their Legal Services And Never Authorized Anyone Else To Do So On For Plaintiffs;

(E) For A Claim For State And Federal Causes Of Actions Against All Of The Present Defendants And The Newly Added Defendants Into This Complaint For The Violations of Federal Civil Rights, And Federal Constitutional Rights, As Well As For Other State And Federal Violations;

(F) A Claim As A Result Of Attempted Bribery, And/or As A Result Of An Attempt To Receive An Illegal Kickback, Or A Bribe; And

(G) State And/or Federal Civil RICO Violations; For Federal Civil Rights Violations; And For All Other State and Federal Causes Of Action Allowed By Law.

**CIVIL JURISDICTION IS IN STATE COURT, NOT IN FEDERAL COURT**

13.

In 1998, this civil case was erroneously and illegally removed from this State Court to the Federal District Court in Shreveport. It shouldn't have been removed because the record confirms that in April 1996, a Civil Court Order was issued in this suit by former Trial Court Judge Ramon Emanuel III. Later, in April 1997, Judge Emanuel issued various final Civil Court Judgments. Several of the final Judgments were appealed. As a result, the LA Second Circuit issued, <u>MR. &</u>

MRS. LARRY E. CLARK AND L & M HAIR CARE PRODUCTS, INC.  v.

MANGHAM, HARDY, ROLFS, ET AL, 733 So.2d 43 (La. App. 2nd Cir.1999).

14.

The State Courts have always been the Civil Courts with Subject Matter

Jurisdiction for the many related state and federal suits filed because, in addition to

various judgments issued in this suit sub judice, many other State Courts' Civil

Judgments have also been issued.

15.

In the State Trial Court on August 1, 1986 judgments were issued allowing

the following pending  absolutely void Expropriation suits to be filed: Louisiana

Department of Transportation & Development v. Larry E. Clark, and Melvenia S.

Clark, 325,511; 325,512 And 328,772 1st JDC of Caddo Parish, 548 So.2d 365

(La.App.2nd Cir.1989).   Then, in 1996, other State Court Judgments were issued in

the related pending State Court suit, Larry E. Clark, President, L & M Hair Care

Products, Inc., et al., v. Frank Denton, Secretary of the Louisiana Department of

Transportation, et al., No.425,690-D.  All of the State Courts Suits and Federal

Courts Suits Are A Continuation of the originally filed 1986 consolidated

expropriation suits. Therefore, only the State Courts have always had subject

matter jurisdiction.

16.

Lower Federal Courts have no subject matter jurisdiction in a case where a

state court civil judgment has been issued.  Therefore, all the federal court's rulings

issued while this suit was at a lower federal district courts are of no effect.

17.

The Federal Barrow Rule and The Federal Rooker-Feldman Doctrine deny

lower federal courts from having subject matter jurisdiction in all matters when a

prior state court civil judgment/order has been rendered.

18.

The U. S. Supreme Court is the only federal court that has subject matter

jurisdiction in such civil state court cases.  In a latest related federal district court

suit filed against the DOTD, some of its officials and/or attorneys are named as

Defendants; and the suit was dismissed for lack of subject matter jurisdiction.

See, *Clark v. Edwards*, No. 21-177, 2022 WL 193741, at *7 (M.D. La. Jan. 3,

2022), where in pertinent part the Magistrate Judge ruled:

**"1. Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction [and] possess only that power
authorized by Constitution and statute, which is not to be expanded by judicial
decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)
(citations omitted). "Without subjectmatter jurisdiction, a federal court simply has
no authority to decide the case." *Pidgeon v. Parker*, 46 F.Supp.3d 692, 697 (S.D.
Tex. Aug. 28, 2014). "[F]ederal courts are duty-bound to examine the basis of
subject matter jurisdiction sua sponte, even on appeal." *Union Planters Bank Nat.
Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

As discussed below, the *Rooker-Feldman* Doctrine and Eleventh Amendment
immunity precludes the exercise of subject matter jurisdiction in this action. To the
extent this Court is not deprived of subject-matter jurisdiction, however, it can
properly exercise federal question jurisdiction over Clark's claims, which are
purportedly brought under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1343.
Accordingly, the Court need not determine whether the exercise of diversity
jurisdiction under 28 U.S.C. § 1332 is warranted.

The DOTD Defendants appear to argue that the Court should determine whether it
can exercise diversity jurisdiction because the *Rooker-Feldman* doctrine, if
applicable, would only bar an exercise of federal question jurisdiction. (R. Doc.
13-1 at 8-10). But the *Rooker-Feldman* doctrine, to the extent applicable, bars the
exercise of diversity jurisdiction as well. *See Morris v. Wells Fargo Bank*, 677 Fed.
App'x 955, 957 (5th Cir. 2017) (vacating the district court's dismissal and ordering
the district court to remand action removed on the basis of diversity jurisdiction in
light of application of the *Rooker-Feldman* doctrine).

**2. The *Rooker-Feldman* Doctrine**

"[F]ederal district courts, as courts of original jurisdiction, lack appellate
jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v.
Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citing *Liedtke v. State Bar of Tex.*, 18
F.3d 315, 317 (5th Cir. 1994)). Specifically, the *Rooker-Feldman* doctrine bars
federal district courts from "modify[ing] or revers[ing] state court
judgments." *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013).
This is called the *Rooker-Feldman* doctrine after the cases that first recognized
it: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-17 (1923), and *D.C. Court of
Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

The *Rooker-Feldman* doctrine is narrow and "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In determining whether *Rooker-Feldman* applies, a court must carefully evaluate what it is asked to review and reject. *Truong*, 717 F.3d at 382 (citing *Exxon Mobil*, 544 U.S. at 284). The court lacks jurisdiction only when the plaintiff "seeks relief that directly attacks the validity of an existing state court judgment, " *Weaver v. Texas Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011), or the plaintiff's federal claims "are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Illinois Central Railroad Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012).

Here, Clark specifically references final state court judgments as "absolutely void" in light of his theories of conspiracy and systemic racism. (R. Doc. 1 at 23). Clark contests the validity of various final adverse state court judgments and seeks "prospective" injunctive relief precluding enforcement of those judgments and appellate court decisions affirming those judgments. (R. Doc. 1 at 205-208). In short, Clark is attempting to collaterally attack final adverse state court judgments to nullify their res judicata effect on subsequent rulings.

This relief is "inextricably intertwined" with the various underlying state court judgments because it calls on this Court to review the final state court decisions and conclude that they are void and inapplicable. Various state and federal court decisions have found that the original three 1986 consolidated expropriation cases and the 1990 action by L & M resulted in final judgments, including the terms of the Joint Stipulated Agreement, are subject to res judicata. Years prior to the filing of this action, the Western District of Louisiana observed that Clark was "attacking, as null, judgments which dismissed nullity attacks upon prior judgments." *Clark*, No. 98-1753, ECF No. 65, at *5. The instant lawsuit is more of the same.

Tellingly, Clark alleges in his Complaint that the Western District of Louisiana lacked subject matter jurisdiction to issue judgments in federal court under the *Rooker-Feldman* doctrine in the removed action, *Clark*, No. 98-1753, (W.D. La.) (R. Doc. 1 at 186-187). That action raised federal claims strikingly similar to those found in this action.

......................................................................................................

### 3. Eleventh Amendment Immunity

Clark's claims brought against state officials acting in their official capacities are also barred in light of the immunity provided by the Eleventh Amendment to the U.S. Constitution.

The Eleventh Amendment bars a state from being sued in federal court by its own citizens, citizens of other states, or foreign nations. U.S. Const. Amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996); *Cox v. City of Dallas*, 256 F.3d 281, 307 (5th Cir. 2001) (citing *Bd. of Trs. Of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)). "When a state agency is named the defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Cozzo v. Tangipahoa Parish Council--President Government*, 279 F.3d 273, 281 (5th Cir. 2002). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Parker v. Louisiana Dep't of Pub. Safety*

& *Corr.*, No. 18-1030, 2020 WL 4353564, at *8 (M.D. La. July 29, 2020)
(citing *Howlett v. Rose*, 496 U.S. 356, 365, (1990); *Will v. Michigan Dep't of State
Police*, 491 U.S. 58, 71 (1989)) ("Obviously, state officials literally are persons. But a
suit against a state official in his or her official capacity is not a suit against the
official, but rather is a suit against the official's office. As such, it is no different from
a suit against the State itself.").

The State of Louisiana has not waived its immunity from suit in federal
court. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.
1999) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)); La. R.S. § 13:5106(a).
Under the *Ex Parte Young* doctrine, however, "a litigant may sue a state official in his
official capacity if the suit seeks prospective relief to redress an ongoing violation of
federal law." *Williams on Behalf of J.E. v. Reeves*, 954 F.3d 729, 735-36 (5th Cir.
2020) (citing *Ex parte Young*, 209 U.S. 123 (1908)). This exception "rests on a legal
fiction, the premise that a state official is not the State for sovereign-immunity
purposes when a federal court commands [him or her] to do nothing more than refrain
from violating federal law." *Id.* at 168. (citations omitted). For a suit to proceed under
this doctrine, it must be a suit seeking declaratory or injunctive relief and: "(1) be
brought against state officers who are acting in their official capacities; (2) seek
prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not
state, law." *Id.* (citing *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir.
2015). This is true, even where an injunction may have "an ancillary effect on the
state treasury." *Quern v. Jordan*, 440 U.S. 332, 337 (1979).

There is no dispute that Clark is seeking relief from state officials acting in their
official capacities with respect to alleged violations of federal law. (R. Doc. 1 at 1).
As discussed above, the Court cannot exercise subject matter jurisdiction over these
claims under the *Rooker-Feldman* doctrine because they are "inextricably
intertwined" with the underlying state court proceedings that Clark asserts are void.
While Clark purports to seek prospective relief to redress "ongoing" conduct,
however, it is clear that the only ongoing conduct is Clark's continued filing of
lawsuits to collaterally attack final judgments. The portion of Interstate 49 at issue
was constructed years ago and the underlying expropriation proceedings, as well as
their progeny, have been fully adjudicated. In short, the relief sought is not properly
characterized as injunctive because it is premised on retrospective relief - the undoing
of years of litigation pertaining to the expropriation proceedings and the Joint
Stipulated Agreement.

The Court concludes that the defendants, who are all sued in the official capacities,
are entitled to Eleventh Amendment immunity. *See Price v. Irons*, No. 19-11451,
2020 WL 1638376, at *3 (E.D. La. Apr. 2, 2020) ("A suit such . . . against a Louisiana
state court judge in his or her official capacity is a suit against a state official and
barred by the Eleventh Amendment."); *Riley v. Off. of Alcohol & Tobacco Control of
Louisiana Dep't of Revenue*, No. CV 18-6984, 2019 WL 277268, at *2-3 (E.D. La.
Jan. 22, 2019) ("[C]laims against . . . Governor John Bel Edwards are effectively
claims against the State of Louisiana" and subject to "Eleventh Amendment
immunity."); *Robertson v. Louisiana*, No. 17-00138, 2018 WL 1077303, at *4 (M.D.
La. Feb. 26, 2018) ("[T]he DOTD is an arm of the State of Louisiana and is thus
entitled to Eleventh Amendment immunity."). The *Ex Parte Young* doctrine does not
bar a finding of Eleventh Amendment immunity because Clark does not seek
prospective relief to redress ongoing conduct; rather, Clark seeks this Court to
improperly exercise its authority by finding various final judgments to be void."

19.

In this case sub judice, the record confirms that based upon the related New Orleans Louisiana Federal District Court's Judgments issued in <u>Clark v. Land, et al.</u>, No, cv97-1266, 1998 WL 1999360, No, 98-30597 189 F.3d 467 (U. S. 5th Cir. 1999) and 252 F.3d 434 (U. S. 5th Cir. 2001), Judge Roy Brun issued the following Judgments against Plaintiff (ATTACHED EXHIBITS_____):

(1) On April 3, 2000 an Interlocutory , non-appealable- non-final Judgment granting an exception of res judicata in favor of defendants, **Brook, Pizza, & Van Loon, L.L.P., Jack Pierce Brook and Normand L. Pizza**;

(2) on March 20, 2000 an Interlocutory, non-appealable- non-final Judgment granting an exception of res judicata in favor of **Anna E. Dow**; and

(3) on March 21, 2000, issued an Interlocutory, non-appealable- non-final Judgment granting an exception of res judicata in favor of the **Louisiana Department of Transportation And Development, its Secretary, Administrator, Attorneys, Employees, and Agents**.

14.

In the New Orleans 1997 filed Federal District Court suit, No.97-1266, the DOTD and its officials, agents, employees, and attorneys, was granted a motion for dismissal under the 11th Amendment of the U. S, Constitution Immunity from being sued in federal court.

15.

Also, in Plaintiff's New Orleans 1997 filed Federal District Court suit, No.97-1266, all the Legal Malpractice Defendants and their Insurer as well as all of the other private attorneys and their law firms, Judgments were issued granting them an exception of res judicata based several 1997 Judgments issued in this suit 362,381. However, the federal court was not aware that the Judgments were not final because of this state court suit was still pending; and that the federal court had no subject jurisdiction because the federal suit was a continuation of this state court suit; the 1986 filed consolidated expropriation suits and many more earlier filed related state court suits.

16.

In <u>Anslave v. State Farm Mut</u>. 669 So.2d 1328 (La.App.4[th] Cir. 1996), the Appellate Court ruled that res judicata cannot be granted based upon a federal

11

judgment where the federal court had no subject matter jurisdiction, when the federal judgment was issued.

17.

Then, for this suit sub judice, in regards to Defendants; Louisiana Department of Transportation And Development, its Secretary, Administrator, Attorneys, Employees, and its Agents, in a very recent Opinion issued by LA Second Circuit, <u>MR. & MRS. LARRY E.CLARK AND L & M HAIR CARE PRODUCTS, INC. v. MANGHAM, HARDY, ROLFS, ET AL</u>, 362 So.3d 1053 (La. App. 2nd Cir.2023), Judge Marcus writing for the Court ruled in pertinent part:

"Plaintiff contends the trial court erred in denying his motion for new trial and in not issuing a writ of mandamus to the secretary of DOTD. Regarding this assignment, we note DOTD is not a party to the action before this court on appeal, which involves the dismissal of plaintiff's action as abandoned. In addition, the current matter does not involve any issues related to expropriation. Consequently, we shall not address the issues of mandamus or expropriation raised by plaintiff in this assignment.

Plaintiff also asserts the trial court erred in denying a new trial. Having reached the conclusion the trial court's dismissal of plaintiff's action as abandoned is consistent with the applicable law, we find no basis for a new trial. Thus, this assignment of error lacks merit.

CONCLUSION  For the foregoing reasons, the trial court's judgment is affirmed…"

18.

However, the record clearly shows that in this case, Judge Brun in 2000 issued an Interlocutory Judgment in the DOTD's favor.  Also, as a result of Judge Brun issuing the three Interlocutory Judgments in 2000, the only remaining defendants in this suit, were Defendants: Attorney Robert L. Ledoux and his law firm Mangham Hardy Rolfs & Abadie, and their Insurer, Attorneys Liability Assurance Society LTD.  On May 1, 2000, they filed an exception of res judicata and Judge Roy Brun taken the exception under advisement and he has never issued a Judgment for the exception.

19.

Decades later, while the exception of res judicata is still under advisement, the Defendants that filed the May 1, 2000 exception of re judicata on October 6,

12

2021 filed a motion requesting an Order for the dismissal of this suit without prejudice under CCP. Art. 561.

20.

The October 2021 filed motion for dismissal alleged that the Plaintiffs had failed to prosecute this suit, mainly as a result that the Defendants were not served with a copy of Plaintiff's discovery request he filed into the record on February 28, 2003. Trial Court Judge Ramon Lafitte agreed and on October 21, 2021 he issued an Order of Dismissal Without Prejudice under CCP. Art. 561.

21.

Plaintiff timely appealed the Trial Court's Order of dismissal, and the Louisiana Second Circuit Court of Appeal on May 23, 2023 issued Opinion Number 55,073-CA, affirming the dismissal based solely upon that Plaintiff had not served the Legal Malpractice Defendants with a copy of his February 2003 discovery document.

22.

Plaintiff filed a timely writ application with the Louisiana Supreme Court and on November 8, 2023 the application was denied. Mr. & Mrs. Larry E. Clark et al., v. Mangham, Hardy Rolfs, Abadie, et al, No. 2023-C-01028, 373 So.3d 61 (2023), reconsideration was denied on January 24, 2024.

## NULLITY OF A JUDGMENT FOR A CASE PREVIOUSLY APPEALED

23.

In Meldean's, Inc. v. Rivers, No. 8591, 410 So.2d 837 (La. App. 3Cir. 2/3/82), the Court held in pertinent part:

"When an action has already been disposed of on appeal, as here, La. C.C.P. Art. 2005 establishes the exclusive grounds available to a litigant in a subsequent nullity."

24.

Louisiana C.C.P. Art. 2005 provides in pertinent part:

13

"A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court."

<div align="center">25.</div>

Then, Louisiana C.C.P. Art. 2002 provides:

"Art. 2002. Annulment for vices of form; time for action
    A. A final judgment shall be annulled if it is rendered:
    (1) Against an incompetent person not represented as required by law.
    (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken.
    (3) By a court which does not have jurisdiction over the subject matter of the suit.
    B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time."

<div align="center">26.</div>

In addition, Louisiana C.C.P. Art. 2004 provides:

"Art. 2004.  Annulment for vices of substance; peremption of action
    A. A final judgment obtained by fraud or ill practices may be annulled.
    B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
    C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

<div align="center">27.</div>

The Louisiana Supreme Court in <u>Belle Pass Terminal Inc., v. Jolin Inc.</u>, 800

So.2d 762 (La.2001), made a ruling about judgments obtained by fraud or ill

practices:

"According to La.Code Civ. P. art. 2004, any final judgment obtained by fraud or ill practices may be annulled. However, the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. <u>*Kem Search v. Sheffield,* 434 So.2d 1067 (La.1983)</u>. It is imperative that courts review a petition for nullity closely as an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. The purpose of an action for nullity is to prevent injustice which cannot be corrected through new trials and appeals. <u>*Gladstone v. American Auto. Ass'n, Inc.,* 419 So.2d 1219, 1222 (La.1982),…)</u>."

28.

In <u>Miller v. Brown, et al.</u>, 813 So.2d 365 (La. App. 1st Cir. 2002), the Court addressed when a nullity action can brought in an case has been previously been on appeal. The Court ruled that that even though the ground for nullity appeared in the record, but as long as the appellate court did not consider the ground for nullity an action for nullity could still be sought.

29.

**IN JANUARY 2024, PLAINTIFF UNCOVERED THAT FORMER TRIAL COURT JUDGE ROY BRUN HAS NEVER ISSUED A JUDGMENT DENYING OR GRANTING THE EXCEPTION OF RES JUDICATA FILED ON MAY 1, 2000 ON BEHALF OF REMAINING LEGAL MALPRACTICE DEFENDANTS: ROBERT L. LEDOUX AND HIS LAW FIRM MANGHAM, HARDY, ROLFS & ABADIE AND THEIR INSURUER ATTORNEYS LIABILTY ASSURANCE; THAT WAS CONSIDERED SUBMITED AND TAKEN UNDER ADVISEMENT 20 DAYS AFTER NOVEMBER 13, 2000.**

30.

**ON NOVEMBER 13, 2000 FORMER TRIAL COURT JUDGE ROY BRUN HELD A HEARING AND ORAL ARGUMENTS WERE PRESNTED ON THE MAY 1, 2000 FILED EXCEPTION OF RESJUICATA AND AFTERWARDS PLAINTIFF WAS GIVEN 20 DAYS TO OBTAIN NEW COUNSEL TO FILE A MEMORANDUM SHOWING THE COURT WHY THE EXCEPTION OF RES JUDICATA SHOULD NOT BE GRANTED AND AFTER 20 DAYS THE CASE WOULD BE CONSIDERED SUBMITTED AND TAKEN UNDER ADVISEMENT.**

31.

This case remains under advisement at the trial court and Jurisdiction continues to remains at the Trial Court until a Judgment is issued denying or

granting the remaining Defendants' May 1, 2000 filed Exception of Res Judicata.

32.

THE OPINION, <u>CLARK, ET, AL v.  MANGHAM, ET. AL.,</u> NO. 55,073,

362 So. 3d 1053 (La.App.2nd Cir. 2023) ISSUED  ON MAY 24, 2024 BY THE

LOUISIANA SECOND CIRCUIT COURT OF APEAL, AND THE COURT DID:

(1) NOT CONSIDER THAT JUDGE ROY BRUN ON NOVEMBER 13, 2000 RULED THAT AFTER 20 DAYS THE CASE WOULD BE CONSIDERED SUBMITTED TO AND TAKEN UNDER ADVISEMENT REGARDING THE MAY 1, 2000 FILED  EXCEPTION OF RES JUDICATA; AND THE DID NOT CONSIDER THAT NO JUDGMENT HAS EVER BEEN ISSUED;

(2) NOT CONSIDER THAT FORMER TRIAL JUDGE ROY BRUN ORALLY RULED IN COURT ON NOVEMBER 13, 2000 TO GRANT DOTD'S MOTION FILED TO  RESCIND PLAINTIFF'S RIGHT TO PROCEED INFORMA PAUPERIS AND HE ORDERED THE CLERK OF COURT TO NOT ACCEPT PLAINTIFF'S FILINGS WITHOUT FEES BEING PAID;

(3)  NOT CONSIDER THAT JUDGE ROY BRUN HAD INSTRUCTED PLAINTIFF ON FEBRUARY 28, 2003 TO FILE INTO THE RECORD A COPY OF HIS PREVIOUSLY SERVED MARCH 07, 2001 DISCOVERY REQUEST AND THAT JUDGE ROY BRUN WOULD CONSIDER THE FEBRUARY 28, 2003 FILING INTO THE RECORD AS A REQUEST FOR JUDGE ROY BRUN TO HAVE A STATUS/ SCHEDULING/PRETRIAL CONFERENCE  WITH JUDGE BRUN AND THE PARTIES.

33.

Additionally, in the 2024 issued Appellate Court's Opinion, it did:

(4) NOT CONSIDER THAT PLAINTIFF HAD NEVER BEFORE FILED A COPY OD HIS DISCOVERY REQUEST INTO THE COURT RECORD BECAUSE HE NEVER DESIRED FOR HIS DISCOVERY REQUEST TO BE CONSIDERED BY THE COURT AS A MOTION FOR THE COURT TO SET A DATE TO HOLD A STATUS/ SCHEDULING/PRETRIAL CONFERENCE TO BE HELD WITH THE JUDGE AND THE PARTIES;

(5) NOT CONSIDER THAT PLAINTIFF ON JULY 2023 DID SERVE THE DEFENDANTS WITH A COPYOF HIS PREVIOUSLY FILED COPY OF HIS FEBRUARY 2003 DISCOVERY REQUEST/PRETRIAL CONFERENCE REQUEST  FOR THE COURT TO SET A DATE FOR  A SCHEDULING/PRETRIAL CONFERENCE TO BE HELD WITH THE JUDGE AND THE PARTIES; AND

(6) NOT CONSIDER THAT SINCE THE CASE WAS STILL UNDER ADVISEMENT AT THE TRIAL COURT REGARDING THE MAY 1, 2000 FILED EXCEPTION OF RES JUDICATA AND THEREFORE ART.

561 WAS NOT APPLICABLE THAT THEN THE APPELLATE COURT
WAS WITHOUT SUBJECT MATTER JURISDICTION OF THE APPEAL

34.

LA-CCP. Articles 2005 and 2004 allow Plaintiff the right to bring a nullity

cause of action for the Trial Court's October 21, 2021 Order and/or for nullity of

the 2024 Opinion of the Court of Appeals based upon all of the above the grounds.

35.

The record clearly confirmed that Judge Brun issued a Judgment on every

motion and/or exception filed into the record by the parties but the Judge has never

issued a Judgment for the remaining Legal Malpractice Defendants and their

Insurer Exception of Res Judicata filed on May 1, 2000.

36.

That the Louisiana Fourth Circuit Fourth Circuit Court of Appeals in

Joseph v. Wasserman, 194 So.3d 720 (La.App.4th Cir. 2016), ruled in pertinent part

regarding abandonment law LSA-CCP. Art. 561, and when a case had been taken

under advisement:

"" we point out that this provision is inapplicable even where no judgment has
been rendered and the matter was only *submitted* for rendition of
judgment. *See Lopez v. Southern Natural Gas Co.,* 287 So.2d 211, 212 (La.App.
4th Cir.1973). There, the plaintiffs prosecuted their action "up to the point at which
the court was placed in a position to render judgment." *Id.* We importantly
concluded that, despite the passage of more than five years, the delay was "not
chargeable" to the plaintiffs. *Id.* at 213. *See also Bryant v. Travelers Insurance
Co.,* 288 So.2d 606, 609 (La.1974) ("Inasmuch as this case was submitted and
taken under advisement by the trial judge in September 1965, delays thereafter are
not chargeable to any failure on the part of plaintiffs to take a step in the
prosecution of their lawsuit."); *Succession of Moody,* 306 So.2d 869, 873 (La. App.
1st Cir.1974) ("Where a case has been submitted to the court for decision, Article
561 of the Code of Civil Procedure is inapplicable to either party to the action,
because the delay is attributable to the court rather than the parties."). These
decisions have their own genesis in a hundred-year-old statement by the Supreme
Court in *Barton v. Burbank,* to which we will turn in the next Part. 138 La. 997, 71
So. 134 (1916)."

37.

The Louisiana Supreme Court in the abandonment case of, Burton v.

Burbanks, 138 La. 997 (1916), the Court ruled in pertinent part:

"But, we are of opinion that, having submitted their case to the judge, they should not be held responsible for his delay in the discharge of his duty; the idea of the statute being merely to hold a plaintiff responsible for delay attributable to his nonaction in and failure to prosecute his suit up to the point at which the court is placed in a position to render judgment."

38.

The Louisiana Second Circuit in <u>Washington v. Harvey,</u> 124 So.2d 240

(La.App.2nd Cir. 1960), made a ruling regarding abandonment of the case and

ruled in pertinent part;

"Nor does the statute create a conclusive legal presumption of an intention to abandon a suit so as to deprive a plaintiff from showing that his failure to prosecute his action was caused by circumstances beyond his control. <u>Bell v. Staring,</u> <u>La.App., 170 So. 502, 503.</u> In this connection, the court stated:

"This provision of the Code does not create a conclusive legal presumption of the intention of a plaintiff to abandon his suit by a failure to take any action therein for five years. Nor does it deprive the plaintiff from showing that the failure to prosecute the 244*244 suit was caused by circumstances beyond his control or by reason of a situation for which he is not responsible.

The failure to prosecute the suit must be attributable to the failure or neglect of the plaintiff to take some action in court whereby the case would be hastened to a final judgment. If, for instance, in the present case, the trial judge who took under advisement the motion to elect on February 17, 1930, had made no decision on that motion and had thus prevented plaintiffs from going forward with their suit for a period of more than five years, the delay would have been attributable to the judge and not to plaintiffs. <u>Barton v. Burbank, 138 La. 997, 71 So. 134.</u> * * * * *"

39.

In <u>Johnson v. Calcasieu Parish Sheriff's Department, et al.,</u> 951 So.2d 496

(La.App.3rd Cir. 2007), the Third Circuit made a ruling regarding abandonment and

it ruled:

"Abandonment of an action is a species of liberative prescription. <u>*Melancon v.*</u> <u>*Cont'l Cas. Co.,*</u> 307 So.2d 308 (La.1975). Given the prescriptive nature of the action, our jurisprudence has long recognized that, where the cause of the failure to pursue a claim is due to matters beyond a plaintiff's control, the prescriptive period does not run. <u>*Barton v. Burbank,*</u> 138 La. 997, 71 So. 134 (1916); <u>*Bell v.*</u> <u>*Staring,*</u> 170 So. 502 (La.App. 1 Cir.1936). In that regard, our courts have specifically found that the doctrine of contra non valentem applies when failure to prosecute is caused by circumstances beyond the plaintiff's control. <u>*Clark v. State*</u> <u>*Farm Mut. Auto. Ins. Co.,*</u> 00-3010 (La.5/15/01), 785 So.2d 779."

40.

Then LA-CCP. Articles 2005 and 2002 allow, Plaintiff the right to bring an

absolutely nullity cause of action for the May 23, 2024 Opinion issued by the Louisiana Court of Appeal, based upon the Appellate Court's lack of subject matter jurisdiction.

40.

Although the Opinion does address the Appellate Court's lack of subject matter jurisdiction but not based upon the ground that Trial Court Judge Roy Brun in November 2000 had taken this case under advisement regarding whether to grant or deny the only remaining Legal Malpractice Defendants and their Insurer an Exception of Res Judicata. It is clear that the Trial Court has not, as of this present date, issued a Judgment on the Exception. Therefore, it remains under advisement.

41.

In regards to the absolute nullity of the May 23, 2024 Opinion of the Louisiana Second Court of Appeal issued for this case, the Louisiana Supreme Court in Tracy v. Dufrene, 121, So.2d 843 (La.1960), the Court ruled in pertinent part:

"Being of the opinion that the trial judge erred in finding that a district court is powerless to declare the nullity of a judgment rendered by this Court on appeal, we direct our attention to defendants' contention that the district court for the Parish of St. Charles is without authority, in view of Article 608 of the Code of Practice, to declare the absolute nullity of a judgment rendered by the district court for the Parish of Orleans. Article 608 provides:

"The nullity of judgment may be demanded from the same court which has rendered the same, or from the court of appeal before which the appeal from such judgment was taken, pursuant to the provisions hereafter expressed."

Although the quoted provision appears to be explicit, it has been modified by the jurisprudence. For instance, there are many cases which hold that a defendant may plead as a defense in any court the absolute nullity of any judgment sought to be executed against him. Alter v. Pickett, 24 La.Ann. 513; Edwards v. Whited, 29 La.Ann. 647; Andrews v. Sheehy, 122 La. 464, 47 So. 771."

**EVENTS LEADING UP TO JUDGE ROY BRUN TAKING THIS CASE UNDER ADVISEMENT AND JUDGE RAMON LAFITTE ISSUING THE OCTOBER 21, 2021 ORDER OF DISMISSAL WITHOUT PREJUDICE**

42.

This suit sub judice, was originally filed on May 11, 1990 by license Attorney J. R. Ransdell Keene on behalf of the three Plaintiffs herein.  It was filed for legal malpractice, only against Attorney Robert L. Ledoux and his law firm, Mangham, Hardy, Rolfs, And Abadie.

43.

Attorney Ledoux and his law firm were retained in 1986 to represent Plaintiffs in the 1986 Caddo Parish consolidated expropriation suits filed against Mr. & Mrs. Larry E. Clark. See, Louisiana Department of Transportation & Development v. Larry E. Clark, and Melvenia S. Clark, 325,511; 325,512 And 328,772 1st JDC of Caddo Parish, 548 So.2d 365 (La.App.2nd Cir. 1989).

44.

Years later after the filing this suit sub judice, on April 14, 1996 a Joint Motion was filed by Attorney J. R. Keene and Larry E. Clark, requesting for Attorney J. R. Keene to be allowed to withdraw as the attorney of record for the Plaintiffs, and for Larry E. Clark to be allowed to proceed Pro se as the attorney of record for all the named Plaintiffs.

45.

At the time of the filing of the Joint Motion, the presiding Judge was Judge Ramon Immanuel, III granted the Joint Motion and on April 14, 1996 an Order was issued allowing  Larry E. Clark to proceed, Pro Se, on behalf of all of the Plaintiffs.

46.

After Attorney Keene withdrew, Plaintiff filed a First Amended Petition and therein Attorney, Anna E. Dow, and her law firm as Defendants: BROOK, MORIAL, CASSIBRY, FRACHIE & PIZZA, ANNA E. DOW, were added as Defendants.

47.

In regards to Plaintiff First Amended Petition various motions and/or exceptions were filed by the original Defendants and by the added Defendants.

Judge Emanuel issued an Order setting a hearing for the Defendants' responses.

48.

Several days before the hearing was to be held in regards to Plaintiff First Amended Petition, Plaintiff filed a Second Amended And Supplemental Petition alleging that Plaintiff had never retained legal services from Defendants: BROOK, MORIAL, CASSIBRY, FRACHIE & PIZZA, ANNA E. DOW; that he never authorized anyone else to retain their legal services on behalf of Plaintiff; and that Plaintiff never entered into a contact with these added Defendants and they had committed FRAUD against Plaintiff.

49.

On December 18, 1996, Judge Emanuel held oral arguments for the various motions and exceptions filed in response to the First Amended Petition; and at the hearing the Judge ruled to allow Plaintiff to file his Second Amended Petition but it would not be considered at the hearing. Afterwards, the ruled to take the matters under advisement.

50.

That while Judge Emanuel had the matter was under advisement, around February 1997, former Judge Charles R. Scott, became the new presiding Judge for this suit.

51.

Before Judge Charles R. Scott, became the presiding Judge for this suit #362,381, Judge Scott had been the presiding Judge for the Expropriation cases: (1) For the three (3) filed 1986 consolidated expropriation cases, <u>Louisiana Department Of Transportation & Development v. Larry E. Clark and Melvenia S. Clark</u>, 1st JDC Nos. 325,511; 325,512 And 328,772; and (2) For a 1990 filed Expropriation Case, <u>L & M Hair Care Products, Inc.,et al v. State of Louisiana, Department of Transportation & Development</u>, First Judicial District Court of Caddo Parish #363,679.

52.

That Judge Charles R. Scott as the presiding Judge in expropriation

suit #363,679, and on February 4, 1997, the Judge without personal jurisdiction and without subject matter jurisdiction issued a Judgment of dismissal with prejudice against Larry E. Clark and L & M Hair Care Products, Inc.; and the Judgment denied Plaintiff and L & M Hair Care Products, Inc.(hereafter L & M) many of their state and federal rights as a result of the Expropriation of their property.

53.

That after Judge Charles R. Scott became the presiding Judge in this suit Plaintiff on February 10, 1997, filed into this suit #362,381 a motion for the recusal of Judge Charles R. Scott.

54.

At the time, the motion for recusal of Judge Scott was filed, Plaintiff was in the process of preparing his federal suit to be file in New Orleans federal Court against Judge Scott and the defendants in this suit No. 362381.

55.

Plaintiff's New Orleans Federal suit was to address the attempts to obtain a Money Bribe and/or a Money Kick Back from Plaintiff and/or from L & M in order to receive their rights to compensation. The action and inactions of Judge Scott and the Contract Attorneys, Mr. Bertrand and Mr. Soileau whom represented the Louisiana Department of Transportation & Development, such actions that led to Judge Scott issuing the February 4, 1997 Judgment that dismissed With Prejudice the Expropriation suit filed on behalf of L & M Hair Care Products, Inc. Expropriation suit #363,679.

56.

Contract Attorneys, Mr. Bertrand and Mr. Soileau whom represented the Louisiana Department of Transportation & Development had informed Plaintiff that for at least $200,000.00, Expropriation suit 363,679 that had been filed on behalf of L & M by Attorney Randell Keene would be allowed to proceed as an Expropriation case but it the $200,000,00 was not paid then it would argued that the suit No. 363,679 would be argued to be an **APPROPRIATION CASE.**

57.

Also the Contract Attorneys, Mr. Bertrand and Mr. Soileau whom represented the Louisiana Department of Transportation & Development had informed Plaintiff that for at least $200,000.00, they would not argue in L & M's Exproriation suit 363,679 that L & M was a party to the 1987 "JOINT STIPULATION" filed into the three (3) filed 1986 consolidated expropriation cases, Louisiana Department Of Transportation & Development v. Larry E. Clark and Melvenia S. Clark, 1st JDC Nos. 325,511; 325,512 And 328,772.

58.

Plaintiff and L & M refused to pay the DOTD'S PRIVATE CONTRACT ATTORNEYS request for $200,000.00, in BRIBE MONEY AND/OR KICK BACK MONEY in exchange for them so say that L & M's suit No. 363,679 was an Expropriation Case and for L & M not to be considered a party in the 1987 "JOINT STIPULATION" filed into the three (3) filed 1986 consolidated expropriation cases, Louisiana Department Of Transportation & Development v. Larry E. Clark and Melvenia S. Clark, 1st JDC Nos. 325,511; 325,512 And 328,772.

59.

That also on February 10, 1997, in addition to the recusal motion for Judge Scott, Plaintiff also filed into this suit #362,381 a, "REQUEST FOR NOTICE OF SIGNING OF JUDGEMENTS, SETTING OF TRIALS, ETC".

60.

That in response to Plaintiff's motion for the recusal of Judge Charles R. Scott, Ms. Sarah A. Kirkpatrick, counsel of record for Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer, Attorney Liability Assurance Society Ltd., filed a motion to strike and for sanctions to be issued Larry Clark for the filing of the motion requesting the

23

recusal of Judge Charles R. Scott.

61.

That the motion for the recusal of Judge Charles R. Scott was assigned to Trial Court Judge Frank Thaxton, III. for a decision to be issued.

62.

That around April 8, 1997 Larry E. Clark received in U. S. Mail, a copy of a letter from Trial Court Judge Frank E. Thaxton concerning a hearing to be held on April 8, 1997.

63.

That Larry E. Clark was never served in accordance with Louisiana's Long Arm Statute with a copy of an Order setting a hearing for his recusal motion; never received a copy Motion to strike and for sanctions in accordance with Louisiana's Long Arm Statute filed by Sarah A. Kirkpatrick, and he never received a copy of a Court's Order setting a hearing date for the Motion to Strike.

64.

That later, former presiding Judge Emanuel III., as a result of the hearing that he had held in December 1996 and had taken under advisement, on April 17, 1997, he issued Judgment granting exceptions of no cause of action based upon the newly enacted legal malpractice prescription law LA-R. S. 9:5605 for Legal Malpractice Defendants: Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza; and Anna E. Dow.

65.

That in the same April 17, 1997 Judgment issued by Judge Emanuel, he denied an oral motion made in the December 1996 held hearing requesting the dismissal of suit No. 326,381 on behalf of Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd.

66.

That also on April 17, 1997, former presiding Trial Court Judge Emanuel, III, also  issued a separate Judgment that denied Larry E. Clark request for a default Judgment to be issued against Defendants: Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza.

67.

That on April 21, 1997, a hearing was held by Trial Court Judge Frank E. Thaxton, III, and with Sarah A. Kirkpatrick on Larry E. Clark's  motion filed for the recusal of Judge Scott and her motion filed to strike and for sanctions.

68.

That at the April 21, 1997 hearing Larry E. Clark was not present because he had  not been provided with Notice in accordance with the Louisiana Long Arm Statute regarding none of the matters set for hearing to be held.

69.

That on April 23, 1997, Trial Court Judge Frank E. Thaxton, III, as a result of court's hearings held on April 21, 1997 an Order was issued against Larry E. Clark, awarding Sanctions in the amount of around $2, 000.00, to counsel of record **for Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs  & Abadie, and their insurer Attorney Liability Assurance Society Ltd.;** and the Order denied Larry Clark's motion filed requesting for the recusal of Judge Charles R. Scott.

70.

That on May 12, 1997, presiding Trial Court Judge, Charles R. Scott issued an "ORDER"  granting Larry E. Clark's Petition filed to appeal the two April 17, 1997 Judgments issued by former presiding Judge Emanuel for suit #362,381.

71.

That while the appeal was pending at the Louisiana Second Circuit Court of Appeals, Larry Clark in April 1997 filed a complaint in the Eastern U. S. District

Court of Louisiana, New Orleans Division, for federal civil rights violations and

state law violations and made as defendants were all of the defendants named in

pending Caddo Parish suit #362,381, and also named as defendants were the

Louisiana Department of Transportation & Development, its

employees/agents/officers, and others. Also included was Trial Judge Charles R.

Scott.

<p style="text-align:center">72.</p>

That also while the appeal was pending at the Louisiana Second Circuit

Court of Appeals, and with no Answer having been filed in this suit, on December

28, 1997, Larry E. Clark filed a Third Amended Petition and he added various

Defendants: GEORGE B. LAND, ROBERT G. GRAVES, PAUL RAY DRY,

JAMES M. DOUSAY, FALCON A. MORGAN, THOMAS A STEPHEN,

BURNIE L. MALONE, RONALD J. BERTRAND,  H. DAVID GULLETTE,

KEATS EVERETTE, NEIL WAGONER, FRANK DENTON, NORMAN L.

SCISSON, CHARLES R. SCOTT, EDWARD A. MICHEL. JUDE W. P. PATIN,

LAWRENCE A DURANT, ROGER L. BURFORD,  E. B. NOBLES, EUGENE

E. CHIARULLI, JR., LOUISIANA DEPARTMENT OF TRANSPORTATION &

DEVELOPMENT.

<p style="text-align:center">73.</p>

Plaintiff's Third Amended Petition various paragraphs provide in pertinent

parts:

"26A. In 1986 Defendant, Keats Everette, and B. Dan Crooks, both appraisers for
the State, DOTD appeared on Plaintiff's property to perform appraisals for the
State. Plaintiff informed these two appraisers that Plaintiff's property was being
leased to L & M Hair Care Products, Inc., therefore they should prepare an
appraisal that included L & M's leasehold rights. These two appraisers told
Plaintiff that the State, DOTD Knew about L & M's lease, but they were instructed
by the State to prepared only an appraisal for Plaintiff as property owner. They also
told Plaintiff that if the State paid money to L & M for its lease then Plaintiff
would be paid twice and the State, DOTD would never pay a color person twice,
corporation or no corporation.
..................................................................................................

26

36. A Joint Stipulation by Professional Defendant, Ronald R. Bertrand and Defendant, Robert L. Ledoux, filed on December 28, 1987 in the suits #325,511, #325,512 and #328,772 styled as State of Louisiana Department of Transportation & Development vs. Larry E. & Melvenia S. Clark. The stipulation was prepared to deny Larry E. Clark and L & M Hair Care Products, Inc., their constitutional rights. The 1 0 17 • Stipulation was signed without the approval of Mr. & Mrs. Larry E. Clark or L 8c M Hair Care Products, Inc. However, it was illegally signed for Mr. & Mrs. Larry E. Clark by Defendant, Robert L. Ledoux and the law firm of Mangham, Hardy, Rolfs & Abadie. A statement was also made in the stipulation to try to bind Plaintiff, L & M Hair Care Products, Inc., in an effort to deny Plaintiff, L & M its constitutional rights. Again L & M was not a party to the suits or the stipulation. 36A. The joint stipulation mentioned in paragraph #36, was prepared and filed by Defendant Bertrand in hi private/individual capacities as it pertains L & M Hair Care Products, Inc., because L & M was not a party to the suits filed against Plaintiff Defendant Bertrand added L & M to the stipulation during the conspiracy to deprive and hinder Plaintiff and L & M from receiving their the Federal and States Constitutional rights. 36B. An Appeal filed in 1988 in the suits entitled State, DOTD v. CLARK,

"102. A scheduling order for Plaintiff's and L & M Hair Care Products, Inc's suit against LDOTD suit #363, 679, filed in State Court Caddo issued by Defendant, Judge Charles R. Scott setting the trial for February 3, 1997 on the issue of the replacement amount for Plaintiff L & M Hair Care Products, Inc. Defendant, Judge refiised to let Plaintiff Larry E. Clark participate in the scheduling order, 28 35 2: even though Plaintiff, Larry E. Clark had been given an interest in the case and was rI Cr enrolled in proper person.

103. A judgment issued by Defendant, Charles R. Scott in suit #363, 679 denying Plaintiff L & M Hair Care Products, Inc., the right to dismiss without prejudice the one issue on the replacement cost amount, until after the Second Circuit Court of' appeal could review Defendant, Judge Scott's ruling that all of L & M's other claims had been compromised by Defendant, Robert L. Ledoux and Defendant Ronald J. Bertrand.

103A. The setting of the trial on the merits in suit #363, 679 by Defendant Judge Charles R. Scott for Plaintiff's and L & M Hair Care Products, Inc's suit against LDOTD without giving Plaintiff and L & M Notice and/or Due Process of the setting of the trial.

104. A judgment issued by Defendant, Judge Charles R. Scott on February 4, 1997, dismissing Plaintiff's and L & M Hair Care Products, Inc.'s suit on the merits of the denying them compensation, and when they had been denied notice and/or due process of the trial setting. 104A. Defendant Judge Charles R. Scott violated Louisiana C.C.P. 1571 (1), and Local Court Rules numbers 9, 10, 11 and 12 by setting Plaintiff's and L& M's case for trial on the merits without giving the notice and/or due process of the trial setting and thereby dismissing their case with prejudice and thereby continuing the conspiracy to deny Plaintiff and L & M their federal constitutional rights. 104B."

104C. Defendants Robert L. Ledoux, Mangham, Hardy, Rolfs & Abadie committed FRAUD against Plaintiff and L & M Hair Care Products, Inc., by entering into a joint stipulation with LDOTD in the suit entitled STATE, DOTD v. CLARK #325, 511, 325, 512, 328, 772 consolidated, the stipulation waived some

of Plaintiff's and L & M Hair Care Products, Inc's rights. The stipulation was entered into without Plaintiff and L & M knowledge and without their approval, and as a result these Defendants committed FRAUD.

104D. An opinion issued by the Second Circuit Court of Appeal on August 23, 1989 in the suit entitled STATE, DOTD v. Clark, cite as 548 So. 2d 365 (La. App. So.2d 2Cir. 1989), writ denied, 552 So. 2d 395 (La.1989). It was from this opinion that Plaintiff learned that the stipulation had been entered into by the Defendants. Plaintiff then filed his Original Petition on May 11, 1990.

104E. Defendants Anna E. Dow and Brook, Modal, Cassibry, Frachie & Pizza also committed Fraud against Plaintiff These Defendants withdrew $19,164. 95 of Plaintiff money out of the First Judicial District Court's registry without Plaintiff approval. These Defendants also prepared filed a motion and an affidavit stating that Plaintiff had entered into a contingency fee contract with them. Plaintiff never entered into a contingency contract with these Defendants and neither did Plaintiff authorize anyone else to do so, and as a result these Defendants committed Fraud against Plaintiff by withdrawing Plaintiff's money from the registry of the court regarding Plaintiff's expropriation case and by the filing of the motion to support the same.

*****************************************************************

**IN 1998 THIS CASE #362,381 WAS ILLEGALLY REMOVED FROM THIS COURT TO THE U. S. DISTRICT COURT IN SHREVEPORT, HOWEVER THE FEDERAL COURT HAD NO SUBECT MATTER JURISDICTION UNDER THE FEDERAL BARROW RULE AND UNDER THE ROOKER-FELDMAN DOCTINE-THEREFORE, FEDERAL'S RULINGS MADE WHILE THE CASE WAS IN FEDERAL COURT ARE OF NO EFFECTS**

74.

That after Larry E. Clark's December 28, 1997 Third Amended Petition filed was served, counsel of record Attorney Sarah A. Kirkpatrick on behalf of Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., and counsel for the Louisiana Department of Transportation & Development filed a joint motion, for the removal of Caddo Parish suit #362,381 from the state court to the U. S. District Court, W. D. of Louisiana, Shreveport Division and the case in federal court was #CV98-0217.

75.

That while parts of this suit sub judice #362,381, was pending on appeal at the Louisiana Second Circuit Court of Appeal, and the other parts were removed to

the Shreveport U.S. District Court, on November 5, 1998, the Shreveport U.S. District Court, in CV98-0217 issued a Judgment that dismissed all federal civil rights Claims filed against all Defendants and dismissed all state and federal claims against Judge Charles R. Scott and the Judgment remanded all state law claims back to this state court.

<div align="center">76.</div>

After the Shreveport Federal Court had issued an Order remanding this case back to this state court, in February 1999, the Louisiana Second Circuit Court of Appeals issued an Opinion for this case sub judice, No., 30,471-CA, 733 So.2d 43 (La.App.2nd Cir 1999) for Appellant's May 1997 filed appeal for this suit #362,381, as to Plaintiff's First Amended Petition, affirming the granting of the exceptions of no cause of action based upon legal malpractice preemption law, **LA-R.S. 9:5605. The exception of no cause of action was** filed on behalf of Attorneys and Defendants: Anna E. Dow and her law firm Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza, and only in regards to Plaintiff's First Amended Petition.

<div align="center">77.</div>

Afterwards, Trial Court Judge Roy R. Brun became the new presiding Trial Court Judge for this suit, No. 362,381, and Plaintiff filed several pleadings and various Defendants begin to file exceptions and/or motions for dismissal .

<div align="center">78.</div>

That on September 20, 1999 a, "MOTION TO STRIKE AND FOR SANCTIONS" with an attached memorandum in support of it was filed into suit #362,381 by Attorney Sarah A. Kirkpatrick on the behalf of Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd.

<div align="center">79.</div>

That Judge Trial Roy Brun set the September 20, 1999, "MOTION TO

STRIKE AND FOR SANCTIONS" for a hearing to be held on October 25, 1999;

80.

That on October 4, 1999, filed into this suit #362,381, on behalf of

Defendants: Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza,

an exception of res judicata based upon a previously issued Judgment issued in the

federal suit <u>Larry E. Clark v. George B. Land, et al.</u>, Civ. No. 97-1266, filed by

Larry E. Clark, Pro se in April 1997 and/or in September 1997, in the U. S. District

Court, Eastern District of New Orleans, LA.  Judge Roy L Brun set the exception

of res judicata to be heard on October 25, 1999.

81.

That on October 8, 1999, an "EX PARTE MOTION TO EXAMINE

JUDGMENT DEBTOR" with an attached memorandum in support of it was filed

into suit #362,381 by Attorney Sarah A. Kirkpatrick on the behalf of Defendants:

Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs  & Abadie, and

their insurer Attorney Liability Assurance Society Ltd., regarding the April 23,

1999 Sanction Judgment issued by Judge Thaxton, III, against Larry E. Clark.

Judge Roy L. Brun set the "EX PARTE MOTION TO  EXAMINE JUDGMENT

DEBTOR" to be heard on October 25, 1999.

82.

That on October 20, 1999, Larry E. Clark filed into suit #362,381 a motion

with an attach memorandum in support of entitled:

**"MOTION TO STAY PROCEEDINGS, FOR
PEREMPTION EXCEPTION OF RES JUDICATA MOTION TO
DECLARE FEDERAL RES JUICATA  UNCONSTITUTIONAL IF
GRANTED TO DEFENDANTS REGARDING ANY JUDGMENTS AND/OR
ORDERS FROM SUIT #1266 FILED IN THE U.S. DISTRICT COURT,
NEW ORLEANS, LOUISIANA AND/OR OPINIONS BY THE U. S. FIFTH
CIRCUIT COURT OF APPEALS AND MOTION TO DECLARE LA-R.S.
9:5605 UNCONSTITUTIONAL."**

83.

That on November 12, 1999, Attorney Sarah A. Kirkpatrick filed an

Affidavit into the suit regarding the fact that Larry E. Clark had not accepted,

through the long arm statue her motion to strike and ex parte motion to examine

judgment debtor filed on the behalf of Defendants: Attorney Robert L. Ledoux, his

law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability

Assurance Society Ltd.

84.

That on November 15, 1999 into suit #362,381, Plaintiff filed a:

**"RULE TO SHOW CAUSE MOTION TO STAY PROCEEDINGS, FOR PEREMPTORY EXCEPTION OF RES JUDICATA, MOTION TO DECLARE FEDERAL RES JUDICATA UNCONSTITUTIONAL IF GRANTED TO DEFENANTS REGARDING ANY JUDGMENTS AND/OR ORDERS FROM SUIT #1266 FILED INU.S. DISTRICT COURT, NEW ORLEANS, LOUISIANA, AND MOTION TO DECLARE LA-R.S. 9:5605 UNCONSTITUTIONAL IF APPLIED".**

85.

That on November 16, 1999, presiding Trial Court Judge Roy L. Brun

issued an Order setting a hearing to be held on January 3, 2000 for the:

**"RULE TO SHOW CAUSE MOTION TO STAY PROCEEDINGS, FOR PEREMPTORY EXCEPTION OF RES JUDICATA, MOTION TO DECLARE FEDERAL RES JUDICATA UNCONSTITUTIOINAL IF GRANTED TO DEFENANTS REGARDING ANY JUDGMENTS AND/OR ORDERS FROM SUIT #1266 FILED IN U.S. DISTRICT COURT, NEW ORLEANS, LOUISIANA AND/OR OPINIONS BY THE U.S. FIFTH CIRCUIT COURT OF APPEAL, AND MOTION TO DECLARE LA-R.S. 9:5605 UNCONSTITUTIONAL IF APPLIED".**

86.

That the Order issued on November 16, 1999, by Judge Roy L. Brun setting

a hearing to be held on January 3, 2000, it also ordered that a hearing would be

held on January 3, 2000, it also provided that the hearing would include all other

pending Rules.

87.

That on November 17, 2000, presiding Trial Court Judge Roy Brum issued

an Order setting a hearing to be held on January 3, 2000 for the September 20,

1999 filed "MOTION TO STRIKE AND FOR SANCTIONS" filed into suit #362,381 by Attorney Sarah A. Kirkpatrick on the behalf of Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd.

88.

That on November 29, 1999, counsel of record on behalf of Defendants: Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza, filed a "RULE TO SHOW AND ALTERNATIVE MOTION TO STRIKE PLAINTIFF'S FOURTH AND FITH AMENDED PETITION FOR FAILURE TO COMPLY WITH SIGNATURE REQUREMENTS".

89.

That Trial Judge Roy Brum set the Defendants' November 29, 1999 filed "RULE TO SHOW AND ALTERNATIVE MOTION TO STRIKE PLAINTIFF'S FOURTH AND FIFTH AMENDED PETITION FOR FAILURE TO COMPLY WITH SIGNATURE REQUREMENTS" to be heard on January 3, 2000.

90.

That also on November 29, 1999, counsel of record on behalf of Defendants: Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza, filed a "MOTION TO SUPPLEMENT RECORD ON THE EXCEPTION OF RES JUDICATA WITH ADDITIONAL EXHIBITS".

91.

That Trial Judge Roy Brum set the "MOTION TO SUPPLEMENT RECORD ON THE EXCEPTION OF RES JUDICATA WITH ADDITIONAL EXHIBITS," filed on behalf of Defendants: Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza, to also be heard on January 3, 2000.

92.

That on December 10, 1999, An "ALTERNATIVE EXCEPTION OF

PRESCRIPTIOIN" was filed into suit #362,381, on behalf of the Defendant

JAMES M. DOUSAY.

93.

That Trial Judge Roy Brun set a hearing for the "ALTERNATIVE

EXCEPTION OF PRESCRIPTIOIN" to be held on January 3, 2000;

94.

That on December 29, 1999 counsel of record on behalf of the Defendant,

Anna Dow filed, a "MOTION TO STRIKEPLAINTIFF'S FOURTH AND FIFTH

AMENDED PETITION AND PEREMPTORY EXCEPTION OF RES

JUDICATA AND MOTTION FOR SANCTIONS" based upon a previously issued

Judgment in the federal suit Larry E. Clark v. George B. Land, et al., Civ. No. 97-

1266, filed by Larry E. Clark, Pro se in April 1997 and/or in September 1997, in

the U. S. District Court, Eastern District of New Orleans, LA.

95.

That also into this suit on December 29, 1999 counsel of record on behalf

of Defendant, Anna Dow filed a, "MEMORANDUM IN SUPPORT OF MOTION

TOSTRIKEPLAINTIFF'S FOURTH AND FIFTH AMENDED [ETITION AND

PEREMPTORY EXCEPTION OF RES JUDICATA AND MOTTION FOR

SANCTIONS" based upon a previously issued Judgment in the federal suit Larry

E. Clark v. George B. Land, et al., Civ. No. 97-1266, filed by Larry E. Clark, Pro

se in April 1997 and/or in September 1997, in the U. S. District Court, Eastern

District of New Orleans, LA.

96.

Then two (2) "AFFIDAVITS" were filed into the record of this suit

#362,381, on December 30, 1999, by SARAH A. KIRKPATRICK, counsel of

record for Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy,

Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd.,

confirming that she had served Larry E. Clark in accordance with the Louisiana's

Long Arm Statute, her Motion to Strike, an Ex Parte Debtor Judgment

Examination Motion, along with the Court's Order setting both matters to be heard

on January 3, 2000.

97.

That on January 3, 2000, Larry E. Clark filed an "AFFIDAVIT" into

the record of suit #362, 381 giving the Court, and all the Parties That He Had

A Notice served on U. S. Attorney General Janet Reno that he had requested

for the state court to declare the federal law on res judicata unconstitutional.

98.

Plaintiff wanted the federal law on res judicata to be declared

unconstitutional because if the federal law on res judicata was applied against

Plaintiff based upon the Federal Judgments issued by the New Orleans

Federal District Court, it would divest Plaintiff right acquired in this pending

state court suit and as a result the federal judgments would be operating in an

unconstitutional manner, because this Caddo Parish suit was filed and

pending before the New Orleans Federal Suit was filed and before Louisiana's

new law for legal malpractice became into effect.

99.

That also, on January 3, 2000, an "EXCEPTION OF NO CAUSE OF

ACTION AND ALTERNATIVE EXCEPTION OF PRESCRIPTION" was filed

into suit #362,381 by counsel or record on behalf of the Louisiana Department of

Transportation And Development, and its attorneys, employees/officials and/or its

contractors/agents: Paul Ray Dry, Edward A. Michel, Frank Denton, Lawrence A.

Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand &

Soileau, H. David Guillette, Keats Everett, Roger L. Burford, and Eugene E.

34

Chiarulli.

<div align="center">100.</div>

That on January 25, 2000, Larry E. Clark filed into this suit #362,381 a "REQUEST FOR WRITTEN REASONS ON ALL JUDGMENT TO BE ISSUED IN THIS CASE".

<div align="center">101.</div>

That on February 15, 2000, counsel of record on behalf of the following Defendants: Louisiana Department of Transportation And Development, Paul Ray Dry, Edward A Michel, Frank Denton, Lawrence A. Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David Guillette, Keats Everett, Roger L. Burford, and Eugene E. Chiarulli, filed an exception of res judicata based upon a previously issued Judgment in the federal suit <u>Larry E. Clark v. George B. Land, et al.</u>, Civ. No. 97-1266, filed by Larry E. Clark, Pro se, in April 1997 and/or in September 1997, in the U. S. District Court, Eastern District of New Orleans, LA.

<div align="center">102.</div>

That on March 1, 2000, Larry E. Clark filed into this suit #362,381 a "MOTION WITH ORDER TO DELARE JUDGMENTS ABSOLUTELY," and Judge Brun signed the Order setting a hearing for March 13, 2000;

<div align="center">103.</div>

That also on March 1, 2000, Larry E. Clark filed into this suit, a: "MOTION/RULE TO SHOW CAUSE FOR AN ORDER REQUESTING THE COURT TO APPLY LOUISIANA REVISED STATUE 13:4231 (1) TO THIS CASE AND MOTION TO REURGE THE EXCEPTION OF RES JUDICATA ORALLY GRANTED TO BROOK, PIZZA & VAN LOON, LLP., AND THE EXCEPTION OF NO CAUSE OF ACTION AND/OR RES JUDICATA, PRESCRIPTION ORALLY GRANTED TO MR. DOUSAY," along with a Memorandum In Support of it, and Judge Brun set a hearing for it to

35

be held on March 13, 2000.

<div align="center">104.</div>

That on March 13, 2000 a hearing was held for various matters, and Judge

Brun orally made the following rulings at the hearing:

"EXCEPTIONS OF NO CAUSE OF ACTION, PRESCRIPTION AND RES
JUDICATA FILED BY DEFEDANT ARGUED SUBMITTED AND GRANTED.
MOTION TO DECLARE JUDGMENT VOID FILED BY PLAINTIFF AND
RULE FILED BY PLAINTIFF CALLED FOR ARGUMENT, EVIDENCE
ADDUCED, CLOSED, ARGUED, SUBMITTED AND DENIED.  MOTION
FOR RE JUDICATA FILED BY ANNA DOW ARGUED, SUBMITTED AND
GRANTED.

<div align="center">105.</div>

That since Judge Brun in open court on March 13, 2000, orally ruled to

grant exceptions of res judicata to various defendants, and since Larry E. Clark

desired to immediately file an appeal on Judge Roy Brun's rulings, he forwarded to

the Clerk of Court, a letter dated May 6, 2000, along with three(3) proposed

Judgments to be filed and signed by Judge Brun.

<div align="center">106.</div>

That on April 10, 2000, the Clerk of Court filed into the record of suit

#363,381 the three proposed Judgments that Larry E. Clark had forwarded to be

filed and presented to Judge Brun for his signature;

<div align="center">107.</div>

That once the three proposed Judgments of Larry E. Clark were

presented to Judge Brun to be signed, Judge Brun refused to sign the three

Judgments, and he issued a Note to the Clerk of Court directing the Clerk of

Court to return each of the three Judgments to Larry E. Clark, stating that

the Judgments did not confirm to his rulings, and the three Judgments were

returned back to Larry E. Clark.

<div align="center">108.</div>

That Larry E. Clark, later uncovered that the following three (3) Judgments

had been signed by Judge Brun and filed but Larry E. Clark  had not been provided

36

notice, although he had filed a request for notice on February 19, 1997:

(1) on March 17, 2000 the Trial Judge signed a Judgment and it was filed into record on March 20, 2000, sustaining an exception of res judicata on behalf of Defendant Anna Dow;

(2) a Judgment issued on March 22, 2000, and filed on March 21, 2000 sustaining an exception of res judicata filed on February 15, 2000 in suit #362,381 on behalf of the Defendants: Louisiana Department of Transportation And Development, Paul Ray Dry, Edward A. Michel, Frank Denton, Lawrence A. Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David Guillette, Keats Everett, Roger L. Burford, and Eugene E. Chiarulli; and

(3) on April 3, 2000, a Judgment granting the exception of res judicata that was filed October 4, 1999, on behalf of Defendants: Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza.

109.

That although Judge Brun issued three written Judgments against Larry E. Clark and in favor of various Defendant as a result of his oral ruling made at the hearing held on March 13, 2000, Judge Brun did not include in the neither of Judgments, nor did Judge Brun issue a separate Judgment for his oral rulings also made in court at the hearing held on March 13, 2000 regarding Larry E. Clark pending:

"MOTION TO DECLARE JUDGMENT VOID FILED BY PLAINTIFF AND RULE FILED BY PLAINTIFF CALLED FOR ARGUMENT, EVIDENCE ADDUCED, CLOSED, ARGUED, SUBMITTED AND DENIED" .

110.

That after Larry Clark had uncovered that Judge Brun had previously issued three Judgments against him as a result of the March 13, 2000 held hearing, he on April 13, 2000, forwarded to the Clerk of Court for filing a:

"PETITION FOR APPEAL," WITH AN ATTACHED ORDER TO BE

SIGNED BY JUDGE ROY BRUN FOR THE MARCH 20, 2000

JUDGMENT; THE MARCH 21, 2000 JUDGMENT; AND THE APRIL 3,

2000 JUDGMENT GRAINTED AN EXCEPTION OF RES JUDICATA TO

THE VARIOUS DEFENDANTS.

37

111.

That the Clerk of Court filed the "PETITION FOR APPEAL," WITH AN ATTACHED ORDER TO BE SIGNED BY JUDGE ROY BRUN, but the Judge refused to sign the attached Order granting the appeal, and the Judge directed the Caddo Parish Clerk of Court to return to Larry E. Clark his April 13, 2000 filed "PETITION FOR APPEAL," stating there is no final Judgment, as the case is not yet appealable.

112.

**That later on May 1, 2000, an "EXCEPTION OF RES JUDICATA AND NO RIGHT OF ACTION" was filed by SARAH A. KIRKPATRICK, on behalf of Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., along with "MEMORANDUM IN SUPPORT OF EXCEPTION OF RES JUDICATA, AND NO RIGHT OF ACTION," also based upon a Federal Judgment issued by the New Orleans Federal District Court.**

113.

**That the May 1, 2000 filed "EXCEPTION OF RES JUDICATA AND NO RIGHT OF ACTION" had an attached a "RULE TO SHOW CAUSE," with an Order, and Judge Roy Brun signed the Order setting a hearing to be held on May 15, 2000 for the May 1, 2000 filed exception of res judicata.**

114.

**That on May 9, 2000, SARAH A. KIRK PATRICK filed her Affidavit into the record stating that she had served Larry E. Clark on May 3, 2000 in accordance with the Louisiana Long Arm Statute with a copy of the May 1, 2000, "EXCEPTION OF RES JUDICATA AND NO RIGHT OF ACTION," along with the "RULE TO SHOW CAUSE," and Judge Roy Brun had signed Order setting a hearing to be held on May 15, 2000.**

115.

**THAT LARRY E. CLARK IN RESPONSE TO THE MAY 1, 2000**

**FILED EXCEPTION OF RES JUDICATA, HE FILED ON MAY 9, 2000 A**

**"MEMORANDUM IN OPPOSITION TO THE EXCEPTION OF RES**

**JUDICATA AND NO CAUSE OF ACTION," AND IT HAD ATTACHED**

**VARIOUS DOCUMENTS FILED IN THE STATE COURT SUIT AND IN**

**THE FEDERAL NEW ORLEANS, LOUISIANA DISTRICT COURT SUIT.**

116.

**That a hearing was held on May 15, 2000 for the May 1, 2000**

**"EXCEPTION OF RES JUDICATA AND NO RIGHT OF ACTION," Larry**

**E. Clark and counsel of record for the Defendants appeared and court,**

**submitted evidence and presented oral arguments.**

117.

At the May 15, 2000 held hearing Larry E. Clark **he also informed the**

**Court that he had earlier filed several documents in opposition, and that the**

**following opposition documents were presently pending before the court and**

**none of them had been ruled upon:**

(1) An October 20, 1999 filed motion entitled:

**"MOTION TO STAY PROCEEDINGS, FOR**
**PEREMPTION EXCEPTION OF RES JUDICATA MOTION TO**
**DECLARE FEDERAL RES JUICATA UNCONSTITUTIONAL IF**
**GRANTED TO DEFENDANTS REGARDING ANY JUDGMENTS AND/OR**
**ORDERS FROM SUIT #1266 FILED IN THE U.S. DISTRICT COURT,**
**NEW ORLEANS, LOUISIANA AND/OR OPINIONS BY THE U. S. FIFTH**
**CIRCUIT COURT OF APPEALS AND MOTION TO DECLARE LA-R.S.**
**9:5605 UNCONSTITUTIONAL,"**

(2) a November 15, 1999 filed document entitled:

**"RULE TO SHOW CAUSE MOTION TO STAY PROCEEDINGS,**
**FOR PEREMPTORY EXCEPTION OF RES JUDICATA, MOTION TO**
**DECLARE FEDERAL RES JUDICATA UNCONSTITUTIONAL IF**
**GRANTED TO DEFENANTS REGARDING ANY JUDGMENTS AND/OR**
**ORDERS FROM SUIT #1266 FILED INU.S. DISTRICT COURT, NEW**

ORLEANS, LOUISIANA, AND MOTION TO DECLARE LA-R.S. 9:5605
UNCONSTITUTIONAL IF APPLIED,";

(3) January 3, 2000 filed:

**"AFFIDAVIT" into the record of suit #362, 381, giving the Court and the Parties Notice that he had served U. S. Attorney General Janet Reno with Notice that he had requested for the state court to declare the federal law on res judicata unconstitutional because if applied in this case it would deny the federal rights of Larry E. Clark; And**

(4) January 25, 2000 filed:

**"REQUEST FOR WRITTEN REASONS ON ALL JUDGMENTS TO BE ISSUED IN THIS CASE" And**

(5) May 9, 2000 filed:

**"MEMORANDUM IN OPPOSITION TO THE MAY 1, 2000 EXCEPTION OF RES JUDICATA AND NO CAUSE OF ACTION," AND IT HAS ATTACHED VARIOUS DOCUMENTS FILED IN THIS STATE COURT SUIT AND IN THE FEDERAL SUIT FILED IN NEW ORLEANS, LOUISIANA.**

118.

That also in court on May 15, 2000, also pending before the court, was the Louisiana Department of Transportation And Development and its employees' motion seeking $100,000.00 in Sanctions to be issued against Larry E. Clark for his filings made in the various state and federal courts, against them. Plaintiff informed the court that he was not prepared to argued the Sanctions Motion and he made an oral motion requesting the court for a continuance in order that he be allowed to retain counsel for the sanctions motion, and a continuance was granted.

119.

That after the court had granted a continuance regarding the State Defendants' Sanctions Motion, Judge Roy Brun also ruled to continue the hearing on the May 1, 2000 filed exception of res judicata, also to allow for Plaintiff's future retained attorney an opportunity to make a filing and/or an argument on the May 1, 2000 filed exception of res judicata. Therefore, Judge Brun issued a

minute entry stating the following:

**"REGULARLY TAKEN UP ON RULE FOR SANCTIONS, PLAINTIFF PRESENT IN PROPER PERSON, ORAL MOTION FOR CONTINUANCE MADE BY PLAINTIFF SUBMITTED AND GRANTED. THE COURT ORDERED RULE AND EXCEPTIONS CONTINUED TO JUNE 19, 2000.**

120.

That Plaintiff, later retained the legal services of Mr. Bezou, a Louisiana license attorney, and he enrolled as counsel of record for Larry E. Clark in June 2000.

121.

That after Attorney Bezou was retained by Plaintiff and had enrolled, immediately, two attorneys, Mr. Perlman and Mr. Bertrand on behalf of Defendants: State of Louisiana Department of Transportation And Development and its attorneys, officials and others, began to communicate by phone and letters with Attorney Bezou.

122.

That Mr. Perlman and Mr. Bertrand, in their communication with attorney Bezou they begin to pressure Attorney Bezou to have Plaintiff to dismiss with prejudice all of his personal pending state federal suits, and not to file an appeal on the previously issued Judgments by Judge Brun. The two attorneys also wanted all of the pending state and federal suits of L & M Hair Care Products, Inc., to be dismissed with prejudice.

123.

Attorneys Mr. Perlman and Mr. Bertrand, informed Mr. Bezou that Judge Roy Brun on March 20, 2000; March 22, 2000 and on April 3, 2000, issued Judgments granting exceptions of res judicata on behalf of Defendants: Anna Dow; Brook, Pizza & Van Loon, L.L.P., Jack Pierce and Normand L. Pizza; and Louisiana Department of Transportation, Paul Ray Dry, Edward A. Michel, Frank Denton, Lawrence A. Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E.

41

Soileau, Bertrand & Soileau, H. David Guillette, Keats Everett, Roger L. Burford, and Eugene E. Chiarulli; based upon Judgments issued by the Federal District Court in New Orleans, Louisiana.

<div align="center">124.</div>

Attorneys, Mr. Perlman and Mr. Bertrand also informed Mr. Bezou that Judge Roy Brun had held a hearing on May 15, 2000 for the May 1, 2000 filed exception of re judicata, filed on behalf of **Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., and their exception of res judicata was also** based upon Judgments issued by the Federal District Court in New Orleans, Louisiana; and that Trial Judge Roy Brun had orally ruled to continue arguments for it in a hearing to be held on June 19, 2000, as well as for their pending motion requesting $100,000.00 in Sanctions to be issued against Larry E. Clark for filings made in state and federal court against the State Defendants.

<div align="center">125.</div>

That as a result of the communication that Plaintiff's attorney, Mr. Bezou had had with Attorneys Mr. Perlman and Mr. Bertrand, Attorney Bezou advised Plaintiff he was of the opinion that New Orleans Federal Court had correctly issued Judgments in favor of all the Defendants and he believed that Judge Brun would grant the May 1, 2000 filed exception of res judicata. Around August 1, 2000, Plaintiff received a letter from Attorney Bezou, along with a copy of a letter, dated July 25, 2000 that Mr. Bezou had received from Attorney Jerald L. Perlman concerning a letter written by Mr. Bertand and it stated in pertinent part:

"Dear Mr. Bezou: In accordance with your recent telephone conversations with Ron Bertrand, enclosed please find documents for execution by you and Mr. Clark. Please have them signed and return them to me for further disposition. Advise Mr. Clark that if I have not received the signed documents within 30 days of the date of this letter, the State of Louisiana will resume its sanctions efforts against him….."

126.

That around August 7, 2000, Larry E. Clark received a letter from the LAW

OFFICES of BEZOU & MATTHEWS dated August 3, 2000 and it provided in

part:

"Dear Mr. Clark:  Enclosed herewith, please find a letter and enclosure from Mr.
Perlman that is self-explanatory. I have tabbed places for you to execute the
documents as indicated.  Frankly, after speaking with Mr. Perlman and Mr.
Bertrand, and reviewing the documents that you provided to me, it is my opinion
that you should execute these documents forthwith.   Moreover, regarding the
stipulation that is the "heart" of your legal malpractice claim, it is my
understanding that there was a hearing concerning that stipulation, and that the
Judge found that the stipulation was proper.  If that is the case, it is my opinion that
you have no cause of action against those lawyers….."

127.

That enclosed with Attorney Bezou's August 3, 2000 letter, were four (4)

original copies of separate motions/compromise agreements that had been prepared

by Mr. Ronald Bertrand, and/or by Mr. Jerald Perryman; and after the  documents

had been filed they were to be filed into the following pending suits:

(1) Caddo Parish State Court Suit # 362, 381;
(2) Caddo Parish State Court Suit #429,240;
(3) Suit #cv98-1753 filed in the Shreveport-Division Of The U. S. District Court;

and

(4) Clark v. George B. Land, et., al., #97-1266, on appeal at the U. S. Fifth Circuit.

128.

That each of the original prepared motions/compromise agreements were to

be signed by Larry E. Clark and by Attorney Jacques F. Bezou, and returned to Mr.

Jerald Perryman for the dismissal with prejudice of each of the pending cases of

Larry E. Clark and that of L & M Hair Care Products, Inc.

129.

That there were three (3) separate original copies requested to be signed by

Larry E. Clark and Attorney Mr. Bezou that consisted of four (4) pages, entitled:

"COMPROMISE AGREEMENT PURSUANT TO LOUISIANA CIVIL CODE

43

ARTICLES 3071."   In regards to this suit <u>Mr. & Mrs. Larry E. Clark</u>

<u>And L & M Hair Care Products, Inc., v. Mangham, Hardy, Rolfs & Abadie, et al.</u>,

No. 362,381, and in pertinent parts the document provided:

"This Compromise Agreement is entered into by and between the following appears pursuant to Louisiana Civil Code Article 3071.  This Compromise Agreement is intended to put an end to existing lawsuits between the appears and to prevent further lawsuits the appears and to prevent further lawsuits dealing with the same or related matters.  The parties to this Agreement are:

LARRY E. CLARK, SSN_____, appear herein Individually and as duly authorized representative/assignee of L & M Hair Care Products, Inc.;

AND

STATE OF LOUISIAN, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT; past and present employee of the Department of Transportation & Development, including but not limited to, James M. Dousay, Paul R. Dry, Edward A.Michel, Frank Denton, Lawrence A. Durant, Bernie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David Gullette, Keats Everett, Roger L. Burford and Eugene Chiarulli, Jr.

Since August 1, 1986, the appears have been involved in the following litigation which has dealt with the expropriation of property owned by Larry and Melvenia Clark by the Louisiana Department of Transportation & Development, attempts by L & M Hair Care Products, Inc. to obtain compensation arising out of the said expropriation, and attempts by both Clark and L & M Hair Care Products, Inc. to obtain compensation/damages for events which have arisen since August 1, 1986 in the handling of the various litigation.

1. State of Louisiana, DOTS v. Larry Clark, Et Ux; 1st Judicial District Court for the Parish of Caddo, State of Louisiana, Docket #325,511, consolidated with Docket #325,512, consolidated with #328,772.
2. L&M Hair Care Products, Inc. v. State of Louisiana, DOTD; 1st Judicial District Court for Caddo Parish, State of Louisiana; Docket #363,679.
3. Larry Clark and L & M Hair Care Products, Inc.  v. Louisiana DOTD, Frank Denton and James Dousay; 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana; Docket #425,690.
4. Larry Clark and L & M Hair Care Products, Inc. v.  Frederico Pena, Rodney Salter, Frank Denton and James Dousay; United States District Court for the Western District of Louisiana; Docket #CV96-1360.
5. Larry E. Clark  v.  George B. Land, Et Al; United States District Court for the Eastern District of Louisiana; civil Action #98-0217.
6. Larry Clark, Et Ux and L & M Hair Care Products, Inc, v. Mangham, Hardy, Rolfs and Abadie, Et Al; 1st Judicial District Court for Caddo Parish, State of Louisiana; Docket #362,381;  and United States District Court for the Western District of Louisiana, Civil Action #98-0217.
7. Larry E. Clark and L & M Hair Care Products, Inc.  v.  State of Louisiana, Department  of Transportation & Development; 1st Judicial District Court for Caddo Parish, State of Louisiana; Docket #429,240; and United States

District Court for the Western District of Louisiana; Civil Action #CV98-1753.

Appearers agree that the cases listed above under numbers 1, 2, 4 and 6 have been reduced to final judgment between the appearers and all appeals have been exhausted.  Appearers further agree that there is still some actions pending between them in the suits listed above under 3, 5 and 7.  In furtherance of this compromise Agreement, Larry E. Clark. Individually and as duly authorized representative/assignee of L & M Hair Care Products, Inc., hereby agrees to dismiss with prejudice the claims set out in the lawsuits listed above under numbers 3, and 5 and 7.  Clark further authorizes his attorneys in this lawsuit, Jacques F. Bezou and Robert B. Matthews, to enroll as counsel of record in these 3 lawsuits and to sign motioins for dismissal in them on behalf of Clark and L & M Hair Care Products, Inc.....................................................................................
.................................................................................................
Appearers acknowledge that this Compromise Agreement  does not affect any litigation between Larry Clark and L & M Hair Care Products,, Inc.  and their former attorneys or their insurers, all as set out more fully in the original Petition, First Amended and Second Amended Petition filed in this lawsuit.  Clark and L & M specifically reserve the right to pursue those claims against those parties........"

130.

That Larry E. Clark refused to sign any of the

documents/motions/compromise agreements presented to him by Mr. Bezou,

because they had been designed and prepared to let the following off the hook: the

STATE OF LOUISIAN, DEPARTMENT OF TRANSPORTATION &

DEVELOPMENT; past and present employees of the Department of

Transportation & Development, including but not limited to, James M. Dousay,

Paul R. Dry, Edward A. Michel, Frank Denton, Lawrence A. Durant, Bernie L.

Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David

Gullette, Keats Everett, Roger L. Burford and Eugene Chiarulli, Jr., and place all

blame on the legal malpractice attorneys, their law firms, and their insurers.

131.

That Larry E. Clark also refused to sign all of the documents presented to

dismiss his claims and the claims of L & M because it was Attorneys, Ronald J.

Bertrand, Charles E. Soileau, and the law firm of Bertrand & Soileau that had for

years attempted to obtain $200,000.00 in bribe money from Larry E. Clark and/or

L & M Hair Care Products, Inc.

132.

Also, it was Attorneys Ronald J. Bertrand, and Charles E. Soileau, and the law firm of Bertrand & Soileau that had prepared the 1987 "JOINT STIPULATION" and caused it to be filed into the three (3) 1986 filed consolidated expropriation suits that the State of Louisiana had filed against Larry E. Clark and Melvenia S. Clark.

133.

In addition, it was Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau who had originally suggested that if $200,000.00 in Bribe money was paid to them, they would allow for suit #363,679 to be considered an Expropriation case instead of an Appropriation case and then L&M, the corporation be allowed to receive an advance deposit of money for constitutional compensation and renovation claim costs; leasehold interests claim, advertising costs, and expenses, totaling millions of dollars for such claims.

134.

Attorney Perlman and Attorney Bertrand also pressured and/or threaten Attorney Bezou, by informing Mr. Bezou that: the U. S. Fifth Circuit Court of Appeal had issued Opinion No. 97-30715 on June 30, 1999 in <u>Clark et al., v. Pena et al.,</u> granting sanctions against Larry E. Clark and several of his former attorneys; and that in an August 1999 Opinion the Federal Appellate Court issued doubled Sanction against them to the Louisiana Department of Transportation & Development totaling over $30,000.00 plus legal interests.

135.

Attorney Perlman and Attorney Bertrand, also informed Attorney Bezou, that a pending Sanctions Motion was in this suit #362,381, requesting over $100,000.00 in sanctions to be issue against Larry E. Clark in favor of the

Louisiana Department of Transportation & Development.

### 136.

Attorney Perlman and Attorney Bertrand threatened Attorney Bezou by stating to him that if he and Larry E. Clark did not sign all of the documents forwarded to him, for the dismissal for all of the pending state and federal suits, the sanctions motion would be amended to include Mr. Bezou.

### 137.

That on September 11, 2000, Attorney Jerald R. Perlman filed on behalf of Louisiana Department of Transportation & Development, a Motion To Re-Fix Rule To Show Cause, which was for the pending $100,000.00 sanctions motion pending against Larry E. Clark.

### 138.

That Larry E. Clark received a letter dated September 18, 2000, from Attorney Bezou, that had an enclosed a check refunding to Larry E. Clark the advance retained paid to Bezou along with Attorney Bezou's motion to withdraw all as a result of:

(1) That he believed that Judge Roy Brun would issued a Judgment granting the May 1, 2000 filed Exception of res Judicata based upon the Federal Judgment issued by the New Orleans, Louisiana Federal District Court;

(2) Larry E. Clark refused to sign any of the documents to dismiss any of the pending law suits;

(3) Judge Roy Brun had already issued three Judgments granting exceptions of res judicata, based upon the Judgments issued in the New Orleans Federal District Court suit;

(4) that he saw no reason why Judge Brun would not grant an exception of res juidcata filed on May 1, 2000 on behalf of **Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., because it was** based upon the Judgments issued by the Federal District Court in New Orleans, Louisiana ; and

(5) Mr. Bezou had been threatening with being included in the pending $100,000.00 sanctions motion filed on behalf of the Louisiana Department of Transportation And Development.

### 139.

47

That on September 21, 2000, Attorney Jacques F. Bezou filed a motion to requesting an Order for him to be allowed to withdraw as counsel of record for Plaintiff.

140.

That Judge Roy Brun, on September 25, 2000, issued an Order that Denied Attorney Bezou's motion to withdraw as counsel of record for Larry E. Clark, but the Order stated that the motion would be set for a hearing to be held on a Rule.

141.

That Larry E. Clark received a letter dated September 26, 2000, from Attorney Bezou informing Larry E. Clark that Mr. Bezou had been served with a copy of the motion to re-set rule, filed by Attorney Jerald R. Perlman on behalf of Louisiana Department of Transportation & Development, regarding the pending $100,000.00 sanctions motion filed by the Louisiana Department of Transportation against Larry E. Clark. Mr. Bezou's letter stated in pertinent part "Since we have withdrawn as your counsel you must make other arrangements regarding this matter".

142.

Later, Larry E. Clark received a copy of a letter dated November 6, 2000, from Attorney Bezou that Mr. Bezou had forwarded to Judge Roy Brun. The letter informed Judge Brun that Attorney Sarah A. Kirkpatrick counsel of record for the Defendants' May 1, 2000, pending exception of res judicata, had no opposition to Attorney Bezou's motion filed to withdraw as counsel of record for Larry E. Clark; that he had strictly enrolled to assist Larry E. Clark with his legal malpractice case but not but not to assist with the suit as to the State, DOTD; and that he respectfully requested the court to relieve him from having to appear in Shreveport for court on November 13, 2000, hearing.

143.

Several days later Plaintiff received a copy of letter dated November 9, 2000, from Attorney Bezou that Mr. Bezou had forwarded to Judge Roy Brun, in which he had provided Judge Brun with a copy of Mr. Bezou's MRI Report of November 7, 2000, for in support of his request for not having to appear in Shreveport for the November 13, 2000 scheduled hearing.

144.

That on November 13, 2000, Larry E. Clark appeared in court, Pro se, and all the counsels of record also appeared on behalf of the various Defendants, and Mr. Bezou appeared, Pro se, regarding his motion he filed to withdraw.

145.

That at the November 13, 2000 held hearing Mr. Bezou informed the court that he desired to be allowed to withdraw because he had been informed that the Court had already granted res judicata to various Defendants based upon the federal judgment issued in the suit filed in New Orleans Federal Court; and that he had been threaten by the State to be included in its pending motion for sanctions. He further stated that he saw no reason why the Court wouldn't grant the May 1, 2000 filed exception of res judicata, because the federal court had decided the matter, and that the federal appellate court had also issued sanctions against Plaintiff and his attorneys for filings made in federal court.

146.

That Judge Brun informed Attorney Bezou that he would take the May 1, 2000 filed exception of res judicata under advisement and that as a result that Mr. Bezou had appeared in court and had shown the Court that he had nothing to do with any of the filings made by Plaintiff regarding the Louisiana Department of Transportation & Development nor any other of the other Defendant, at the present time, the Court would not issue Sanctions against him.

147.

Mr. Bezou's responded that the only way he would not like to withdraw as counsel of record for Plaintiff was if the Court would assure him that the Court was going to issue a Judgment denying the May 1, 2000 exception of res judicata that was based upon the Judgment issued by the New Orleans Federal Court, otherwise he still desired to withdraw. Judge Brun stated to Attorney Bezou that he could not assure his at that the time, that the Court would deny the pending exception.

148.

That in court on November 13, 2000, Larry E. Clark informed Judge Brun that he had no objections to Mr. Bezous' motion to withdraw because he had already filed his many motions and memorandums in opposition to all of the Defendants' exception of res judicata filed and that he had already presented his oral arguments opposing all of the Defendants' motions and/or exceptions at hearings held in court: on January 3, 2000; March 13, 2000; on May 15, 2000; and he had filed into the record in January 2000 a request for the court to issue written reasons for granting all Judgments, and would just wait until the Court issue a Judgment after taking of the case under advisement.

149.

That in court on November 13, 2000, Judge Brun had requested for his law clerk to be present for the entire hearing. Judge Brun wanted to revisit the May 15, 2000 held hearing in regards to the Defendants' pending May 1, 2000 filed exception of res judicata. Judge Roy Brun and his law clerk were of the opinion that although the New Orleans Federal Court may have been correct in dismissing Larry E. Clark's federal civil rights claims filed against Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their

50

insurer Attorney Liability Assurance Society Ltd., but the Judge and his law clerk stated that more research was needed before the court could decide whether state or federal res judicata law applied to the legal malpractice claims.

150.

That in addition, at the November 13, 2000 held hearing, Judge Roy Brun's law clerk also informed Judge Roy Brun that more research was also needed because the Caddo Parish suit record, showed the suit was originally filed on May 11, 1990, against Defendants, Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., which was before the newly enacted legal malpractice law La-R. S. 9:5605 became into effect, and she needed to do research to see it was to be applied retroactively.

151.

That also at the November 13, 2000 held hearing counsel for the Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., argued that the New Orleans Federal Court had already addressed state and federal law and issue a Judgment of dismissal with prejudice.

152.

That, at the November 13, 2000 held hearing Larry E. Clark disagreed that federal law on res judicata applied to his legal malpractice claims and he argued that it would be unconstitutional and a violation of the due process and equal protection of the law under the 14th Amendment of the U. S. Constitution to grant res judicata destroying his divested rights, and therefore the two of Louisiana's laws on res judicata applied, LA-R. S. 13:4231 and 13:4232; and that the New Orleans Federal Judgment used to support the plea of res judicata is based upon on Louisiana's legal malpractice laws and that there is no federal law on legal

Malpractice.

### 153.

That Plaintiff at the November 13, 2000 held hearing, informed the Court that **on January 3, 2000, he filed an "AFFIDAVIT" into the record of suit giving Notice That He Had Served Notice On U. S. Attorney General Janet Reno that he had requested for the state court to declare the federal law on res judicata unconstitutional.**

### 154.

That at the November 13, 2000 held hearing Judge Brun stated he would take the case under advisement and also at the time see whether the Federal **Younger Abstention Doctrine applied**.

### 155.

That at the November 13, 2000 held hearing Judge Brun stated that after taken the matter under advisement that he would issue written reasons for his Judgment thereby addressing the legal various issues regarding the May 1, 2000, pending exception of res judicata.

### 156.

That at the November 13, 2000 hearing, as a result of no objections from anyone as to the motion of withdrawal filed by Mr. Bezou requesting that he be allowed to withdraw, the Judge ruled to allow Mr. Bezou to withdraw, and Judge Brun on his own motion orally ruled to allow Larry E. Clark 20 days to retain a new attorney to allow his new retain attorney an opportunity to make a filing within 20 days into the record in support of denying res judicata, but after twenty days the Judge would considered case submitted and taken under advisement.

### 157.

That Judge Brun in the November 13, 2000 held hearing, Judge Brun recommended Plaintiff contact Attorney Gordon Roundtree of Shreveport, who

Judge Brun said had legal malpractice experience and would be helpful going forward.

<p style="text-align:center">158.</p>

That Judge Brun stated in the November 13 2000 held hearing that he expected an appeal to be filed once he issued his written reasons and a judgment..

<p style="text-align:center">159.</p>

That at the November 13, 2000 held hearing, after Judge Brun and his law clerk and the parties had discussed the various state and federal laws that may be applicable  to the May 1, 2000 filed exception of res judicata, the court proceeded and granted a separate Judgment for the following:

(1) the September 2000 motion to withdraw filed by Attorney Bezou; and a motion filed on behalf of  STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT; past and present employees of the Department of Transportation & Development, including but not limited to, James M. Dousay, Paul R. Dry, Edward A. Michel, Frank Denton, Lawrence A. Durant, Bernie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David Gullette, Keats Everett, Roger L. Burford and Eugene Chiarulli, which granted sanctions against Larry E. Clark in the amount of  $17, 296.22, for the filing he made into suit #362,381.  Judge Roy Brun ruled he had no jurisdiction to award money sanctions against Larry E. Clark for his filings made in federal court cases: Clark v. Pena, et al., U. S. Dist Ct. W. D. LA. Civ. #1360 and U. S. Appeal #97-30715; Clark v. Land, et al., U. S. Dist Ct. E. Dist. Of  LA. #97-1266.

<p style="text-align:center">160.</p>

That after the November 13, 2000 court hearing had ended, Larry E. Clark, before leaving Shreveport returning to Atlanta, Georgia, he contacted the office of Attorney Gordon Roundtree.   The attorney wanted an advance retainer in the amount of $15,000.00; to immediately enroll into the case; and do his research and

file a response within 20 days before the case would be considered submitted and taken under advisement, by Judge's Brun.

161.

That Larry E. Clark did not have $15,000.00, and could not obtain $15,000.00 in 20 days to pay the advance retainer requested by Attorney Gordon Roundtree. Therefore, Larry E. Clark allowed for 20 days to past and for the case to be considered submitted and taken under advisement by Judge Roy Brun.

162.

Plaintiff decided that once the Judgment was issued granting the May 1, 2000 exception of res judicata it would be a final appealable Judgment and then Plaintiff would then be able to file an appeals on all the Judgments issued by Judge Roy Brun granting exceptions of res judicata based upon the New Orleans Federal Court Judgments.

163.

That Larry E. Clark, after he had awaited many months and he had not received a Notice of the issuing of a Judgment from the Caddo Parish Clerk of Court, regarding a Judgment being issued for the May 1, 2000 exception of res judicata, Plaintiff contacted Mr. Gary Lofton the Caddo Parish Clerk of Court, inquiring from him if a ruling had been issued by Judge Brun. Mr. Loftin informed Plaintiff no ruling had been issued by the Judge.

164.

That as a result of Larry E. Clark, not knowing when Judge Brun would issue his Written Reasons for Judgment and a Judgment for the pending May 1, 2000 filed exception of res judicata, Plaintiff again contacted Clerk of Court Gray Lofton. He recommended to Plaintiff, to serve some discovery documents on the Defendants, instead of making some type of filing into the record, as a result that Judge Brun had previously issued Money Sanctions against Plaintiff for some past

54

filings made by Plaintiff.

165.

Plaintiff on or about March 07, 2001, through U. S. CERTIFIED MAIL NUMBER: 7099 3400 009 6846 4333, RETURN RECIPT REQUESTED, Larry E. Clark served, "WRITTEN REQUEST FOR ADDMISSION OF FACTS AND INTERROGATORIES PROFOUND TO DEFENDANTS," on Ms. Sarah A. Kirkpatrick, the attorney of record for Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Inc.

166.

That in addition to the "WRITTEN REQUEST FOR ADDMISSION OF FACTS AND INTERROGATORIES PROFOUND TO DEFENDANTS," Larry E. Clark, also on or about March 07, 2001, through U. S. CERTIFIED MAIL NUMBER: 7099 3400 009 6846 4326, RETURN RECIPT REQUESTED, Larry E. Clark had, " WRITTEN REQUESTS FOR PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS" served on Ms. Sarah A. Kirkpatrick, the attorney of record for Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Inc.

167.

That on or around April 01, 2001, Larry E. Clark received from Attorney Sarah A Kirkpatrick, an "ANSWERS TO WRITTEN REQUESTS FOR ADMISSION OF FACTS AND INTERROGATORIES PROFOUNDED BY PLAINITFF", regarding the March 2001 served discovery request.

168.

However, Larry E. Clark never received a response from Attorney Sarah

Kirkpatrick regarding, the "WRITTEN REQUESTS FOR PRODUCTIONS

DOCUMENTS PROFOUND TO DEFENDANTS," discovery requests  that he

had served on her in March 2001.

<div align="center">169.</div>

That Larry E. Clark as a result of not having received a response from

Attorney Sarah A. Kirkpatrick on the WRITTEN REQUESTS FOR

PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS,"

Plaintiff on February 28, 2003, appeared at the office of the Caddo Parish Clerk to

get permission to **file a Motion to Compel with a copy of his** March 7,

2001"WRITTEN REQUESTS FOR PRODUCTIONS OF DOCUMENTS

PROFOUND TO DEFENDANTS," to be served on counsel of record for

Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to

Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys'

Liability Assurance Society, Inc.

<div align="center">170.</div>

That at the Caddo Parish Courthouse, on February 28, 2003, Larry E. Clark

talked directly with Mr. Gary Loftin, who at that time was the Clerk of Court for

Caddo Parish.  Plaintiff informed Mr. Loftin of his desire to file his Motion to

Compel with an attached copy of his March 7, 2001 "WRITTEN REQUESTS

FOR PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS," as

a result of never receiving a response after having served the discovery request on

the Defendants.

<div align="center">171.</div>

That on February 28, 2003 while at the Caddo Parish Clerk of Court office,

Plaintiff talked directly with Clerk of Court Gary Loftin, because Judge Brun had,

previously had the office of the Clerk of Court to return to Plaintiff various

documents that Judge Brun would not allow to be filed. Also, Judge Brun had on

November 13, 2000, issued a Judgment for Sanctions in the amount of nearly

$18,000.00 against Plaintiff for the filing of documents that he should not have

filed.

172.

Clerk of Court Mr. Lofton was fully aware of Judge Brun having the

office of the Clerk of Court to return to Plaintiff various documents that the Judge

did not allowed to be filed.  Mr. Lofton was also aware that Judge Brun Had

issued Money Sanctions against Plaintiff for making filings into the record that

should not have been filed.

173.

Therefore, Clerk of Court, Mr. Loftin would not allow Plaintiff to file his

Motion to Compel with an attached copy of his March 7, 2001 "WRITTEN

REQUESTS FOR PRODUCTIONS OF DOCUMENTS PROFOUND TO

DEFENDANTS," without Mr. Loftin first getting pre- approval from Judge

Brun.

174.

That while Plaintiff was the office of Clerk of Court, on February 28, 2003,

Clerk of Court, Mr. Lofton phoned Judge's Brun's Office, to get the approval from

Judge Brun to allow Plaintiff to file his Motion to Compel along with a copy of his

prior March 2001 served discovery document; that the defendants had not provided

a response to Plaintiff.

175.

That after Mr. Lofton had spoken with Judge Brun's office on February 28,

2003, Mr. Lofton informed Plaintiff that he had been instructed by Judge Brun to

not allow the Motion to Compel to be filed, because at that time a District Court

Rule prevented the filing of his Motion To Compel.

176.

That on February 28, 2003 while in the office of the Clerk of Court, Mr.

Lofton  stated that Judge Brun had instructed Mr. Lofton to only allow Plaintiff to

57

file a copy of his March 07, 2001 "WRITTEN REQUESTS FOR

PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS," and that

Judge Roy Brun would consider it to be a request for the Judge Brun to set a

Scheduling Conference/Pretrial Conference with the Judge and with counsel of

record for the parties.

<div align="center">177.</div>

That on February 28, 2003, Plaintiff at the direction of the Clerk of Court,

Gary Lofton and of Judge Brun, Plaintiff filed into the record a copy of his March

07, 2001 "WRITTEN REQUESTS FOR PRODUCTIONS OF DOCUMENTS

PROFOUND TO DEFENDANTS," for the Judge to set a Scheduling

Conference/Pre-trial Conference, with the Judge Brun, Larry E. Clark and counsel

of record for the remaining defendants: Mangham, Hardy, & Stevens, L.L.P.,

Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L.

Ledoux, and Attorneys' Liability Assurance Society, Inc.

<div align="center">178.</div>

That after Larry E. Clark had on February 28, 2003 made the filing into the

record, as instructed to do so by the Clerk of Court and Judge Brun, the Judge

never did set a Scheduling Conference/Pre-trial Conference.

<div align="center">179.</div>

However, from February 28, 2003 through January 2021, within every

three years Plaintiff continued to filed into the record a discovery request and

served a copy on the Defendants. Plaintiff filed the discovery request into record

within every three years for it to be considered a request for Judge Brun and/or

Judge Brun Successor Trial Court Judge to set a Scheduling Conference/Pre-trial

Conference with Larry E. Clark and with counsel of record for the remaining

Defendants; and each of the filings were served upon Sarah A. Kirkpatrick.

**FILINGS MADE INTO RECORD REQUESTING THE TRIAL JUDGE TO ISSUE AN ORDER FOR THE JUDGE AND COUNSEL OF RECORD FOR THE PARTIES TO HAVE A SCHEDULING CONFERENCE/PRETRIAL CONFERENCE WILL PREVENT THE ABANDONMENT OF CASE**

180.

Many years before February 28, 2003, Plaintiff had served a discovery documents on the Defendants but he never filed a copy of a discovery request into the record.   The only reason he started filing a copy into the record was because when Plaintiff appeared at office of the Clerk of Court to file his Motion to Compel, Judge Brun instructed the Clerk of Court to allow Plaintiff to file only a copy of his discovery request, and the Court would considered the discovery requests, as a motion for the Court to set and hold a status/scheduling conference.

181.

In Hidalgo v. Catfish Queen Partnership, 961 So.2d 434 (La.App.1st Cir. 2007), the Court made a ruling concerning a request of a scheduling conference:

"Although it has long been settled that a motion to schedule a case for trial, if filed in the court record, is a step in the prosecution of an action, no published case has been found that rules on whether a *proper* request for a status and/or scheduling conference is likewise sufficient to interrupt the three-year period for abandonment.[3] *See Tinsley v. Stafford*, 93-1668, p. 438*438 4 (La.App. 1 Cir. 10/7/94), 644 So.2d 677, 678-79, *writ denied*, 94-2753 (La.1/6/95), 648 So.2d 933 (citing *Murphy v. Hurdle Planting & Livestock Co. Inc.*, 364 So.2d 167 (La.App. 1 Cir.1978), *writ denied*, 366 So.2d 562 (La.1979)). In light of the foregoing legal precepts and the particular facts of this case, we conclude that these procedurally proper and timely requests constituted steps in the prosecution of the Hidalgos' case as contemplated by article 561."

182.

In Jacobs v. Metzler-Brenckle, 322 So.3d 347 (La.App.4th Cir. 2021), a case regarding LA-CCP. Art. 561 and a request made for set a Status Conference to be held.  The Court ruled in pertinent part: ▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

*"Ms. Jacobs' Motions to Set Status Conferences Are Sufficient to Toll Abandonment*

Dr. Brenckle contends that Ms. Jacobs' multiple motions to set status conferences do not amount to "steps" in the prosecution of this matter that tolled abandonment

59

because the status conferences were not held and because she had not been served with the lawsuit at the time Ms. Jacobs filed the motions. Dr. Brenckle argues that

the filings of the motions alone do not constitute steps in the prosecution of Ms. Jacobs' case against Dr. Brenckle. Instead, Dr. Brenckle contends that Ms. Jacobs' motions to set status conferences can only amount to steps in the prosecution of a claim when the trial court actually holds the status conference. In support of this argument, Dr. Brenckle cites this Court's decision in *Heirs of Simoneaux v. B-P Amoco,* 2013-0760 (La. App. 4 Cir. 2/5/14), 131 So.3d 1128.

In *Heirs of Simoneaux,* the trial court dismissed a case as abandoned after the plaintiffs filed a motion to set status conference on August 23, 2011 (which was scheduled for October 18, 2011), more than three years after a previous motion for status conference that was filed on March 26, 2008. This Court reversed the trial court's finding that the filing of the March 26, 2008 motion was the last date in the step of prosecution, noting that the parties participated in a telephone conference call 360*360 on August 28, 2008. This Court found that the August 28, 2008 telephone conference was the last date in the step of prosecution and that the case was not abandoned due to the plaintiffs' August 23, 2011 motion to set status conference.

In the instant matter, Dr. Brenckle argues *Heirs of Simoneaux* stands for the proposition that a motion to set a status conference can only be considered a "step" in the prosecution of an action if the parties and the trial court actually participate in the conference. Because the conferences Ms. Jacobs requested here did not occur, Dr. Brenckle reasons Ms. Jacobs' motions alone cannot constitute steps in the prosecution here.

This is a misreading of *Heirs of Simoneaux.* In *Heirs of Simoneaux,* this Court found that, under the facts presented, the date the August 28, 2008 telephone conference was held—which was necessarily later than the filing date for the motion to set the conference—was the *last* (*i.e.* most recent or latest) step in the prosecution on which to start the clock for abandonment purposes. In fact, this Court held that the action in *Heirs of Simoneaux* was not abandoned, after the plaintiffs filed a motion to set a status conference (but had not actually held the conference) on August 23, 2011, five days shy of three full years after the August 28, 2008 telephone conference.

Contrary to Dr. Brenckle's assertions, *Heirs of Simoneaux* stands for the proposition that filing a motion to schedule a status conference (without actually holding the conference) is enough to toll abandonment, as Ms. Jacobs did here.

The First Circuit also considered whether the filing of a motion to set status conference is sufficient to toll abandonment in *Dendy v. City Nat'l Bank,* 2006-2436 (La. App. 1 Cir. 10/17/07), 977 So.2d 8. In *Dendy,* the First Circuit noted that "the intent and substance of a party's actions matter far more than technical compliance." *Id.,* 2006-2436, p. 9, 977 So.2d at 13 (quoting *Thibaut Oil Co., Inc. v. Holly,* 2006-0313, p. 5 (La. App. 1 Cir. 2/14/07), 961 So.2d 1170, 1172-73) (internal quotations omitted). The First Circuit found that, because the purpose of the *Dendy* plaintiff's motion to set status conference was to "hasten the matter to judgment by selecting deadlines for the parties to conclude all pretrial matters," the plaintiff's motion to set status conference was sufficient to toll

abandonment. *Id.,* 2006-2436, p. 10, <u>977 So.2d at 13</u> (quoting *Hidalgo v. Catfish Queen P'ship in Commendam,* 2006-1531, p. 6 (La. App. 1 Cir. 5/4/07), 961 So.2d 434, 438) (internal quotations omitted).

Ms. Jacobs' motions to set status conferences are likewise attempts to hasten the matter to judgment because the motions specify that the purpose of the status conferences is to have the trial court set pretrial deadlines and select a trial date. Thus, we reject Dr. Brenckle's argument that she needed to have been served with the lawsuit or that the status conferences needed to have been held in order for abandonment to have been tolled."

<p style="text-align:center">183.</p>

That in <u>FLORIDA GAS TRANSMISSION COMPANY, LLC v.TEXAS</u>

<u>BRINE COMPANY, LLC, ET AL</u>. 2022 CA 1298 AND 2021 CW 0446 (July 10, 23), the Louisiana First Circuit ruled in pertinent parts:

"Under La. C. C. P. art. 2004( A), any final judgment obtained by fraud or ill practices may be annulled. A party seeking to annul a judgment based on fraud or ill practices must show: ( 1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the party seeking relief, and ( 2) the enforcement of the judgment would have been unconscionable and inequitable. Belle Passe Terminal, Inc.v. Jolin, Inc., 01- 0149 ( La. 10/ 16/ 01), 800 So. 2d 762, 766. The party seeking to annul a judgment must prove both of the above criteria to succeed in his nullity action. Id. at768; see Riddle v. Premier Plaza of Monroe, L. L. C., 51, 173 ( La. App. 2 Cir. 2/ 15/ 17), 216So. 3d 170, 173."

<p style="text-align:center">184.</p>

Plaintiff filed in January 2021 into the record of this case No. 362,381, a copy of a discovery request for it to be  considered by the Court also as a motion, requesting  for the Court to set and hold a status/scheduling/pretrial conference to be held with the Judge and parities.

<p style="text-align:center">185.</p>

On July 19, 2021, Plaintiff filed into this suit #362,381 a, "MOTION WITH ORDER TO DECLARE THREE JUDGMENTS ABSOLUTLEY VOID," and it was served on Attorney Sarah A. Kirkpatrick and DOTD.  However, Judge Brun around 2000 did dismiss the DOTD by issued it an Interlocutory Judgment.

<p style="text-align:center">186.</p>

Judge Ramon Lafitte signed the Order for Plaintiff's "MOTION WITH

ORDER TO DECLARE THREE JUDGMENTS ABSOLUTLEY VOID," for a

hearing to be held on October 28, 2021.

187.

That later on July 28, 2021, Plaintiff filed into this suit No. 362, 381 an:

"AMENDED AND SUPPLEMENTAL NULLITY PETITION FILED IN
ACCORDANCE WITH LA-C.C.CP. ART. 2005 REQUESTING FOR THE
RELATIVE NULLITY OF JUDGMENTS AND/OR FOR THE ABSOLUTE
NULLITY OF JUDGMENTS ISSUED IN: THIS SUIT, NO. 362,381; THE 1986
CONSOLIDATED EXPROPRIATION SUITS: #325,511; #325,512; & #328,772;
EXPROPRIATION SUIT #363,679; AND FOR NULLITY OF ALL OPINIONS
ISSUED BY THE LA 2ND CIRCUIT COURT OF APPEAL THAT AFFIRMED
THE JUDGMENTS IN THE EXPROPRIATION SUITS,"

and it was also served on Attorney Sarah A. Kirkpatrick and upon the Louisiana

Department of Transportation & Development.

188.

That after Attorney Sarah A. Kirkpatrick had been served, she on

September 30, 2021, filed an Ex Parte Motion To Substitute Counsel, seeking an

Order to allow for her to withdraw as counsel of record, and to allow for Attorneys

James A. Brown and Sheri L. Corales to be substituted as counsel of record for

remaining Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in

interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and

Attorneys' Liability Assurance Society, Inc. Judge Laffite issued an Order on

October 5, 2021, granting the Ex Parte Motion.

189.

Then, on October 6, 2021, Attorney James A. Brown filed a, "EX PARTE

MOTION TO DISMISS WITHOUT PREJUDICE AS ABANDONED

PURSUANT TO LOUISIANA CODE OF CIVIL PROCEDURE ARTICLE 561,"

based upon that the case had become abandon in March 2004.

190.

That later on October 19, 2021, Attorney James A. Brown filed a

"DEFENDANT ATTORNEYS' LIABILITY ASSURANCE SOCIETY, LTD.

MEMORANDUM IN RESPONSE TO PLAINTIFF LARRY CLARK'S MOTION

FOR NULLITY, INCOPORATING AND REASSERTING ABANDONMENT

OF CASE. "

191.

That on October 21, 2021, Judge Ramon Lafitte issued an Order granting

the October 6, 2021 filed the "EX PARTE MOTION TO DISMISS WITHOUT

PREJUDICE AS ABANDONED PURSUANT TO LOUISIANA CODE OF

CIVIL PROCEDURE ARTICLE 561" stating that case was abandon as March 29,

2004.

192.

That on December 8, 2021, Larry E, Clark, with many attached Exhibits

such as his Affidavit, filed a:

"RULE WITH ORDER TO SET ASIDE THIS COURT'S ORDER ISSUED ON
OCTBER 21, 2021, ALONG WITH MOTION: TO DECLARE CCP. ART. 561
UNCONSTITUTIONAL UNDER THE U. S. CONSTITUTION AND/OR
UNDER OTHER FEDERAL LAWS; TO HAVE SEVERAL STATE COURT
JUDGMENTS DECLARED ABSOLUTELY VOID; TO DENY RES JUDICATA
IF BASED UPON AN ABSOLUTE VOID JUDGMENT STATE COURT
JUDGMETN AND/OR A FEDERAL RULE OF CIVIL PROCEDURE 54 NON-
FINAL JUDGMENT OR WHERE A FEDERAL COURT HAS COMMITTED-A
PLAIN USURPATION OF POWER-FOR A TOTAL WANT OF
JURISDCITION; AMD/OR TO DENY RES JUDICATA AS EXCEPTIONAL
CIRCUMSTANCES EXIST".

193.

That on December 10, 2021, Judge Ramon Lafitte, set a hearing to be held

on March 14, 2022, for Larry E. Clark's December 8, 2021 Rule/Motion To Set

Aside the Court's Order issued on October 21, 2021.

194.

That on March 04, 2022, counsel of record, Gus A Fritchie, on behalf of

Anna E. Dow and her law firm filed a, "MEMORANDUM IN OPPOSITION TO

RULE TO SHOW CAUSE WHY DISMISSAL SHOULD NOT BE SET ASIDE,"

in regards to Larry E. Clark's December 8, 2021 filed Rule/Motion To Set Aside

the Court's October 21, 2021 Order.

195.

That on March 06, 2022, counsel of record, Attorney James A. Brown, on behalf of DEFENDANT ATTORNEYS' LIABILITY ASSURANCE SOCIETY, LTD., filed an, "OPPOSITION TO PLAITNFF'S MOTION TO SET ASIDE ORDER DISMISSING CASE AS ABANDONED".

196.

The parties appear in court for a hearing on March 14, 2021 and after much evidence presented by Plaintiff and oral arguments heard for Larry E. Clark's December 8, 2021 filed Rule/Motion to Set Aside the Court's October 21, 2021 Order of dismissal, on March 15, 2022, Judge Lafitte issued an Order denying to set aside his October 21, 2021 Order of dismissal.

197.

That on March 18, 2022, Larry E. Clark filed a, "PLAINTIFF'S MOTION WITH ORDER FOR A NEW TRIAL AND/OR FOR A NEW HEARING ON THE COURT'S ORAL RULING MADE IN OPEN COURT ON MARCH 14, 2022, AFFIRMING THE COURT'S PREVIOUS ORDER TO DISMISS THIS SUIT UNDER LSA-CCP/ ART. 561," and Judge Lafitte issued an Order setting a hearing to be held on May 23, 2022.

198.

That on April 14, 2022, Larry E. Clark filed an Amended And Supplemental Petition With Attached Order For A Writ Of Mandamus To Be Issued To The Secretary of the Louisiana Department of Transportation And Development and also to The Administrator.

199.

That on May 23, 2022, Judge Ramon Lafitte held a hearing only on Larry E. Clark's Motion for a rehearing regarding the Court's Order issued on March 15, 2022 that refused to set aside the Court's October 21, 2021 Order of Dismissal

Without Prejudice; and at the hearing Larry E. Clark was allowed to introduce additional evidence which consisted of many certified copies of documents previously filed and/or issued by many federal courts and/or state courts related filed cases.

200.

That at the hearing held on May 23, 2022, Judge Ramon Lafitte orally ruled to deny Larry E. Clark's Motion for a rehearing regarding the Court's Order issued on March 15, 2022 that affirmed the Court's refusal to set aside the Court's October 21, 2021 Order of Dismissal Without Prejudice that provided the case was abandoned as of March 29, 2004; and the Judge ruled that Larry E. Clark's requests for Nullity of Judgments; request for a Writ of Mandamus; and to have LSA-C.C.P. art 561 declared unconstitutional were all moot as a result that the case was abandoned as of March 29, 2004.

201.

That on June 14, 2022, Larry E. Clark filed an appeal to the Louisiana Second Circuit Court of Appeal on all of the Orders issued by Trial Judge Lafitte.

202.

That Larry E. Clark, filed his Brief on appeal at the Louisiana Second and one assignment he raised, was that none of the Orders issued by Judge's Lafitte were final and appealable.  Therefore he requested the appeal be converted to the to a Supervisory Writ Application.  Judge Marcus Hunter, refuse to convert the appeal to a Supervisory Writ Application and he ruled that the Orders were final and appealable based upon LA-CCP. Art 561, and the Judge authored an opinion on May 23, 2023.

203.

Then, Plaintiff filed a motion for a rehearing, and the motion was denied on June 22, 2023.  Plaintiff on July 25, 2023, filed a Writ Application with the LA Supreme Court as the May 2023 Opinion issued by the Louisiana Second Circuit

Court of Appeal, and it was denied on November 14, 2023.

204.

That after the Louisiana Supreme Court denied the Writ Application, Larry

E. Clark around November 13, 2024 filed a Motion For a Rehearing with the

Louisiana Supreme Court around January 24, 2024, his Rehearing Application was

DENIED.

205.

The record confirms that for this case sub judice, that after the parties had

appeared in the trial court on November 13, 2000 for the remaining Legal

Malpractice Defendants' May 1, 2000 filed exception of res judicata, afterwards

none of the parties appeared in the trial court until on March 14, 2022 when the

parties appeared in the trial court regarding the October 6, 2021 filed Motion to

Dismiss under LA-CCP. Art. 561.

206.

However, before November 13, 2000 to this present time in March 2024,

there was continuously ongoing litigation in several other pending state and/or

federal cases.

**NEVER BEEN A FINAL APPEALABLE JUDGMENT ISSUED IN THE
PENDING 19TH JDC SUIT #425,690 AND IT CONTAINS ALL OF THE
SAME PARTIES AND ALL THE SAME CAUSE OF ACTIONS IN THIS
SUIT #362,381 AND ALL OPINIONS ISSUED BY THE LA 1ST CIRCUIT
ON APPEALS -VOID LACK OF SUBJECT MATTER JURISDICTION**

207.

In the 19th JDC of East Baton Rouge Parish, where suit No. 425,690-D.,

was filed in March 1996 and a First Amended Petition was also filed in 1996.

Then, on February 6, 1998, through license council, Mr. Henry Jones, he on behalf

of L & M Hair Care Products, Inc,, filed a "PLAINTIFF'S SECOND AMENDED

PETITION FILED BEFORE ANSWER IS SERVED," and it included all of the

exact named Defendants in this Caddo Parish suit sub judice to be Defendants.

Also, former attorney Jones Second Amended Petition added all of the exact same causes of actions, as in this suit sub judice.

208.

After Attorney Jones's Second Amended Petition was filed into, 425,690-D, was served, counsel on behalf of the DOTD, it official, employees, contactors and attorneys, filed an exception of res judicata, requesting a dismissal based upon many previously filed state and federal related suits.

209.

The Honorable Trial Court Judge Janice Clark ordered counsel for the DOTD to filed into the record of 19th JDC, the entire record of every state and federal case that he requested the court to sustain an exception of res judicata upon.

210.

After all of state and federal cases were into the record of 425,690-D, later around 2004, Trial Court Judge Janice Clark, appointed a Commissioner to make a recommendation to the Court on the DOTD's exception of res judicata.

211.

The Commissioner held a hearing and evidence was introduced and afterwards, on October 6, 2005 a Report & Recommendation for the exception of res judicata was issued.

212.

The Commissioner's October 6, 2005 Report for suit No.425,690-D, on page 17 provides in pertinent parts:

"SUMMARYOFANALYSIS Based on my review of the records and having considered the old res judicata standard for all suits filed before January 1991 and the new standard for all suits filed thereafter I suggest that the following judgments suits are res judicata as to the issues noted hereinafter and raised in the current petitions by L & M.

1. <u>L& M Hair Care Products Inc v La DOTD</u> filed in 1990 in the 1st Judicial
   District Court in Caddo Parish as 363679 appears to be res judicata as to all
   issues raised therein between the same parties LM and DOTD including the
   claim for money damages and mandamus based on the expropriation of
   LM's property in 1986. ( It is not res judicata as to the nullity claims raised
   in the current amended petition filed herein in 2003.)

2. <u>Larry E Clark and L & M Hair Care Products Inc v Pena</u> filed in or about
   1996 as #96 1360 in US Western District also appears to be res judicata
   between L M and DOTD as to all claims for monetary damages or
   mandamus relief as a result of the 1986 expropriation.

3. <u>Clark et al v DOTD</u> 98-1753 appears to be res judicata as to any claim for
   damages as a result of federal civil rights violation claims made in the
   current suit in connection with the expropriation of 1986.

   The action for nullity sought by LM does not appear to have been finally
adjudicated by any Court although the same claims appear to be still pending in
Caddo Parish District Court in the previously filed suit number 429 240 after
remand by the federal court."

213.

On October 31, 2005, the Honorable Judge Janice Clark issued an Order

ruling that the Court adopted the Commissioner's Report, but the Order denied

res judicata as to the issue of nullity of all Judgments.

214.

Afterwards, Counsel of record for the DOTD, immediately filed an

exception of no cause of action arguing as to the Trial Court October 31, 2005

Court Order based upon that res judicata based upon two Federal Judgment and

that since a State Court did not have authority to nullify a federal judgment, L & M

had no cause of action.

215.

Later, the Trial Court held a hearing on the exception of no cause of

action and the Court granted the exception by Judgment issued on September 11,

2006. Counsel for L & M appealed the Judgment.

216.

On appeal, at the LA First Circuit, Counsel's Brief filed on appeal on

behalf of L & M showed the appellate court that the 19th JDC Commissioner and

68

the Trial Court had over looked that at the hearing held for res judicata L & M had introduced a certified copy of Opinion No. 97-30715 issued on June 30, 1999.

217.

Opinion No. 97-30715 of the U. S. 5th Circuit :ruled that the federal district court in cv96-1360 <u>Clark, et al. v. Pena</u>, et al., had no subject matter jurisdiction; issued sanctions in favor of the DOTD as well as in favor of the Federal Department of Transportation against Plaintiff and his attorneys for making the filings into the federal courts; and ruled that federal appellate court had subject matter jurisdiction in the appealed filed.

218.

As a result of Opinion No.97-30715 issued by the U. S. 5th Circuit, in <u>Clark, et al. v. Pena</u>, et al., the First Circuit issued Opinion No. 2007CA1364 and it affirmed the Trial Court's September 11, 2006 based upon two following cases:

(1). State Court Expropriation case, <u>L& M Hair Care Products Inc v La DOTD,</u> filed in 1990 in the 1st Judicial District Court in Caddo Parish as 363,679; and

(2) Federal Nullity and Federal Civil Rights <u>Clark et al v DOTD,</u> 429,240/98-1753, the federal suit.

Please See; *Clark v. La. Dept. of Transp. & Dev.,* 2007-1364 (La. App. 1 Cir. 5/2/08), 2008 WL 2065248, *writ denied,* 2008-1549 (La. 10/10/08), 993 So. 2d 1286.

219.

As for the federal Judgment issued in federal suit cv-98-1753, it came as a result that in 1998, Plaintiff filed in the Caddo Parish District Court a Petition Suit No. 429,240 seeking for nullity of judgments obtained as a result of the DOTD's private contract attorneys: Mr. Ronald Bertrand and Charles E. Soileau attempting to receive a Money Bribe and/or Money Kick Back from Plaintiff and/or L & M and their other illegal actions and/or inactions committed as a result of the 1986 filed consolidated state expropriation suits; the Judgments issued in the 1990 filed state court expropriation suit no. 363,679; and the April 1997 sanction judgment

issued against Plaintiff in this case, 362,381.

220.

After Plaintiff had filed nullity suit #429, 240, Plaintiff filed several amended petitions and he added federal civil rights violation claims and added Legal Malpractice Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Inc.

221.

Attorney Sarah A. Kirkpatrick on behalf of the Legal Malpractice Defendants along with counsel for the DOTD, filed a joint motion for the removal of the nullity and federal civil rights Petition #429, 240. They removed the case from the state court to the federal court.

222.

While the state nullity suit was at the U. S. District Court in Shreveport, it was case No. 98-1753. Then the federal court on March 20, 2000 issued an Interlocutory Judgment dismissing all the federal civil rights claims, and it remanded all state law nullity claims back to the state court.

223.

After the nullity suit 429, 240 was remanded back to state court in March 2000, it remain pending until around 2009. In 2009 counsel for the DOTD filed a motion requesting an Order of dismissal without prejudice under LA-CCP. Art. 561 for Plaintiff's lack of prosecution of the suit.

224.

The Trial Court issued an Order that granted the motion. Plaintiff filed a motion for rehearing which was denied. Plaintiff filed an appeal.

225.

Afterwards, while on appeal, Plaintiff refused to file his appeal Brief and the

Louisiana Second Circuit in 2011 dismissed his appeal.

226.

As a result of that the Trial Court' s Order dismissing without prejudice the state court nullity/federal civil rights violations, suit #429,240.

227.

After the dismissal, Plaintiff realized that the dismissal without prejudice applied to all the state claims as well as to all of federal claims.

228.

Additionally, Plaintiff realized that the federal March 20, 2000 federal Judgment was an Interlocutory Federal Judgment issued that was issued in cv-98-1753, and it as such never did, and it, never could not sustain res judicata.

229.

Additionally, at that time in 2011, Plaintiff also realized that the February 4, 1997 judgment issued by the Caddo Parish Trial Court in expropriation suit No. 363,679 was an absolute nullity as a result that L & M Hair Care Products, Inc., had filed the suit against the DOTD but L & M had not been authorized by the Louisiana Legislature to file and expropriation.  Therefore, it also could not sustain res judicata, that had been granted in suit #425,690-D.

230.

On May 24, 2011 in the 19th Judicial Court, Plaintiff filed directly into 19th JDC suit No. 425,690-D, a Petition and a Rule To Show Cause for nullity of the September 11, 2006 judgment issued by the 19th JDC that granted an exception of res judicata and an exception of no cause of action. The Petition entitled:

"PLANITIFFS PETITION TO DECLARE VOID THIS COURT S ORDER ISSUED ON OCTOBER 31, 2005 ITS JUDGMENT ISSUED ON SEPTEMBER 11 2006 TO DECLARE VOID FOR THE LACK OF JURISDICTION ETC THE JUDGMENT ISSUED IN SLTIT 363 679 1ST JDC OF CADDO PARISH TO DECLARE ABSOLUTELY VOID ALL PROCEEDINGS IN SUITS 325 511 325 512 AND 328 772 FILED IN THE 1ST JDC OF CADDO PARISH FOR RELIEF

ON EXCEPTIONS OF RES JUDICATA MOOTNESS AND NO CAUSE OF
ACTION FOR THERE IS NO LONGER A VALID FEDERAL JUDGMEN FOR
THE EXCEPTIONS AND FOR FEDER AL CIVIL RIGHTS VIOLATIONS".
231.

The May 24, 2011 Petition provided in pertinent parts:

"NOW INTO COURT Comes Petitioners Larry E Clark in Proper Person and who
represents 1 This Is A Civil Suit For A Writ of Mandamus Against A State Official
To Perform A Ministerial Duty As rz Action For State and Federal Constitutional
Compensation For The Taking Of Private Property For Nullity of Prior State
Court's Judgments For Federal Civil Rights Violations And For All Other State
and Federal Relief Allowed by Law 2 This State Court has jurisdiction because this
suit requests that a Writ of Mandamus be issued to the Secretary of the Louisiana
Department of Transportation Development."

232.

Plaintiff also realized that all three (3) Judgments that the 19th JDC had

granted the exception of res judicata; that exception had been sustained based upon

judgments issued by courts that had no subject matter jurisdiction.

233.

An opinion involving **res judicata** issued by the LA First Circuit in the

case of <u>Succession of Crute v. Crute</u>, 226 So.3d 1161 (La.App. 1st Cir. 2017), the

Court ruled in pertinent part:

"A null judgment is never valid and any proceedings conducted under the authority
of a null judgment are absolutely void. If a judgment is an absolute nullity, such
nullity may be invoked by anyone against whom it is interposed and whenever and
wherever it is asserted. *Frisard v. Autin*, 1998-2637 (La. App. 1 Cir. 12/28/99),
747 So.2d 813, 819 n. 11, *writ denied*, 2000-0126 (La. 3/17/00), 756 So.2d
1145 (only actions to annul relatively null judgments must be brought in the trial
court that rendered the judgment). A person with interest may show such nullity
in *collateral proceedings* at any time and before any court, for absolutely null
judgments are not subject to the venue and the delay requirements of the action of
nullity. *Louisiana Public Defender Bd. v. Dorroh*, 2015-1277 (La. App. 1 Cir.
5/12/16), 195 So.3d 522, 527, *citing Roach v. Pearl*, 1995-1573 (La. App. 1 Cir.
5/10/96), 673 So.2d 691, 693; *see also Reed v. Louisiana Bd. of Pharmacy*, 1996-
1792 (La. App. 1 Cir. 9/19/97), 700 So.2d 926, 928. Furthermore, while relatively
null judgments must be attacked directly and within the time limitation set forth in
La. C.C.P. art. 2004, absolutely null judgments may be attacked collaterally, at any
time, by rule or by any other method. *In re J.E.T.*, 2016-0384 (La. App. 1 Cir.
10/31/16), 211 So.3d 575, 581. Such a collateral attack may include the assertion
of the absolute nullity of a judgment as an affirmative defense, such as in an
answer, by exception, or by contradictory rule or motion. *In re J.E.T.*, 211 So.3d at
581.

72

Besides being able to be collaterally attacked, an absolutely null judgment is not res judicata. *In re Raz*, 2003-0893 (La. App. 1 Cir. 02/23/04), 871 So.2d 363, 367, *legislatively overruled on other grounds; Joshua Inv. Corp. v. Home Sales Counseling, Inc.*, 39,251 (La. App. 2 Cir. 1/19/05), 892 So.2d 151, 158, *writ denied*, 2005-0442 (La. 4/29/05), 901 So.2d 1066, and *writ denied*, 2005-0795 (La. 5/20/05), 902 So.2d 1051. As stated previously, an 1178*1178 absolutely null judgment is never valid and any proceedings conducted under the authority of a null judgment are absolutely void. *Frisard*, 747 So.2d at 820. Therefore, we deny the exception raising the objection of res judicata."

234.

In response to all Plaintiff's May 24, 2011 Petiton and Rule to Show Cause, the DOTD filed various motions and exceptions requesting for the 19th JDC to dismiss the new Petition and all of his Rule to Show Causes arguing that the Court had no jurisdiction over the following as a result of the Opinion issued by the LA First Circuit in No. 2007 CA 1364;

(1) The original petition was file on March 8, 1996 requesting a Writ of Mandamus;
(2) On November 22, 1996 a First Amended Petition For Damages Was Filed;
(3) On February 8, 1998 a Second Amended Petition was filed;
(4) On May 24, 2011 a Rule To Show Cause for Nullity of Judgment was filed;
(5) **Also on May 24, 2011a Petition for Nullity of Judgment, a Writ of Mandamus; and Federal Civil Rights violations was filed**; and
(6) On January 19, 2012 a Rule To Show Cause was filed.

235.

That DOTD's Contract Private Attorney Julie Lafargue on behalf of the DOTD filed various exceptions and motion in response to Plaintiff's May 11, 2011 filed Petition continuing to deny Plaintiff and L & M their federal constitutional rights, and on December 10, 2012, Trial Judge Janice Clark issued an Interlocutory Judgment against Plaintiff but in favor o the Louisiana Department of Transportation And Development that provided in pertinent part:

"JUDGMENT

For the reasons stated in Open Court on September 10 2012 as reflected by the minutes of the Court of that date:

The Exceptions of No Right of Action No Cause of Action Lack of Subject Matter Jurisdiction and Res Judicata filed by the State of Louisiana Department of Transportation and Development are GRANTED and the Petition for Writ of Mandamus the First Amended Petition for Damages and Writ of Mandamus and

73

the Second Amended Petition and all claims asserted in those petitions are DISMISSED with prejudice.

The Rules to Show Cause filed May 24 2011 and January 19 2012 by Larry Clark are DISSSED with prejudice."

236.

Plaintiff not aware that the Trial Court's December 10, 2012 Judgment was Interlocutory based upon the Court did not dismiss his May 24, 2011 Petition, he in error filed an appeal.

237.

On appeal, the Court of Appeal of Louisiana, First Circuit, the Appellate Court did not convert the appeal to a Supervisory Writ Application, and it without subject matter jurisdiction affirmed the December 10, 2012 Interlocutory Judgment. See *Clark v. State, Dept. of Transp. & Dev.,* 2013-0371 (La. App. 1 Cir. 11/8/2013), 2013 WL 5972214.

238.

Afterwards, Plaintiff realized that the December 2012 Judgment of the 19th JDC Trial Court that he had appealed was an Interlocutory-non-appealable Judgment. Judge Clark had not certified nor designated the Judgment for an immediately appeal.

239.

On August 14, 2015; on November 10, 2015, and on February 19, 2016, DOTD's Contract Private Attorney Julie Lafargue had Judge Clark to enter minute entries against Plaintiff and requesting him to pay $16, 442.16, and thereby denying him the right to proceed without the payment of advance costs all in order to continue Plaintiff and L & M their rights state and federal constitutional rights. Therefore Plaintiff in 2015 was forced to pay in advance to file a second nullity petition into suit No. #425,690-D, seeking for the nullity of the 2013 Opinion issued by the LA First Circuit affirming on appeal the non-final and non-appealable Judgment.

240.

Additionally, Plaintiff realized that not only was the September 11, 2006 Judgment void because it sustained res judicata based upon Judgments issued from courts that had no subject matter jurisdiction, the October 6, 2005 Commissioner's Report and the September 2006 Judgment of the 19th JDC, neither adjudicated the other parties and legal malpractice claims that were added in the Second Amended Petition filed on February 6, 1998 by Attorney Henry Jones on behalf of L & M. As  result, the Trail Court's September 11, 2006 Judgment was Interlocutory; non-final; and non appealable.  The First Circuit did not convert the appeal to a Supervisory Writ and as a result it had no subject matter jurisdiction under: <u>R. J. Messinger, Inc. v. Rosenblum</u>, No. 2004-1664, 894 So.2d 113 (La. 3/2/05); and <u>City of Baton Rouge v. American Home Assurance</u>, 951 So.2d 1113 (La.App.1[st] Cir.2006).

<div align="center">241.</div>

The Second Amended  Petition filed by Attorney Jones added all of these same legal malpractice defendants, all of the same attorneys, the DOTD and all of DOTD's same employees, agents, and contractors, and added all of the exact same state and federal claims against all of the Defendants that are in this Caddo Parish Suit, No. 362,381.

<div align="center">242.</div>

Furthermore, the October 6, 2005 Commissioner's Report of the 19th JDC and the September 2006 Judgment of the 19th JDC, that granted res judicata and dismissed the suit with prejudice, neither was aware that this Caddo Parish suit sub judice No. 362,381 was still pending, as a result that it had been submitted and taken under advisement by Judge Roy Brun.

<div align="center">243.</div>

On March 09, 2016, Plaintiff filed into the 19th JDC suit No. 425,690, a:

**"AMENDED AND SUPPLEMENTAL PETITION
FILED BEFORE ANSWER IS SERVED:TO DECLARE VOID UNDER LA-
C.C.P. ART. 2004 THE PARTIAL JUDGMENT ISSUED ON DECEMBER**

**10, 2012 AS STATE RES JUDICATA LAW WAS APPLIED BUT FEDERAL LAWS ON RES JUDICATA, JUDICIAL ESTOPPEL, AND ISSUE OF PRECLUSION MUST BE APPLIEDWHEN A FEDERAL JUDGMENT SUSTAINS RES JUDICATA; NO RES JUDICATA CAN BE GRANTED AGAINST L & M A CORPORATIONAS IT DID NOT APPEAR IN THE FEDERALCOURTS AND JUDGMENTS VIOLATED DUE PROCESS CLAUSE IN 5TH& 14TH AMENDMENTS; FEDERAL JUDGMENTS ARE NULL AND VOID SINCE SUITS WERE FILED BY A NON ATTORNEY FOR L & M; FEDERAL SUITS ARE VOID AS COURTS COMMITTED A PLAIN USURPATION OF POWER AS THEY HAD NO JURISDICTION AT ALL AND DENIED DUE PROCESS; FOR ABSOLUTE NULLITY OF STATE SUITS #363,679; #325,511; #325,512; AND #328,772 FORLACK OF SUBJECT MATTER JURISDICTION/FAILURE TO JOIN DEFENDANT/INDISPENSEABLE PARTY ART. C.C.P. ART. 641/ LA-R.S.9:2754-2756".**

244.

Private Contract Attorney Julie Lafargue on be half of the DOTD, filed a motion and/or an exception for the dismissal of Plaintiff March 09, 2016 Petition, based on the December 10, 2012 Judgment and Opinion No. 2013 CA 0371 issued by the LA First Circuit affirming the December 10, 2012 Judgment.

245.

Plaintiff filed into the case a motion to have the exception of res judicata declared unconstitutional.

246.

At as hearing held on the DOTD's motion and/or exceptions, and Plaintiff's motion to declared res judicata unconstitutional, Plaintiff argued that the Court's December 10, 2012 Judgment was Interlocutory and the Court did not certify and/or designate for the Judgment to be immediately appealed.

**DOTD'S ATTORNEY TERRENCE J. DONAHUE JR., CONTINUES WITH THE ATTEMPTSTO OBTAIN A MONEY BRIBE AND/OR MONEY KICK BACK FROM PLAINTIFF AND/OR CONTINUES WITH THE PLANNED FEDERAL CONSPIRACY DESIGNED TO DENY THE STATE AND FEDERAL CONSTITUTIONAL RIGHTS FOR DUE PROCESS AND FOR COMPENSATION TO PLAINTIFF AND THE CORPORATION THAT BEGUN YEARS EARIER BY THE DOTD'S ORIGINAL CONTRACT ATTORNEYS: RONALD J. BERTRAND AND CHARLES E. SOILEAU**

247.

76

On August 23, 2011 the former attorney of record for L & M Hair Care

Products, Inc., Paula Cobb filed into the record of suit No. 425,690-D, and served

on the DOTD, her "EX PARTE MOTION TO WITHDRAW AS COUNSEL"

giving notice that she had retired from the practice of law in July 2010; no longer

had law license to practice and she had moved to Lihue, Hawaii.

248.

Later, Plaintiff's Larry E. Clark forwarded a letter dated May 29, 2020 to

the Honorable Judge Janice Clark and to the 19th JDC Clerk of Court , along with a

motion and an Order requesting for a date to be set for a hearing to be held on his

pending Petition For Writ of Mandamus to be issued to the Secretary of the DOTD.

249.

Plaintiff's letter May 29, 2020 specifically requested that the office of the

Clerk of Court to get pre-approval from the Honorable Judge Janice Clark before

filing his motion for the setting of a hearing date on his pending Petition For A

Writ of Mandamus.

250.

After the office of the Clerk of Court had obtained approval from Judge

Clark, the Clerk of Court on June 9, 2020 filed Plaintiff's letter into the record; on

June 12, 2020, Judge Clark issued an Order to be served upon Dr. Shawn D.

Wilson the Secretary of the DOTD and upon Attorney Terrance J. Donahue, Jr. the

counsel of record for the DOTD, setting a hearing to be held on July 28, 2020 at 10

a.m. for the Writ of Mandamus.

251.

Judge Janice Clark's June 12, 2020 Court Order provided that "All exhibits

and documentary evidence must be exchanged and provided to the court 15 days

prior to the hearing.".

252.

Plaintiff around July 27, 2020 via , regular U. S. Mail, received from the

DOTD's counsel of record, Attorney Terrence J. Donahue, Jr., a MOTION TO

STRIKE AND FOR SANCTIONS," providing in pertinent parts beginning at

paragraph numbers 14 and 16:

"14. On May 16, 2016, the Court again granted Plaintiff in forma pauperis status
limited only to a Motion, Memorandum, and Petition on Nullity previously
submitted for filing.  See May 16, 2016 Order on In Forma Pauperis Motion,
attached as Exhibit L.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

16. On June 9, 2020, Clark filed a "Motion to Set Hearing for the Pending
Mandamus Petition" seeling a hearing on L & M's previously dismissed
mandamus claims.  See Ex. C (October 31, 2005 Order); Ex. D (September 11,
2006 Judgment); Ex G (December 10, 2012 Judgment).

,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2020, a copy of the above and
foregoing Motion to Strike and for Sanctions was served upon all counsel of record
via electronic transmission to:

| Paula Cobb | Ms. Erin Day | Mr. Larry E. Clark |
|---|---|---|
| 1211 Carter Ave. | P. O. Box 94005 | P. O. Box 76752 |
| Baton Rouge, LA 70806 | Baton Rouge, LA 70804 | Atlanta, GA 30358 |
| Counsel for L & M Hair | Asst. Attorney General | Courtsey Copy |
| Care Products, Inc. | | ( via USPS)" |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

253.

A Court Order was attached to the "MOTION TO STRIKE AND FOR

SANCTIONS," that Plaintiff received from the DOTD's Attorney Terrence J.

Donahue, Jr,, was completely blank.  It gave no date, or time that a hearing would

be held, and it was not signed by Judge Janice Clark.

254.

Plaintiff in accordance with Judge's Clark's Order, he timely submitted to

Judge Clark and to DOTD's Attorney Terrence J. Donahue, Jr., all of Plaintiff's

documents he would introduced at the July 28, 2020 hearing for the Writ of

Mandamus.

255.

On July 28, 2020 Plaintiff appeared in Trial Court along with the DOTD's

Attorney Terrence J. Donahue, Jr,, before the Honorable Judge Janice Clark, Plaintiff informed the Court that he was appearing in court Pro Se only as to his person interests he had purchased in the claim of the corporation L & M.

256.

Plaintiff, also while in court on July 28, 2020 informed the Court that he was not present for a hearing on the DOTD's "MOTION TO STRIKE AND FOR SANCTIONS," that he just received on that same day from the DOTD's Attorney Terrence J. Donahue, Jr,, that was completely blank; gave no date, or time as to when a hearing would be held for the motion, and it was not signed by Judge Janice Clark.

257.

At the July 28, 2020 held hearing Judge Clark stated that she had not seen the DOTD's Motion to Strike and For Sanctions and had not signed an Order setting a hearing and as a result the motion would be held in abeyance. The Judge acknowledged having received Plaintiff's evidence in support of the Mandamus and ruled to take the matter under advisement.

258.

Later on around November 5, 2020 Plaintiff received a copy of a letter from to the DOTD's Attorney Terrence J. Donahue, Jr., providing in pertinent parts:

"November 2, 2020

Ms. Paula Cobb
1211 Carter Ave.
Baton Rouge, LA 70806

Dear Ms. Cobb:

Enclosed please find the proposed order from the Motion to Strike and for Sanctions hearing conducted on October 19, 2020, which includes a Rule 9.5. Certificate. Please let me know of any objections within five (5) working dsys of this letter.

Thank you for your time and attention to this matter.

Sincerely,

Terrence J. Donahue, Jr.
Counsel for State, DOTD

Enclosures: Proposed Order

cc:    Ms. Erin Day                    Mr. Larry E. Clark
       P. O. Box 94005                 P. O. Box 76752
       Baton Rouge, LA 70804           Atlanta, GA 30358"

*********************************************************************

259.

Plaintiff from the copy of Attorney Terrence J. Donahue Jr's letter dated

November 2, 2020, Plaintiff uncovered that a Court hearing had been held on

October 19, 2020, without him having been provided no type of a notice from any

one.

260.

Therefore, Plaintiff contacted the office of the Clerk of Court to obtain a

copy of the transcript of the October 19, 2020 held hearing.  The transcript

revealed that DOTD's Attorney Terrance J. Donahue, Jr., had appeared in court

and had totally misled Judge Janice Clark to believe that Plaintiff had been

provided with service of a Notice of the October 19, 2020 hearing to be held.

261.

Later Plaintiff forwarded several of his letters: dated November 14, 2020;

November 16, 2020; November 21, 2020; and November 24, 2020, addressed to

the  Honorable Judge Janice Clark and the Clerk of Court along with several  Ex

Parte Motions to be presented to Judge Clark her pre- approval before being file.

262.

The two Ex Parte Motions were entitled:

" **EX PARTE MOTION UNDER THE AUTHORITY OF <u>IN RE</u>**
**<u>MANSFILED NORTHEASTERN  R. V. NABORS, 135 La. 807, 66 So. 229</u>**
**<u>(La.9/29/1914),</u> TO HAVE  DECLARED ABSOLUTELY VOID**
**EXPROPRIATION SUIT #363,679 FILED BY L & M HAIR CARE**
**PRODUCTS, INC. AGAINST THE STATE OF LOUISIANA,**

80

DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT; TO HAVE DECLARED ABSOLUTELY VOID THE 1987 JOINT STIPULATION/TRANSACTION AND COMPROMISE /AGREEMENT/JUDGMENT FILED INTO THE THREE (3) 1986 FILED SUITS UNDER THE AUTHORITY OF <u>KRUEGER V. TABOR,546 So. 2d 1317 (La.App.3rd Cir. 1989)</u> AND <u>RABORN v. RABORN</u>, UNPUBLISHED N0. 2013 CA 1211, La.App.1st Cir. 11-13-2014) AS TO L & M HAIR CARE PRODUCTS, INC.; AND UNDER THE AUTHORITY OF <u>ANSLAVE v. STATE FARM MUTUAL INSURANCE COMPANY</u>, 669 So.2d 1328 (La.App. 4th Cir. 1996) AND BIOSONIX, LLC v. OLSON, 185 So. 3d 924 (La.App. 3rd Cir. 2016) TO DENY FULL FAITH AND CREDIT TO ANY FEDERAL JUDGMENT AS TO L & M HAIR CARE PRODUCTS, INC. SINCE THE CORPORATION NEVER APPEARED IN FEDERAL COURT

and

EX PARTE MOTION UNDER THE AUTHOURITY OF THE FORMER VERSION OF INDISPENSABLE PARTY LAW LSA-C.C.P. ART. 641, <u>MULLANE V. CENTRAL HANOVER BANK & TRUST CO.</u> 339 U. S. 306 (1950); <u>CEDRIC RICHMOND V. BOARD OF COMMISSIONERS OF ORLEANS LEEVE DISTRICT</u>, 2 So.485 (La.App. 4th Cir.2008) AND <u>HERNANDEZ V. STATE OF LOUISIANA, DEPT. OF TRANSP. & DEVELOP.</u>, 622 So.2d 1194 (La.App.4th Cir. 2002) TO HAVE DECLARED ABSOLUTLEY VOID THE LOUISIANA DEPT. OF TRANSP.S' 1986 EXPROPRIATION SUITS: <u>STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT V. LARRY E. CLARK AND MELVENIA S. CLARK</u>, NUMBERS 325,511, 325,512; AND 328,772 CONSOLIDATED, 1ST JUDICIAL DISTRICT COURT OF CADDO PARISH FOR THERE ARE DEFECTS PATENT ON THE FACE OF PROCEEDINGS AS CAN BE SEEING IN THE OPINION ISSUED BY THE LOUISIANA SECOND CIRCUIT COURT OF APPEAL IN <u>STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT V. LARRY E. CLARK AND MELVENIA S. CLARK</u>, 548 So.2d 365 (La.App.2d Cir.1989), WRIT DENIED, 552 So.2d 395 (La.1989)."

263.

Judge Janice Clark had the Clerk of Court to file into the record all of

Plaintiff's November 2020 letters. For the two Motions, for the office of the Clerk

of Court, Judge wrote on each of the Orders attached to the Ex Parte Motion, "File

AS is, Set for Contradictory hearing Janice Clark on 12-1 20".

264.

As a result of Judge Clark instructing the office of the Clerk of Court to set

Plaintiff's two Ex Parte Motions for a Contradictory hearing, on the 14th

December, 2020, the Clerk of Court via U. S. Mail forward a Notice to Plaintiff

providing in pertinent parts:

"YOU ARE HERHEBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE ON 03/29/2021 AT 9:30 AM FOR CONTRADICTORY HEARING."

265.

On March 29, 2021, Plaintiff appeared in the 19th JDC Trial Court for a

hearing for the Contradictory hearing and also appeared at the hearing was

DOTD's Attorney Terrance J. Donahue, Jr.

266.

At the hearing DOTD's Attorney Terrance J. Donahue, Jr., immediately

informed the newly presiding Trial Court Judge, Judge Ronald Johnson that he had

been granted a Motion to Strike and For Sanctions, thereby Striking Plaintiff's

Motion filed regarding the issuing of the Writ of Mandamus; and all of Plaintiff's

Ex Parte Motions that were set to be heard at the March 29, 2021 hearing.

267.

The March 29, 2021 transcript of the hearing on page 11 at beginning at

paragraph 5:

"5     **MR. DONAHUE:**
6              I'D ASK THAT THIS -- MR. CLARK'S MOTIONS BE
7      STRUCK  IN ACCORDANCE WITH JUDGE CLARK'S PREVIOUS
8      ORDER.   AS I DISCUSSED WITH JUDGE CLARK, I'M  NOT
9      SEEKING MONETARY SANCTIONS.  MR. CLARK, OBVIOUSLY
10     IS VERY  IMPASSIONED.  I'M NOT UNSYMPATHETIC TO HIS
11     POSITION, BUT, THIS IS-- YOU KNOW,  HAS BEEN  GOING
12     ON  FOR OVER 35 YEARS,  AND  IT  IS  A DRAIN ON  STATE
13      RESOURCES THAT COULD BE USED - - BETTER USED IN
14     ASSISTING OTHER INDIVIDUALS.  MR.  CLARK HAS  HAD
15     HIS DAY IN COURT ON SEVRAL  OCCASINS,  AND  THERE
16     ARE NO CLAIMS THAT REMAIN TOBE RESOLVED IN THIS
17     LITIGATION.
18     **THE COURT:**
19              VERY WELL.
20     **MR. CLARK:**
21         YOUR HONOR, CAN I MAKE A ONE RESPONSE, PLEASE?
22     **THE COURT:**
23          YOU MAY.
24     **MR. CLARK:**

82

```
25              YOUR  HONOR, WHEN HE FILED HIS MOTION TO
26      STRIKE FOR SANCTIONS,  HE DID NOT HAVE THE MOTION
27      SERVED ON ME. NO COURT THAT I DID NOT KNOW ABOUT
28      -- THE JUDGMENT  HE'S REFERRING TO UNTIL THIS PAST
29      FRIDAY --
30      THE COURT:
31              ALL ROGHT.  LET ME  --  ME CHECK SERVICE
32      THE MOTION. STAFF, CAN YOU ALL VERIFY SERVICE WAS
```

OVER TO PAGE 12
```
1       MADE ON MR. CLARK  IN  THIS  MATTER?    COUNSEL WAS
2       SEVICE PERFECTED?
3       MR. DONAHUE:
4               YOUR HONOR, I TYPICALLY SEND A COURTESTY COPY
5       TO MR. CLARK.
```
...................................................................
```
16      THE COURT:
17              SO YOU SAID YOU SENT HIM A COURTESY COPY?
18      MR. DONAHUE:
19              THAT'S CORRECCT, YOUR HONOR.
20      THE COURT:
21              AND IT WASN'T SERVED BY THE SHERIFF?
```
........................................................................
```
22      MR. DONAHUE:
23              MR. CLARK DOES NOT LIVE IN LOUISIANA, YOUR
24      HONOR.  HE LIVES IN GEORGIA.
```
...................................................................
OVER PAGE 13
```
1       MR. CLARK:
2               YOUR HONOR, I'M A CITIZEN OF GEORGIA. TO
3       HAVE PERSONAL JURISDCITION OVER ME, HE HAS TO
4       SERVE ME BY LONG-ARM STATUTE.  I HAVE THE COURTESY
5       COPY THAT HE SENT ME IN THE MAIL.  IT HAS NO COURT
6       DATE, IT HAS NOTIME, AND THE JUDGE DID NOT SIGN
7       THE ORDER....................................................
```
...................................................................
```
10      I'M ONLY
11      CONCERNED ABOUT MY PERSONAL INDIVIDUAL INTEREST
12      THAT I PURCHASED IN THE CLAIM OF L & M....................
```
...................................................................
```
30      THE COURT:
31              ARE YOU - - ITS' MY UNDERSTANING YOU'RE
32              OBJECTING TO SERVICE?
```
OVER TO PAGE
```
1       MR. CLARK:
2               I'M OBJECTING---"
3
```

<div align="center">268.</div>

However later on May 13, 2021 Judge Ronald R. Johnson issued an Order

striking granting Plaintiff's two Ex Parte Motions filed, and ruled that the Order

signed by Judge Janice Clark on December 14, 2020, striking Plaintiff's Motion

83

For the Mandamus also remained in effect.

269.

  The law and all of the abundance of evidence confirm that DOTD's

Attorney Terrance J. Donahue, Jr., filed all of the motions to strike Plaintiff's

motion in order to continue with the trying to obtain a money Bribe and/or Money

Kick Back and/or with the federal conspiracy to deny Plaintiff and L & M Hair

Care Products, Inc., their state and federal constitutional rights.

270.

Several months later, at 1st JDC for Caddo Parish, DOTD's Attorney

Terrance J. Donahue, Jr., appeared   in the trial court on July 19, 2021 with

Plaintiff concerning various filing Plaintiff had filed into the DOTD's pending

1986 filed consolidated expropriation suits, and the court had set to be heard.

271.

  At the July 19, 2021 held hearing at the 1st JDC for Caddo Parish, Attorney

Terrance J. Donahue, Jr., had several days earlier filed a Motion to Strike and For

Sanctions against Plaintiff into the 1986 pending suits and had brought the

December 2020 Order and the May 2021 Order of the 19th JDC that had been

issued against Plaintiff.

272.

  At the July 19, 2021 hearing Plaintiff objected to the court hearing the

motion filed to Strike and For Sanctions filed against Plaintiff because Plaintiff had

not been served with the motion and had not waived service.

273.

  Also on July 19, 2021 at the hearing at the 1st JDC for Caddo Parish for

the 1986 expropriation suits, Plaintiff informed the Court and the DOTD's two

Attorneys present at the hearing: Terrance J. Donahue, Jr., and Mr. Andrew Barry

that there were a pending suit that everyone had forgotten, and that Plaintiff had

just on that same day filed into that suit, No. 362,381, a motion to declare three

judgments absolutely void.

274.

Plaintiff's nullity motion was filed regarding several of judgments issued in

the expropriations suits, and a Order issued in this suit No. 362,381. Therefore,

Plaintiff requested that service be made on Attorney Terrance J. Donahue, Jr. and

the Legal Malpractice Defendants' attorney of record, Attorney Sarah Kirkpatrick.

275.

The trial court asks the two attorneys were that are aware of the filing and

were they even aware of this suit, and both attorneys informed the court that they

were not ware of suit No. 362,381.

276.

As a result of informing the court of the filings Plaintiff had made into

pending suit #362,381, the court ruled to have a continuance for the hearing that

was to be held on July 19, 2021 for the 1986 expropriation suits.

277.

On July 28, 2021 Plaintiff filed an amended and supplemental petition into

this pending suit #362,381 and had it served  on Attorney Terrance J. Donahue, Jr.

and the Legal Malpractice Defendants' attorney of record, Attorney Sarah

Kirkpatrick.

278.

Later, the DOTD's attorneys: Terrance J. Donahue, Jr., and Mr. Andrew

Barry contacted the Legal Malpractice Defendants' attorney of record, Attorney

Sarah Kirkpatrick, and that conspired together.

279.

Afterwards, Attorney Sarah Kirkpatrick, filed a motion in suit No. 362,381

to with draw as counsel of record for the Legal Malpractice Defendants for

attorneys, and for to enroll.

85

280.

Later on Attorney Sarah A. Kirkpatrick had her Affidavit prepared alleging that Plaintiff had not served her with his filing made into the record on February 28, 2003.

281.

That on October 6, 2021 based upon the Affidavit of Attorney Sarah A. Kirkpatrick, the newly enrolled Attorneys James A. Brown and Sheri L. Corales, filed a motion requesting for an Order of Dismissal Without Prejudice of suit No. 362,381 for failure of Plaintiff to prosecute under LA-CCP. Art. 561.

282.

The record is clear that Attorney Sarah A. Kirkpatrick on May 1, 2000 filed the exception of res judicata on behalf of Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Inc.

283.

Also, the record is clear that neither Judge Brun nor any other Judge have issued a Judgment for Attorney Sarah A. Kirkpatrick's May 1, 2000 exception of res judicata, she filed on behalf of Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Inc.

284.

The record and evidence clearly confirm that the Motion to Dismiss this suit, No. 362,381 that was filed on October 6, 2021 by Attorneys James A. Brown and Sheri L. Corales, was not filed until after Plaintiff had on July 19, 2021 appeared in the Caddo Parish Trial Court with the DOTD's attorneys: Terrance J. Donahue, Jr., and Mr. Andrew Barry,

285.

On July 19, 2021 when Plaintiff appeared in court along with the DOTD's

attorneys: Terrance J. Donahue, Jr., and Mr. Andrew Barry, it was in regards for a hearing to be held regarding 1986 consolidated expropriations suits.

286.

Therefore, it is clear that DOTD's attorneys: Terrance J. Donahue, Jr., and Mr. Andrew Barry, the State Defendants, acting under color of color along with Attorney Sarah A. Kirkpatrick, Attorneys James A. Brown and Sheri L. Corales, and Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Inc., all filed and/or caused to be filed the October 6, 2021 Motion of Dismissal in this suit No. 362,381 in order to continue to deny, to prevent, deprive, and hinder, the Plaintiffs in this suit from obtaining their state and federal constitutional and other rights.

287.

Additionally, it is clear that once the October 6, 2021 Motion To Dismissal of this suit was filed on behalf of Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Ltd, and , then Anna E. Dow, and GUS ALEXANDER FRITCHIE, III, Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza, decided to also agree with DOTD's attorneys: Terrance J. Donahue, Jr., and Mr. Andrew Barry, Shawn D. Wilson, Charles McBride along with Attorney Sarah A. Kirkpatrick, Attorneys James A. Brown and Sheri L. Corales, and Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Ltd,, in order to continue to deny, to prevent, and to deprive the Plaintiffs in this suit from obtaining their state and federal constitutional and other rights.

288.

All previously issued state and/or federal Judgments that granted any Defendants an exception of res judicata based upon a previously issued state court Judgment from 1986 consolidated expropriation suits and/or based upon a state court Judgment from the 1990 filed expropriation suit, the Judgment and the exception sustaining the exception are invalid under the authority of <u>Greer et al., v. State of Louisiana et al.</u>, 616 So.2d 811 (La.App. 2nd Cir. 1993). Greer clearly shows that Res judicata cannot be legally sustained, as a result of the applicable 1990 pre-amended version of Res judicata law, LA-CC. Art. 2286 is applicable to any Judgment issued in the in the (5) following filed **pending suits**: this originally filed May 11, 1990 suit No. 362,381; DOTD's three (3) 1986 filed consolidated expropriation suits; as well as to L & M's 1990 filed expropriation suit.

289.

All the Judgments issued in the five (5) pending state court suits are under direct review and are subject to further appeal in this suit.

**JUDGE LORD JESUS CHRIST HAS SAID TO PLAINTIFF THAT NO MAN IS ABOVE THE LAW AND EVERY MAN WHO BREAKS THE LAW WILL BE HELD ACCOUNTABLE REGARDLESS OF SKIN COLOR, AND PLAINTIFF HAS BEEN INSTRUCTED TO SUE ALL LAW BREAKERS**

290.

Exceptions of res judicata and other motions have been filed into this suit No. 362,381, based solely upon Judgments issued by the U. S. District Court in New Orleans, LA in the suit Plaintiff filed, <u>Clark v. Land, et al</u>, suit #97-1266. Judge Brun sustained several of the exceptions and/or motions and he issued two Judgments of dismissal in March 2000 and issued one Judgment in April 2000. The Judgments granted dismissals in favor of Defendants: Anna E. Dow, and her law firm Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza; and in favor of Defendants: DOTD, and its attorneys, employees/officials and/or its contractors/agents: James M. Dousay, Paul Ray Dry, Edward A. Michel, Frank Denton, Lawrence A. Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David Guillette, Keats Everett, Roger L. Burford, and Eugene E. Chiarulli.

291.

The Judgments issued by the New Orleans District Court were all issued

as a result of the District Court adopting various Reports & Recommendations

made by Defendant Ivan L. R. Lemelle, who was at the time of the pending suit,

the Magistrate Judge for the federal case.

292.

At the U. S. District Court in New Orleans, LA, for Clark v. Land, et al.,

No. 97-1266, filed in September 1997, Defendants, Gregory Carl Weiss and

Stephen R, Barry represented DOTD, and its attorneys, employees/officials and/or

its contractors/agents: James M. Dousay,  Paul Ray Dry, Edward A. Michel, Frank

Denton, Lawrence A. Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E.

Soileau, Bertrand & Soileau, H. David Guillette, Keats Everett, Roger L. Burford,

and Eugene E. Chiarulli.

293.

Defendants, John M. Wilson and his law firm Liskow & Lewis, was

granted a Judgment of dismissal with prejudice , in the New Orleans suit, based

upon an exception of prescription and/or an exception of res judicata, based upon a

non-final Judgment issued in this always pending Caddo Parish suit No. 362,381.

294.

A Judgment obtained from the Federal New Orleans suit #97-1266, by

Defendants John M. Wilson and his law firm Liskow & Lewis, is the sole basis for

the May 1, 2000 filed exception of res judicata, into this suit No. 362, 381by

Defendants, Sarah A. Kirkpatrick and Joseph Shea, seeking for dismissal on behalf

of  Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham,

Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and their Insurer, Attorneys'

Liability Assurance Society, Ltd.

295.

However, as made clear as previously cited above,  Plaintiff's 2021 related

filed federal suit Clark v. Edwards, No. 21-177, 2022 WL 193741, at *7 (M.D. La.

Jan. 3, 2022), where the District Court adopted in full the Magistrate Judge's Report, as to all ruling made therein.

296.

It is perfectly clear therein, *Clark v. Edwards,* No. 21-177, 2022 WL 193741, (M.D. La. Jan. 3, 2022), that no judgment issued by a lower federal court in any related federal courts suit, can sustain an exception of res judicata.

297.

For this pending suit No. 362,381, the record and evidence confirm thatr Plaintiff was denied the right to file an appeal for three (3) separate previously issued Judgments of Judge Brun granting exceptions of res judicata to many of the Defendants. For years Plaintiff has been waiting for the Trial Court to issued a Judgment on behalf of Attorney Robert L. Ledoux, his law firms and his Insurer based upon their former attorney of record, Defendant Sarah A. Kirkpatrick pending and under advisement, the May 1, 2000 filed exception of res judicata. When a Judgment is issued, Plaintiff will finally be able to file an appeal on all the Judgments issued granting an exceptions of res judicata to the various Defendants.

298.

Defendants John M. Wilson and his law firm Liskow & Lewis along with Defendant Attorney Sarah A. Kirkpatrick, on behalf of Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Ltd., along with DOTD's Attorneys Ronald J. Bertrand, Jerald Perlman; Defendants, Gregory Carl Weiss and Stephen R, Barry, colluded and/or conspired, to deny Plaintiff the right to an appeal, they never requested for this Court in this suit #362, 381, to issue a Judgment for the May 1, 2000, filed exception of res judicata.

299.

It is clear that neither Judge Brun or Judge Lafitte has every issued a

Judgment for the May 1, 2000 filed exception of res judicata.

300.

Furthermore, it is clear that all of the Defendants filed motions to strike and motions for sanctions to be issued against Plaintiff in order to prevent him from having any money for the filing any type of appeal or for review at the Second Circuit. At the November 13, 2000 held hearing, DOTD's Attorneys Ronald Bertrand and Jerald Perlman had Judge Brun to revoke Plaintiff's previously issued Order that allowed him to proceed In Forma Pauperis without the advance payment of cost for his filings.

301.

Two (2) "AFFIDAVITS" were filed into the record of this suit #362,381, on December 30, 1999, by Defendant, SARAH A. KIRKPATRICK, counsel of record for Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., confirming that she had served Larry E. Clark in accordance with the Louisiana's Long Arm Statute, her Motion to Strike, an Ex Parte Debtor Judgment Examination Motion. The Court signed an Order setting both matters to be heard on January 3, 2000.

302.

Defendant, SARAH A. KIRKPATRICK, counsel of record for Defendants: Attorney Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their insurer Attorney Liability Assurance Society Ltd., did perform the requested Debtor Judgment Examination on Plaintiff and she obtained all financial information from Plaintiff regarding his lack of finances, and showing he the Plaintiff was able to pay he the Sanctions Judgment $2000.00 issued against Plaintiff by Judge Thaxton.

303.

Defendant SARAH A. KIRKPATRICK was provided Plaintiff's financial

91

information, and she later provided the information to DOTD's Attorneys Ronald

Bertrand and Jerald Perlman.  They all knew that Plaintiff did not have money to

pay for his future filings that may be need to be filed into the record and they had

Judge Brun to revoke Plaintiff's right to proceed In Forma Pauperis.  They

colluded and conspired without presenting  any evidence to the Judge that Plaintiff

did have the finances to pay for any of his future  filings he needed to file into the

record.

304.

The record is clear that Plaintiff was not allowed to proceed IFP in this suit

for nearly 18 years. Plaintiff had to file a new motion to proceed IFP  after Judge

Lafitte who had become the new presiding Judge.   Judge Lafitte granted Plaintiff's

IFP's motion and a new Order was issued allowing Plaintiff to proceed IFP,

regarding his all of personal interests, which included  his personal partial legal

interests he purchased in 2002 and 2007, from L & M., in the claim of L & M, the

corporation in regards to these legal matters.

305.

In addition to having Judge Brun to revoke Plaintiff's earlier issued Order

to proceed In Formal Pauperis on November 13, 2000, DOTD's Attorneys Ronald

Bertrand and Jerald Perlman also had Judge Brun to issue a money Judgment

against Plaintiff  in the amount of  $17, 296.22, as Sanctions.  The Judgment was

issued for Plaintiff making filing into the record of this suit #362,381.  The

Judgment was in favor of  DOTD; past and present employees of the Department

of Transportation & Development, including but not limited to, James M. Dousay,

Paul R. Dry, Edward Michel, Frank Denton, Lawrence A. Durant, Bernie L.

Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David

Gullette, Keats Everett, Roger L. Burford and Eugene Chiarulli.

92

306.

DOTD's Attorneys Ronald Bertrand and Jerald Perlman and DOTD, its

past and present employees of the Department of Transportation & Development,

including but not limited to, James M. Dousay, Paul R. Dry, Edward A. Michel,

Frank Denton, Lawrence A. Durant, Bernie L. Malone, Ronald J. Bertrand, Charles

E. Soileau, Bertrand & Soileau, H. David Gullette, Keats Everett, Roger L. Burford

and Eugene Chiarulli., had requested Judge Brun to issued them $100,000.00 in

Sanctions based upon Plaintiff filings made in other related state and federal courts

suits, all attempting to get his state and federal constitutional rights. Judge Brun

orally ruled he had no jurisdiction over the filings Plaintiff made in the federal

courts.

307.

It is clear that DOTD's attorneys: Terrance J. Donahue, Jr., and Mr.

Andrew Barry, and Charles McBride with the help of Trial Court Judge Ramon

Lafitte and Appellate Court Judge Marcus Hunter, along with Defendants:

Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy,

Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance

Society, Ltd, this suit No. then Anna E. Dow, and GUS ALEXANDER

FRITCHIE, III, Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza,

were successful in their conspiracy to prevent Larry E. Clark from filing an appeal

on all of the Judgments issued against by Judge Brun in March 2000 and in April

2000, as well as any Judgment regarding the May 1, 2000 filed exception of res

judicata., by obtaining the October 21, 2021 Order of Dismissal issued by Judge

Lafitte and by getting the Order affirmed on appeal by Judge Marcus L. Hunter.

308.

Plaintiff's December 8, 2021 filed Rule into suit No. 362,381 to set aside

Judge Lafitte's October 21, 2021 Order of dismissal and beginning on page 53 at

paragraph number 161 on over to page 54 at paragraph number they provide:

161.On February 28, 2003, at the office of the Caddo Parish Clerk of Court, Plaintiff approached, Mr. Gary Loftin, the Clerk of Court for Caddo Parish Clerk, at that time, regarding filing his Motion To Compel with the attached copy of the March 7, 2001 "WRITTEN REQUESTS FOR PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS". Mr. Loftin informed Plaintiff that he would first phoned the Judge's office, before allowing Plaintiff to file the Motion To Compel. Judge Roy Brun had previously had the Clerk of Court's office to return several of Plaintiff's documents to Plaintiff, as a result in 2000, several documents have been filed prematurely by the office of the Clerk of Court, for Plaintiff.

162. After Mr. Loftin had spoken with the Judge's office, Mr. Loftin informed Plaintiff that at that time, a District Court Rule prevented Plaintiff from filing his Motion To Compel, and that the motion could only be filed after a trial conference had been held.

163. Mr. Loftin, informed Plaintiff that the Judge's office informed him to have Plaintiff to file a copy of his March 07, 2001 "WRITTEN REQUESTS FOR PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS" into the record, and that the Court would consider the filing as a request for the Court to set a conference.

164. Therefore, on February 28, 2003, Plaintiff was allowed to only filed a copy of Plaintiff's March 07, 2001 "WRITTEN REQUESTS FOR PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS" into the record of this suit, No. 362, 381, and the Defendants have fully acknowledged the filing.

165.The Court never did set a conference; but, after having filed the February 28, 2003 "WRITTEN REQUESTS FOR PRODUCTIONS OF DOCUMENTS PROFOUND TO DEFENDANTS" into the record, Attorney Sarah A. Kirkpatrick was served with a formal discovery requests from Plaintiff within every three years: in 2006; in 2009; in 2012; in 2015; in 2018; and as recently in January 2021 (Exhibits Nos. 46, 47, 48, 49, 50, & 51)".

309.

However, in the Opinion issued by Appellate Court Judge Marcus L. Hunter, he intentionally refused to consider that without the payment of the filing fee. Judge Brun instructed Clerk of Court Gray Lofton, to allow Plaintiff to file into the record on February 28, 2001 a copy of his March 2001 served discovery request, and that Judge Brun would consider the filing, as a motion for the Court to set a pre-trial Conference with the Judge and the parties.

310.

In the Opinion, Clark v. Mangham, et al., 362 So.3d 1053 (La. App.2nd Cir.

2023), Judge Marcus Hunter's Opinion, he working with the Defendants to deny Plaintiff's federal rights, he intentionally changed Judge's Brun instructions given to the Clerk of Court and to Plaintiff regarding Judge Brun would set a pre-trial conference, for the Judge and the parties.  Defendant, Judge Hunter followed the motion to dismiss filed by Defendants James Brown, and his law firm that falsely alleged that Plaintiff had requested for a discovery conference to be held between Plaintiff and counsel of record for Defendant Robert L. Ledoux and others.  In pertinent part Defendant Judge Hunter ruled:

"The record indicates plaintiff was unable to file the motion to compel in 2003 because he did not have the certification stating a discovery conference had been held with defendant as required by local court rule. Even after being informed of this, he failed to take follow-up action to be able to file the motion. Plaintiff never tried to schedule the discovery conference which was required by local court rule before a motion to compel could be filed and he did not serve defendants with such a motion.

As plaintiff concedes, the 2003 discovery request which he filed was not served on the defendants. Discovery which is not served on all parties does not constitute a step in the prosecution of the action sufficient to interrupt the abandonment period. Thus, Clark's 2003 filing did not constitute a step in the prosecution of the action. There is no showing any other pleadings were filed or served to interrupt abandonment during the applicable period. Consequently, the action was abandoned effective March 29, 2004, three years after defendants' response to Clark's March 2001 discovery request."

311.

Additionally, Plaintiff 's Brief filed on appeal informed  Judge Marcus L. Hunter that JUDGE LORD JESUS CHRIST had revealed that the appellate court had no subject matter jurisdiction because Trial Court Judge Lafitte's October 21, 2021 Order was not final and appealable.  Appellate Court Judge Marcus Hunter's ruled  in the Opinion  that the court had jurisdiction.

312.

As for subject matter jurisdiction, being addressed on appeal, Appellate Court Judge Marcus Hunter's Opinion provided in pertinent part:

"Initially, plaintiff asserts this appeal should be converted to a writ application, arguing this court lacks subject matter jurisdiction over the appeal because the trial court's order of dismissal without prejudice was an interlocutory order. Plaintiff's argument lacks merit.

95

A final judgment is appealable in all causes in which appeals are given by law. La. C.C.P. art. 2083. The abandonment statute expressly provides for an appeal of an order of dismissal. La. C.C.P. art. 561(A)(5). This court has previously found the dismissal of a case as abandoned is a final, appealable judgment. *Yates v. Bailey,* 34,274 (La. App. 2 Cir. 12/6/00), 774 So. 2d 1103. Thus, contrary to plaintiff's argument, this court has jurisdiction to hear this appeal."

313.

Private Defendants: James Brown and his law firm on behalf of his clients:

Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy,

Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance

Society, Ltd, along with Anna E. Dow, GUS ALEXANDER FRITCHIE, III,

Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza, including the

DOTD and all of its attorneys were all conspiring and colluding with State Court

Judges Ramon Lafitte and Marcus Hunter, acting under color of the state law with

the continuation with the federal civil and criminal conspiracy to deny, hinder, and

prevent Plaintiff and L & M from receiving their state and federal rights, for this

suit No. 362,381 to be dismissed.

**THE FOLLOWING FEDERAL COURT SUITS ARE WHERE THE COURTS COMMITTED AN USURPATION OF POWER BY DECIDING THE MERITS IN CASE WHERE IT HAD NO AUTHORITY BECAUSE FEDERAL SUBJECT MATTER JURISDICTION THE U. S. CONGRESS PROVIDED IT ONLY TO THE UNITED STATES SUPREME COURT**

314.

In federal case <u>Clark et al., v. Pena, et al.,#cv96-1360</u>, the first federal case

filed and where the federal court had absolutely no jurisdiction. Defendant Judge

Donald E. Walter had refused to grant the Rule 12 (b) (1) motion for dismissal

filed by DOTD's former Attorney Charles E. Soileau. The motion showed

Defendant Judge Walter that he had no: subject matter jurisdiction; no personal

jurisdiction; and no diversity jurisdiction.

315.

However, Defendant Judge Walter refused to consider the motion filed

requesting dismissal for lack of any jurisdiction.  He proceeded to the merits and

issued a February 20, 1997 Judgment dismissing the case with prejudice against

L & M the corporation, that had not properly appeared in federal court, and based

upon the non-final 1987 "JOINT STIPULATION," filed into DOTD's1986

consolidated expropriation suits that L & M was not a party to at all, and a non-

final 1995 Judgment issued the 1990 filed and pending expropriation suit, No.

363,679.

<div align="center">316.</div>

Also, DOTD's former Attorney Charles E. Soileau, requested for

Defendant Judge Walter to Abstain from issuing a ruling informing the Judge of

the of pending state court suits: this suit, No. 362,381; expropriation suit No.

363,697; and the 19th JDC East Baton Rouge suit, #425,690-D. Judge Walter also

refused to Abstain.

<div align="center">317.</div>

Federal Judge Donald Walter's Memorandum Ruling And Order  issued

ruling on the merits, even though Attorney Soileau on behalf of DOTD's Secretary

and Administrator filed motions and memorandum showing the lack of subject

matter jurisdiction, and that Plaintiff was not an attorney.

<div align="center">318.</div>

Defendant Federal Judge Donald Walter's ruling in pertinent parts in the

first paragraph on page 2 provides:

"L & M, represented by Larry Clark, now comes to court requesting that this Court
issue a writ of mandamus ordering the DOTD to deposit a large sum of money for
the benefit of L & M in the Registry of the Court.  This sum is equal to the lease
hold advantage L & M claims to have lost due to the expropriation of the land.
Under the lease contract, which had remainder of 39 years and three months when
the expropriation suits were filed, L & M paid the Clarks $1.00 per month for rent
giving L & M an alleged leasehold advantage ($19,320.00) multiplied by the
remaining term of the rental contract deposited in the Registry of Court for its
benefit.......................................................................................
.............................................................................................
One of the grounds for dismissal proffered by the Defendants is that L & M has
compromised any claims it may have had for loss of a leasehold advantage when
the Clarks entered into a Joint Stipulation agreement with DOTD...................

...................................................................................

In the present case, the compromise settlement was reduced to writing in the form of a document entitled "Joint Stipulations." The Joint Stipulations settlement was signed by the Clark's attorney, Robert L. Ledoux, who had the authority to bind both the Clarks and their wholly owned corporation, L & M...........................

...................................................................................

On the other hand, the gain for DOTD was that it would not have to litigate economic loss and moving costs issues and the depreciated market value and the severance damages to the Clarks' property were fixed.................................

...................................................................................

Nor is there any reason to believe the Clarks were coerced into signing the Joint Stipulations settlement. Accordingly, there is no basis for invalidating the settlement or even any evidence that suggests the settlement is not legal and binding on the parties. L & M cannot suddenly change its mind and not abide by the settlement because it has had second thoughts or wants more money. Clearly, any claims for pecuniary losses L & M or the Clarks may have suffered as a result of the expropriation suits are barred by the 1987 settlement and compromise between the Clarks and DOTD."

319.

On June 30, 1999, for Defendant's Judge Walter's Judgment of dismissal with prejudice based upon the 1987 "JOINT STIPULATION," the U. S. Fifth Circuit issued Unpublished Opinion No. 97-30715 and it issued a separate Judgment for sanctions was issued in August 1999. In pertinent part of the Unpublished Opinion, the Court ruled:

"There is no federal jurisdictional basis for the pleadings filed in the district court by Larry Clark and L & M Hair Care Products, Inc., Likewise, there is no jurisdiction basis for the motions to nullify various state court judgments filed by Appellants in this court. We DISMISS Appellants' motion for lack of jurisdiction and Dismiss the appeal AS FRIVOLOUS.............................................

...................................................................................

Furthermore, Appellants' filing in the district court and in this court constitute a blatant attempt to relitigate a matter resolved adversely to them in state court and over which the district court has no jurisdiction".

**PLAINTIFF'S FEDERAL SUIT #CV97-1266 FILED IN SEPTEMBER 1997 IN THE U. S. DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, NEW ORLEANS DIVISON BASED UPON LEGAL MALPRACTICE FRAUD/CONSPIRACY ALL AS RESULT OF EXPROPRIATION SUITS**

320.

Before the U. S. 5th Circuit issued on June 30, 1999 Unpublished Opinion No. 97-30715, Plaintiff had years earlier in April 1997 filed in the U. S. District Court, Eastern District of New Orleans, LA., <u>Larry E. Clark v. George B. Land, et</u>

al., Civ. No. 97-1266, filed by Larry E. Clark.

321.

Plaintiff's suit  Larry E. Clark v. George B. Land, et al., Civ. No. 97-1266, was an exact copy of Plaintiff's Third Amended Petition filed on December 28, 1997, against all of the same Defendants and cause of action this suit, # 362,381.

322.

After various Defendants named in Larry E. Clark v. George B. Land, et al., Civ. No. 97-1266, were served with the Petition they filed various exceptions and/or motion requesting for the dismissal of the suit against them.

323.

One of the main issues that all the Defendants,  in Clark v. Land raised, was issue of prescription, all alleged that all of Plaintiff's claims had prescribed.

324.

In response to the prescription issue, Plaintiff filed into the record of copy of his December 29,1997 filed Amended Petition in this Caddo Parish pending suit, No. 362,381.

325.

The various Defendants filed a response to Plaintiff  filing a copy of his December 1997 filed amended petition filed in this Caddo Parish suit.  They requested to Defendant, Judge Lemelle, that he should not consider Plaintiff's December 29,1997 Third Amended Petition filed into this pending suit, No. 362,381, because Plaintiff  did not filed the petition until after the issue of prescription was raised in Clark v. Land.

326.

As a result that Plaintiff, a Black man and proceeding Pro se, Defendant, Judge Lemelle, therefore he did not considered Plaintiff's December 29,1997 Third Amended Petition filed into this pending suit, No. 362,381, and ruled to dismiss on the ground that all of Plaintiff's claims had prescribed.

99

327.

In addition, Defendant Judge Lemelle had in April 1997, prevented

Plaintiff from even filing the suit, <u>Larry E. Clark v. George B. Land, et al</u>., Civ.

No. 97-1266, in New Orleans.   He had ruled for Plaintiff's suit to be transfer to the

Shreveport Federal Court.

328.

Plaintiff filed an objection to the case being transferred to the Shreveport

Federal Court based upon he knew that Judge Donald E. Walter hated Black

People and was no way going to get a fair trial.

329.

As a result of Plaintiff filing an objection to the case being transferred to

Shreveport, a  District Court Judge overruled Magistrate Court Judge Lemelle, and

later Judge Lemelle ruled to allow the suit to be filed in New Orleans in September

1997.

330.

After allowing the suit to be filed, proceeding forward every motion filed by

a Defendant against Plaintiff,   Magistrate Court Judge Lemellee granted every

motion filed a Defendant against Plaintiff.

**PLAINTIFF'S FILED JANUARY 23, 1998 ,1ST JDC CADDO PARISH
NULLITY BRIBERY/ FRAUD AND CONSPIRACY SUIT #429,240, AND IT
WAS MOVED FROM STATE COURT BY THE PUBLIC AND PRIVATE
DEFENDANTS TO FEDERAL COURTAND IT BECAME #CV98-17853.**

331.

On January 23, 1998, Plaintiff filed in the 1st JDC of Caddo Parish,

Nullity/Bribery Suit, #429,240, <u>Larry E. Clark and L & M Hair Care Products,</u>

<u>Inc., v. State, of Louisiana Department of Transportation And Development,</u>et al.

332.

Suit #429,240 was filed against DOTD as a result that on December 10,

1997, the Louisiana Second Circuit Court of Appeal issued opinion No. 29,998-

CA, L & M Hair Care Products, Inc., et al., v. State of Louisiana, DOTD, 704 So.2d 415 (La.App.2nd Cir. 1997), affirming the February 4, 1997 Judgment of dismissal with prejudice issued Defendant Judge Charles R. Scott for expropriation suit #363,679.  On appeal, the appellate court refused to consider the Brief filed on June 6, 1997 by former U. S. Attorney J. R. Ransdell explaining that the parties had already filed an Order and that no new pretrial was needed for the case to proceed and that it was he who had filed expropriation suit No. 363,679 on behalf of L & M.

<div align="center">333.</div>

Therefore, Plaintiff filed Nullity/Bribery Suit #429,240 requested for nullity of: the February 4, 1997 Judgment issued in expropriation suit #363,679; the same for the 2nd Circuit' Opinion affirming the Judgment; as well as for the 1987 "Joint Stipulation" filed into the 1986 consolidated expropriations; the April 1997 Sanctions Order issued against Plaintiff in this suit, No. 362,381.

<div align="center">334.</div>

Before Plaintiff's Nullity/Bribery Suit could be served on the DOTD, the contract counsel for the DOTD, Mr. Charles E. Soileau, learned of the filing of the Nullity Bribery suit from Trial Judge Charles R. Scott.   Counsel for DOTD then immediately filed various exceptions to Nullity/Bribery Suit #429,240.

<div align="center">335.</div>

Later, Plaintiff received, through the U. S. Mail, several Judgments that had been rendered against Plaintiff in Nullity/Bribery Suit #429,240, as a result of several trials that the trial court had held for the various exceptions filed by DOTD's private contract attorney, Charles E. Soileau.

<div align="center">336.</div>

However, although Plaintiff had been served with a copy of the various exceptions filed, Plaintiff had never been served with a notice regarding a

trial/hearing date, to be held on an exceptions and/or on motions filed by the contract counsel hat resulted in the Judgments being issued against Plaintiff.

### 337.

As a result that various Judgments were issued against Plaintiff in Nullity/Bribery suit #429,240, Plaintiff filed amended petitions and added federal civil rights violations; added additional judgments issued from various state court civil suits to be declared a nullity; and added additional defendants, such as some of legal malpractice defendants in this suit #362,381.

### 338.

Once Plaintiff had added the federal civil rights violations and had added some legal malpractice defendants in Nullity/ Bribery Suit No.429, 240, Defendant Jerald R. Perlman enrolled as counsel of record for the DOTD and for the Legal Malpractice Defendants, Defendant,  SARAH A.KIRKPATRICK enrolled.

### 339.

Once again, Defendant,  SARAH A. KIRKPATRICK and Defendant Jerald R. Perlman violation of Rooker-Feldman Doctrine and the Federal Barrow Rule, they filed a joint motion for the removal of the state court suit #429,240 to be moved to the Shreveport Federal District Court.

### 340.

While State Court Nullity/Bribery Suit #429,240 was pending in the Shreveport federal district court it became suit #cv98-1753.   The parties filed various motions.  The state defendants and the legal malpractice defendants filed a joint motion for summary judgment and/or a motion for the failure to state a claim for which relief can be granted.   The motion requested for dismissal of all of Plaintiff's claims with prejudice and requested for sanctions.

### 341.

In regards to the Joint Motion, later in February 2000, Magistrate Judge Payne in cv98-1753 exercised subject matter jurisdiction and he issued a Report & Recommendation that granted the joint motion for summary judgment, in part, and denied the motion, in part.   His Report & Recommendation stated that summary judgment should be granted to the defendants as to all of Plaintiff's federal civil rights violations and that summary judgment should be denied as to nullity of the state court judgment claims.  It recommended that all state law claims be remanded back to the state court for additional proceedings.

342.

On March 20, 2000, as a result of the February 2000 Defendants, Magistrate Payne's Report, the District Court Judge adopted the Magistrate Judge's Report & Recommendation, in full, and the case was remanded back to the state court.

343.

Years later around 2009, DOTD's private contract attorney Charles E. Soileau filed a motion art.561 seeking an Order of Dismissal without prejudice for failure to prosecute  State Court Nullity/Bribery Suit #429,240.

344.

An Order was issued granting the motion for failure to prosecute was granted and Plaintiff filed a motion to set aside the motion and it was denied.  Then Plaintiff filed a motion for a rehearing and it was denied also.

345.

Plaintiff appealed the Order of dismissal as well as the Order denying a rehearing.

346.

While Plaintiff's appeal was pending, it was alleged that DOTD's private contract attorney Charles E. Soileau suffered a massive heart attack and died.  It was alleged that his heart attack and death was as a result of him uncovering that

he was the subject of a state and/or a federal criminal investigation for his illegal actions and/or inactions for these related matters.

347.

After the death of DOTD's private contract attorney Charles E. Soileau death, DOTD's private contract attorney Julie A. Lafargue, on appeal for the Order of dismissal, and she also enrolled as counsel of record for the DOTD in Plaintiff's filed Nullity of Judgments/Bribery Suit, <u>Clark et al., v. Louisiana Department of Transportation & Development, et al.,</u> 1st JDC of Caddo Parish, No. 429,240.

348.

After enrolling on appeal, DOTD's private contract attorney Julie A. Lafargue filed a Brief. Plaintiff never did filed his original appeal Brief and the Second Circuit dismissed the appeal for his failure to filed his Brief on appeal.

349.

The U. S. District Court, W. D. of Louisiana, Shreveport-Division for case #cv98-0217, Magistrate Court Judge Payne Judge was not concern that Federal Rooker-Feldman Doctrine did not allow lower federal courts subject matter jurisdiction if a case comes to federal court that is a continuation of a state court case and he was not concern that the Federal Barrow Rule also denied subject matter jurisdiction to lower federal courts in a civil case involving nullity of a state court civil judgment.

350.

Magistrate Judge Payne did not have any subject matter jurisdiction for none of Plaintiff's cases that came to federal court, Judge Donald E. Walter did not have subject matter jurisdiction in Plaintiff case that came to federal court, Judge Lemelle did not have subject matter jurisdiction in Plaintiff's case that came to federal court, Judge Lafitte and Judge Scott did not have subject matter jurisdiction

in L & M's expropriation case No. 363,679 filed in the First Judicial District Court

of Caddo Parish and Appellate Court Judge McCallum did not have subject matter

jurisdiction on appeal to issued and opinion for expropriation #363,679 on appeal.

Therefore, these Defendants, as Judges have no immunity from being sued.

351.

In Our Lady of The Lake Hospital v. Carboline Company, 847 F. Supp. 452

(M. D. of Louisiana 1944) Court issued a ruling and in pertinent parts ruled:

"In *Barrow v. Hunton*,[1] the United States Supreme Court held that a federal district court may not exercise removal jurisdiction over a suit that seeks to set aside a prior state court judgment if the removed suit "is a supplementary proceeding so connected with the original suit as to form an incident to it, and substantially a continuation of it."[2] In *Beighley v. Federal Deposit Insurance Corporation*,[3] the Fifth Circuit Court of Appeals reaffirmed the holding of *Barrow,* and found that the rule of *Barrow* applies to an action in federal court seeking to nullify the judgment of a prior state court suit.[4]

After reviewing the record, the Court finds that OLOL's present action is so connected to OLOL's first suit in state court as to form a continuation of the same litigation. Thus, under the United States Supreme Court's holding in *Barrow* and the Fifth Circuit's holding in *Beighley,* this Court may not exercise removal jurisdiction over OLOL's suit seeking to set aside the previous ruling of the state court."

**PLAINTIFF FILED No. 14-31376, A MANDAMUS IN THE U. S. 5TH CIRCUIT COURT OF APPEAL; AS A RESULT OF THE FEDERAL JUDGMENT ISSUED BY THE U. S. DISTRICT COURT FOR THE 1996 FEDERAL MANDAMUS SUIT, <u>CLARK, ET AL V. PENA ET AL,</u> #96-1360**

352.

Many years after the U. S. 5th Circuit Court of Appeal had on June 30,

1999, issued unreported and unpublished opinion No. 97-30715, Clark et al., v.

Pena, et al., for USDC No. 5:96-CV-1360, U. S. Dist. Ct. W. D. of Louisiana,

Shreveport-Division, because the 19th JDC of East Baton Rouge in No. 425,690,

had granted DOTD an exception of res judicata base upon the Judge Donald

Walter's February 20, 1997 Judgment of dismissal with prejudice, Plaintiff on

December 15, 2014, filed in the U. S. 5th Circuit Court of Appeal, **No. 14-31376,** a

"Petition for a Writ of Mandamus and for Other Extraordinary Writ to the United

States District Court for the Western District of Louisiana, Shreveport".

353.

The DOTD had continually filed in the State Courts a peremptory

exception of res judicata, based upon the Defendant, Donald E. Walter's February

20, 1997 Judgment issued by the district court in the Federal Mandamus suit <u>Clark</u>

<u>et al., v. Pena, et al.</u>, No. 5:96-cv96-1360.  Also, the State Courts had continually

to grant DOTD an exception of res judicata, based upon the February 20, 1997

federal Judgment and/or upon unpublished opinion No. 11-30724 issued by the U.

S. Fifth Circuit on June 25, 2012.

354.

As a result of the 2014 filed Mandamus in the U. S. Fifth Circuit, on

March 17, 2015, unpublished opinion No. 14-31376, was issued ruling in part:

"Larry E. Clark has filed in this court a pro se petition for a writ of mandamus
under 28 U. S. C. Section 1651 or other extraordinary writ under 28 U.S.C. Section
2283.  Clark's motion to supplement his petition with additional documents is
GRANTED.

In his petition, he asks that we order the district court to revise a February 24, 1997
judgment to reflect that it is without prejudice, and that we lift the sanctions
imposed against Clark and two attorneys in Clark v. Pena, No. 97-30715 (5th Cir.
1999) (unpublished) (orders entered on June 30, 1999, and August 11, 1999).  He
also asks that we void three state court judgments that says erroneously rely on the
1997 federal court judgment.

The mandamus remedy is an extraordinary one, which we grant only in the
clearest, most compelling cases.   A party seeking mandamus relief must show
both that he has no other adequate means for achieving the requested relief and that
he has a clear and indisputable right to mandamus relief.   In re Willy, 831 F.2d
545 (5th Cir. 1987).

The All Writs Act, 28 U. S. C. Section 1651 (a), is the source of our mandamus
authority.  It is not an independent grant of jurisdiction; it grants us authority only
to "issue all writs necessary or appropriate in aid of [our] jurisdiction ()."
28 U.S.C. section 1651 (a); see In re McBryde, 117 F.3d 208, 220 (5th Cir. 1997).
Clark appealed the 1997 judgment as well as the later denial of a Federal Rule of
Civil Procedure 60(b) motion.   There is no case currently pending in the district
court, and we have no mandamus authority to order the district court to rule on a
close case.   Nor does our mandamus jurisdiction extend to vacating orders or
opinions entered in earlier appeals.

Finally, we have no jurisdiction over any state court where mandamus is the only
relief sought.   Moye v. Clerk, Dekalb County Superior Court, 474 F.2d 1275 (5th
Cir. 1973).   Clark cites to the Anti-Injunction Act, 28 U. S. C. Section 2283,
which sets forth limited circumstances under which a federal court may issue an

injunction to stay state court proceedings.   None of those circumstances are
present in this case.   Further,   Clark asks us to void state district court judgments
entered in 2006 and 2012 as well as a state appellate decision entered in 2013, but
these are not ongoing proceedings to which a stay could apply even if one of these
exceptions under Section 2283 might be applicable.   The petition for a writ of
mandamus is DENIED."

355.

Plaintiff filed an application for a rehearing with the U. S. Fifth Circuit

Court of Appeal and it was denied; and afterwards, Plaintiff filed at the U. S.

Supreme Court, writ application, No.15-5680.  The U. S. Supreme Court denied

the application on October 13, 2015.  Larry E. CLARK, petitioner, v. UNITED

STATES DISTRICT COURT FOR the WESTERN DISTRICT OF LOUISIANA,

136 S. Ct. 355 (2015) 193 L. Ed. 2d 240.

356.

Then, after the death of both of the DOTD's former Private Contract

Attorneys; Charles E. Soileau and Ronald J. Bertrand, around 2011, Defendant,

Ms. Julie A. Lafargue became the private contract attorney for the DOTD and its

employees, officials, etc. She enrolled as counsel of record for the DOTD in all the

state and federal related cases.

357.

Defendant Lafargue continued with the conspiracy started by DOTD's

former Attorneys Charles E. Soileau and Ronald J. Bertrand.  Defendant Lafargue

had federal Judge Donald E. Walter to deny Plaintiff's Federal Rule of Civil

Procedure 60 (b) (4) Motion filed seeking relief from a void February 21,1997

Judgment and Memorandum Ruling And Order Judge Walter issued against

Plaintiff and L & M, the corporation.

358.

Later for pending suit #425,690-D at the 19th JDC of East Baton Rouge,

round 2017, suddenly for some unknown reason, DOTD's private contract attorney

Julie A.  Lafargue withdrew as counsel of record for the DOTD.

359.

After Defendant Attorney, Julie A. Lafargue withdrew, Defendant,

Terrance J. Donahue, Jr., enrolled as the counsel of record for the DOTD, in

pending state court suits in Caddo Parish, and in East Baton Rouge Parish.

360.

Attorney Terrance J. Donahue, Jr., and Attorney Andrew Barry both

attorney have continued with the federal conspiracy started by DOTD's private

contract Attorneys Charles E. Soileau and Ronald J. Bertrand and DOTD's and

DOTD's later retained private contract attorney, Julie A. Lafargue, had continued
with.

361.

Also participating in the federal conspiracy, was Jerald R. Perlman, and

during his involvement  he was, an Asst. Louisiana Attorney General.  Mr. Jerald

R. Perlman, he along with private contract attorney Ronald Bertrand had  Judges in

the state court as well as in the federal courts to deny Plaintiff and L& M

their State and federal rights.

362.

Asst. Louisiana Attorney General, Defendant,  Mr. Jerald R. Perlman, he

along with private contract attorney Ronald Bertrand had a large amount of money

for Sanctions against Plaintiff by Judge Brun in this case on November 13, 2000,

and the Judgment revoked Plaintiff's Order that allowed for Plaintiff to proceed In

Forma Pauperis.  As a result of these actions by Defendant, Mr. Jerald R. Perlman

and the Defendants he represented, Plaintiff was denied  the right to seek his state

and federal rights.

363.

Attorney Terrance J. Donahue, Jr.; Attorneys Andrew Barry and Charles

McBride, from 2018 to this present date in 2024, they have continued with the

original conspiracy, the originally started by DOTD's private contract Attorneys

Charles E. Soileau and Ronald J. Bertrand and DOTD's and DOTD's later retained

private contract attorney, Julie A. Lafargue, to deny, hinder and prevent Plaintiff and L & M from receiving their state and federal rights granted to them.

364.

Attorney Terrance J. Donahue, Jr., Attorneys Andrew Barry and Charles McBride, have continued with the original conspiracy, started by DOTD's private contract Attorneys Charles E. Soileau and Ronald J. Bertrand, private contract Attorney, Julie A. Lafargue, by not having the various Secretaries of the DOTD to perform their duties required by Art. Section 1. Section 4., of the Louisiana Constitution and as outline in LA-R. A. 48:441 through 48:446.

365.

At a hearing held at the Caddo Parish Trial Court in February 2018, Attorneys Andrew Barry and Charles D. McBride, argued at the hearing that that pending suit No. 363,679 filed by L & M was an **APPROPRIATION suit, and it was not an EXPROPRIATION suit**. The argument was a continuation with the conspiracy of DOTD's private contract Attorneys Charles E. Soileau and Ronald J. Bertrand to obtain the $200,000.00 BRIBE/KICK BACK MONEY from Plaintiff and/or for L & M.

366.

Defendants, Attorneys Andrew Barry and Charles D. McBride refused to accept that Attorney J. R. Keene had the Louisiana Second Circuit Court of Appeals to resolve the issue that suit No. 363,679 that he had filed on behalf of the Corporation, L & M in July 1990 was an expropriation.

367.

The Second Circuit issued three (3) separate Opinions for <u>L & M Hair Care Products, Inc.,et al v. State of Louisiana, Department of Transportation & Development</u>, First Judicial District Court of Caddo Parish #363,679, each ruling that 363,679 was an Expropriation.

109

368.

Also in 2018 on behalf of DOTD, Attorneys Andrew Barry and Charles

D. McBride, continuing with the conspiracy intentionally and illegally had Trial

Court Judge Lafitte to issue a Judgment and/or Judgments granting exceptions of

res judicata they filed into pending three (3) consolidated 1986 filed consolidated

expropriation suits and/or into the 1990 filed expropriation suits.

369.

Attorneys Andrew Barry and Charles D. McBride filed the exceptions of

res judicata based upon a non-final Judgment and/or non-final Judgments even

though  the Attorneys had full knowledge that the Judgment and/or Judgments that

the exception of  res judicata was based upon could not sustain res judicata because

the Judgment was not final as a result of still being under review and subject to an

appeal in this suit.

370.

Attorneys Andrew Barry and Charles D. McBride had Trial Court Judge

Lafitte to grant an exception of res judicata in the 1986 consolidated pending

expropriation suits when the attorneys knew that the Judgment supporting their

exception of res judicata was under review in pending state court suit #425,690-D

in the 19th JDC of East Baton Rouge Parish.

371.

The exact same May 2018 Judgment that Attorneys Andrew Barry and

Charles D. McBride prepared and presented to Judge Lafitte for the 1986 filed

expropriation suits, that granted res judicata, the Judgment also granted Lis

Pendens to DOTD, as a result of the Judgment being under review in the pending

19th JDC, case.

372.

Attorneys Andrew Barry and Charles D. McBride, knew or they should

have known that an exception of res judicata could not be granted based upon the

Judgment was non-final as a result of being under review and this suit No. 362,381
and subject to appeal, as well as under review in suit No. 425,690 and was subject
to an appeal in it also.

373.

Plaintiff appealed the Judgment that Attorneys Andrew Barry and
Charles D. McBride had Judge Lafitte to issued granting their exception of res
judicata for all the pending expropriation suits .

374.

On appeal of the Judgment granting res judicata, Defendant Attorney
Terrance J. Donahue, Jr. enrolled on appeal and he along with Attorneys Andrew
Barry and Charles McBride, had Appellate Court Judge McCallum to affirm
Judgment issued by Judge Lafitte in the pending 1986 and 1990 filed expropriation
cases granting res judicata.

375.

Years later for this suit, #362,381, clearly reveals that all of the state
court Judgments for all of the Caddo Parish filed expropriation suits, have been
and continues to be under still under review and that as a result no state court
Judgment could never sustain an exception of res judicata.

376.

It is clear that when DOTD's Attorneys, Terrance J. Donahue, Jr.  and
Andrew Barry were in the Caddo Parish Court for a hearing held on July 19,
2021 for the  pending 1986 consolidated expropriation suits, Plaintiff  informed
Attorney Terrance J. Donahue, Jr. Attorneys Andrew Barry and Judge Lafitte that
Plaintiff on that same date had filed a motion into this pending suit, no. 362,381 for
the absolute nullity one Order issued in 362,381 and for absolute nullity of two
Judgments issued in the 1986 filed expropriation suits.

377.

In the hearing on July 19, 2021 Attorney Terrance J. Donahue, Jr. Attorney

and Andrew Barry informed Judge Lafitte they that was not even aware of this

pending suit, 362,381 and was not aware that the DOTD and a cause of action for

nullity was in the Petition filed for 362,381.

\

<div align="center">378.</div>

After Attorney Terrance J. Donahue, Jr. Attorneys Andrew Barry and Judge

Lafitte in court on July 19, 2021 were informed by Plaintiff about this pending suit,

362,381, Judge Lafitte ruled to continued the hearing.

<div align="center">379.</div>

After the July 19, 2021 Court held hearing, Defendants, Attorney Terrance

J. Donahue, Jr. and Attorney Andrew Barry contacted Defendant, Attorney Sarah

Kirkpatrick and they colluded to have this suit No. 362,381 illegally

dismissed, based upon LA-CCP. Art. 561, for Plaintiff's failure to prosecute.

<div align="center">380.</div>

Attorney Terrance J. Donahue, Jr. Attorneys Andrew Barry conspired

with Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to

Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys'

Liability Assurance Society, Ltd, Anna E. Dow, GUS ALEXANDER FRITCHIE,

III, Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza, Shawn D.

Wilson, Charles McBride, Attorney Sarah A. Kirkpatrick, and Attorneys James A.

Brown and Sheri L. Corales, Judge Ramon Lafitte and the Louisiana Second

Circuit Court of Appeals' Defendant Judge, Marcus L. Hunter, for to have this suit

dismissed as of March 2004.

<div align="center">381.</div>

All of the Defendants were successful in having this suit dismissed.

But, **JUDGE LORD JESUS CHRIST HAS BEEN ALL THE WHILE**

**WATCHING ALL OF THE ACTIONS OF ALL OF THE ATTORNEYS,**

**ALL OF ACTIONS OF ALL OF THE STATE COURT JUDGES AS WELL**

**AS ALL OF THE ACTIONS OF THE FEDERAL COURT JUDGES AS WELL AS ALL OTHERS AS THE CONSPIRACY HAS PLAY OUT OVER THE MANY DECADES**.

382.

Under the authority of Sparks v. Duval County Ranch Co. Inc., 604 F.2d 976 (U. S. 5th Cir. 1979) , all of the private attorneys and their law firms, can be sued for their participation with the state officials of the DOTD as well as the State Court's Judges as well as with the federal court Judges as they all have conspired acting under color of law and/or acting under color of federal law in the long running conspiracy to deny, hinder, prevent, Plaintiff and L & M's from receiving their state and federal rights.

383.

Under the authority of Bradley v. Fisher, 80 U. S. 335 (1872), the U. S. Supreme Court made a ruling regarding the lack subject matter jurisdiction of Judge and a suit filed against a Judge for damages.  In pertinent part the Court ruled:

"In the present case we have looked into the authorities and are clear, from them, as well as from the principle on which any exemption is maintained, that the qualifying words used were not necessary to a correct statement of the law, and that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over 352*352 the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible."

**IN AMERICA NO ONE IS ABOVE THE LAW AS IT CAN BE SEEN DAILY IN THE VARIOUS PENDING CASES FILED AGAINST FORMER PRESIDENT DONALD TRUMP IN THE STATE AND FEDERAL COURTS**

384.

Under the authority of Davis v. Passman, 442 U. S. 228 (1979), Plaintiffs have a constitutional cause of action against the Federal Judges herein named as

113

Defendants.  In Passman, a U. S. Congressman from Louisiana violated the U. S.

Constitutional right of an employee, and the Congressman was found liable.  The

U. S. Supreme Court ruled in pertinent part:

"If respondent's actions are not shielded by the Clause, we apply the principle that
"legislators ought . . . generally to be bound by [the law] as are ordinary
persons." _Gravel_ v. _United States,_ 408 U. S. 606, 615 (1972).
Cf. _Doe_ v. _McMillan,_ 412 U. S. 306, 320 (1973). As _Butz_ v. _Economou_ stated only
last Term:

"Our system of jurisprudence rests on the assumption that all individuals, whatever
their position in government, are subject to federal law:

"'No man in this country is so high that he is above the law. No officer of the law
may set that law at defiance with impunity. All officers of the government, from
the highest to the lowest, are creatures of the law, and are bound to obey it.' _United
States_ v. _Lee,_ 106 U. S. [196,] 220 [(1882)]." 438 U. S., at 506.'"

385.

As for some of the private legal malpractice defendants, under the authority

of Elaine Ewing v. Westport Insurance Corporation, 315 So.3d 175

(La.2020),because of the written contract agreement that Plaintiffs have and/or

had with Attorney Robert L. Ledoux and his law firms, that were entered into for

them to provide legal services to Plaintiff and to L & M, the corporation, Plaintiff

and L & M can pursue their legal malpractice claim and as well as others claims

against them and their insurer, Attorneys Liability Assurance Society Ltd.

386.

For nearly Forty (40) years now there has been ongoing litigation in state

court and/or in federal court, as a result of the named Defendants in this suit:

DOTD, its agents, and/or its private contractors, and/or, its employees, and/or its

officers, and/or its officials, and/or its private contract attorneys, and/or state court

judges, and/or federal court judges and/or others have denied Plaintiff and/or The

Corporation their state and federal rights due to them, as a result of the filing of the

1986 consolidated expropriation (condemnation) for their private business and/or

immovable private property in 1986 for the construction of I-49 in Shreveport, LA.

114

387.

All of the named Defendants in Plaintiff's original filed Petition and in Third December 29, 1997 Third Amend filed Petition conspired in concert directly and/or indirectly with all of the other Defendants added in this April 2024 filed Petition, and all have been acting under color of the state law and/or under color of federal law and some Defendants are presently continuing to act under color of the state law, all in order to continue to deny, hinder, prevent Plaintiff and The Corporation from obtaining their state and federal rights allowed by state and federal law.

388.

The Defendants actions and/or inactions stem from a racially discriminatory intent: because Plaintiff are a member of the African-American race; and all the stockholders of The Corporation are also members of the African-American race.

389.

Plaintiff and The Corporation, L & M have been treated differently from White people and/or businesses with that White people owned and/or where White People owned all of the corporate stock of the corporation, and the property was expropriated by the DOTD.

390.

Plaintiff and L & M in the past and at present are being treated differently then others similar situated persons regarding the expropriation of property. Whenever White People were the property owners, and/or whenever there was a corporation where White people owned all of the corporate stock of a corporation, all of the past and present Secretaries and Administrators of DOTD fully complied as mandated with Article 1. Section 4. of the Louisiana Constitution was followed as well as R. S. 48:441 through 48:446.

391.

Plaintiff and/or The Corporation should not have to pay a fee (in the form

of a poll tax), and/or (in the form of a Bribe and/or a Kickback) in the amount of

Two-Hundred Thousand- Dollars ($200,000.00) before the Secretaries and

Administrators of DOTD fully complied as mandated with Article 1. Section 4. of

the Louisiana Constitution was followed as well as R. S. 48:441 through 48:446,

for their rights.

<div align="center">392.</div>

It is clear that the past and/or the present Secretary and Administrator

and/or the former and/or the present DOTD's attorneys have not complied with

Article 1. Section 4. of the Louisiana Constitution and R. S. 48:441 through

48:446. They are mandated to comply with the laws, due to them, as a result of the

three (3) expropriation (condemnation) suits filed in 1986 by the DOTD.

<div align="center">393.</div>

This complaint seeks damages for violations of their First Amendment,

and/or the Fourth Amendment and/or the Fifth Amendment, and/or the Fourteenth

Amendment, of the U. S. Constitution, grant to Plaintiff and L & M as a result of

the 1986 expropriation of their private property.

<div align="center">394.</div>

Additionally, this complaint seeks a present and prospective Injunction for

the following: the December 28, 1987 "JOINT STIPULATION"; the June 1988

Judgment; the March 21, 2018 Judgment; and the May 29, 2018 Judgment; all

issued in the three (3) originally filed 1986 absolutely void consolidated

expropriation suits, Nos. 325,511; 325,512 ; 328,772.

<div align="center">395.</div>

This complaint also seeks a present and prospective Injunction for

for the original consolidated opinions issued by the LA 2nd Circuit Court of Appeal

on August 23, 1989, 548 So.2d 365(La.App.2nd Cir. 1989); and the same for

consolidated opinions issued on January 15, 2020, by the LA 2nd Circuit Court of

Appeal, 289 So.3d 226 (La.App.2nd Cir.2020).

396.

In addition, this complaint seeks a present and prospective Injunction regarding the Judgments issued on: October 10, 1995; on February 4, 1997; and on May 29, 2018 by the First Judicial District Court of Caddo Parish in the 1990 filed expropriation suit No. 363,679; along with the opinion of the Louisiana 2nd Circuit Court of Appeal on December 10, 1997, 704 So.2d 415 La.App.2nd Cir. 1997).

397.

Furthermore, this complaint seeks a present and prospective Injunction for the October 31, 2005 Court's Order; the September 11, 2006 Judgment; the December 10, 2012 Judgment; and the 19th JDC of East Baton Rouge Court's Order filed on November 19, 2020 and issued and/or signed by the Judge on December 14, 2020, as it relates to Larry E. Clark in his individual and personal capacity from the partially obtained legal interest in the claim of L & M Hair Care Products, Inc.

398.

This complaint additionally will seek a present and prospective Injunction for all of the following rulings that were issued by the 19th JDC of East Baton Rouge Parish for civil suit No. 425,690-D. Also, to be included are the LA 1ST Circuit Court of Appeal's unpublished opinions: No. 2007 CA1364 issued on May 2, 2008 and the unpublished opinion No. 2013CA0371 issued November 8, 2013. As well as any other Judgment of the 19th JDC of East Baton Rouge Parish and/or the Louisiana First Circuit Court of Appeal that prevent Plaintiff and/or L & M from receiving any state and/or federal rights.

399.

Then, as to injunctive relief, this complaint seeks prospective Injunction as to the following Judgments issued by the Federal Courts: the February 20, 1997 Judgment issued by the U. S. District Court W. D. of Shreveport, LA, in Federal Mandamus suit #cv96-1360, along with unreported and unpublished opinion No. 97-30715 issued on June 30, 1999; the Order issued on March 7, 2011; the unpublished opinion No. 11-30724 issued on June 25, 2012 by the U. S. Fifth

Circuit Court of Appeals; the March 20, 2000 Judgment issued by the U. S. District Court W. D. of Shreveport, LA, in suit No. cv98-1753; as well as any ruling issued by the by the U. S. District Court W. D. of Shreveport, LA, in suit No. cv98-0217; and by the U. S. District Court E. D. of New Orleans, LA, in suit No. cv97-1266; or any other lower federal court.

400.

This Petition requests for a Mandamus to be issued to **TERRENCE J. DONAHUE SR.**, the Secretary for the DOTD and to **CHARLES D. McBRIDE, the** Administrator, for the DOTD for each of the officials to perform their ministerial duties as required by Article 1. Section 4. of the Louisiana Constitution and the Quick-Taking Statutes of R. S. 48:441 et seq.

401.

The present and past official of the DOTD have not performed their mandatory ministerial duties, and they have violated Louisiana Revised Statute Title 14 Section 134. Malfeasance in office. It provides in pertinent part:

A. Malfeasance in office is committed when any public officer or public employee shall:

(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or

(2) Intentionally perform any such duty in an unlawful manner; or

(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner; or

(4) Willfully and knowingly subject any person to the deprivation of any right, privilege, or immunity secured or protected by the United States Constitution and laws, if serious bodily injury or death results.

B. Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.

C. (1) Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars, or both.

(2) In addition to the penalty provided for in Paragraph (1) of this Subsection, a person convicted of the provisions of this Section may be ordered to pay restitution

118

to the state if the state suffered a loss as a result of the offense. Restitution shall
include the payment of legal interest at the rate provided in R.S. 13:4202."

402.

In addition, the past present officials and others have also violated federal

law 28 USC Section 241 and it provides:

"If two or more persons conspire to injure, oppress, threaten, or intimidate any
person in any State, Territory, Commonwealth, Possession, or District in the free
exercise or enjoyment of any right or privilege secured to him by the Constitution
or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of
another, with intent to prevent or hinder his free exercise or enjoyment of any right
or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both;
and if death results from the acts committed in violation of this section or if such
acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an
attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be
fined under this title or imprisoned for any term of years or for life, or both, or may
be sentenced to death."

403.

Furthermore, the past and present officials of the DOTD and others have

also violated federal law, 28 U.S.C Section 242, and it provides:

"Whoever, under color of any law, statute, ordinance, regulation, or custom,
willfully subjects any person in any State, Territory, Commonwealth, Possession,
or District to the deprivation of any rights, privileges, or immunities secured or
protected by the Constitution or laws of the United States, or to different
punishments, pains, or penalties, on account of such person being an alien, or by
reason of his color, or race, than are prescribed for the punishment of citizens, shall
be fined under this title or imprisoned not more than one year, or both; and if
bodily injury results from the acts committed in violation of this section or if such
acts include the use, attempted use, or threatened use of a dangerous weapon,
explosives, or fire, shall be fined under this title or imprisoned not more than ten
years, or both; and if death results from the acts committed in violation of this
section or if such acts include kidnapping or an attempt to kidnap, aggravated
sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to
kill, shall be fined under this title, or imprisoned for any term of years or for life, or
both, or may be sentenced to death."

404.

The U. S. Supreme Court in Bogan et al., v. Scott-Harris, 523 U. S. 44

(1998), made a ruling regarding a ministerial duty of an Official. In pertinent part

ruled:

119

" Respondent's heavy reliance on our decision in *Amy* v. *Supervisors,* 11 Wall. 136
(1871), is misguided for this very reason. In that case, we held that local legislators
could be held liable for violating a court order to levy a tax sufficient to pay a
judgment, but only because the court order had created a ministerial duty. *Id.,* at
138 ("The rule is well settled, that where the law requires 52*52 absolutely a
ministerial act to be done by a public officer, and he neglects or refuses to do such
act, he may be compelled to respond in damages to the extent of the injury arising
from his conduct")."

405.

L & M Hair Care Products, Inc. is a Louisiana Domestic Corporation, and

it has rights granted to it by the Louisiana Constitution and the United States

Constitution.  It is also a member of a recognized protective class group as a result

of its relationships and/or identification with an African-American, and all of its

stockholders are African-American.

406.

The Corporation's lease contracts/agreements/options and business

contracts were with African-American, Larry E. Clark, and under  the authority of

Sherwin Manor Nursing Center, Inc.  v.  McAuliffe, et al., 37 F. 3d 1216 (7th Cir.

1994), its federal rights have been violated.

407.

Plaintiff and L & M Hair Care Products, Inc. presently have ongoing suits

in the State Courts of Louisiana. They have suffered and are continuing to suffer

great and immediate irreparable injury and damages, all as a result of the

Defendants' actions and/or inactions. The injury can be address by judicial relief.

Therefore, Mover brings this complaint seeking for: present and prospective

Injunctions, along with a present and prospective Declaratory Judgments relief.

408.

In 2017, Plaintiff filed into the pending original three (3)1986 consolidated

expropriation suits, a Petition for nullity and a Rule To Show Cause seeking

nullity of the 1986 proceedings. They sought for the absolute nullity: (1) for all

proceedings to be declared absolutely void based upon the court's lack of subject

matter Jurisdiction and other grounds; (2) for the 1987 "JOINT STIPULATION"

to be revoked; (3) for the 1988 Final Judgment issued in the three suits to be

declared absolutely void; and (4) for the February 4, 1997 Judgment issued in

expropriation suit, L & M Hair Care Products, Inc., et al., v. State of Louisiana,

DOTD, No. 363, 679, 1ˢᵗ JDC of Caddo Parish to be declared absolutely void, also

based upon the lack of subject matter jurisdiction and for the lack of citation and

service.

<div align="center">409.</div>

On February 5, 2018, the Trial Court for the pending 1986 filed

consolidated expropriation held a trial on Plaintiff's Rule To Show Cause and on

an exception of res judicata, filed by the DOTD in response to Plaintiff's Rule and

Petition for nullity. In open Court the Trial Court orally ruled to deny nullity and

ruled to grant the DOTD's exception of res judicata, based solely upon a February

4, 1997 Judgment issued in the 1990 filed expropriation suit, #363,679.

<div align="center">410.</div>

On February 23, 2018, Plaintiff filed into the three (3) 1986 consolidated

suits a **"REQUEST FOR WRITTEN NOTICE"** of all Orders and Judgments

issued.

<div align="center">411.</div>

Before a Judgment could be signed and filed for the February 5, 2018 for

the hearing held in the 1986 filed consolidated expropriation suits in regards to the

oral ruling made by the Judge Lafitte, Plaintiff filed a motion for a retrial; and later

filed a motion to have the exception of res judicata declared unconstitutional.

Plaintiff's motion alleged that the Judge's ruling violates the 5ᵗʰ And 14ᵗʰ

Amendments of the U. S. Constitution, as to the granting of compensation for the

taking of private property. The Trial Court set a trial date of April 23, 2018 for the

motion.

<div align="center">412.</div>

Later, in February 2018, Plaintiff also filed a Petition for nullity directly

into the 1990 filed expropriation suit #363,679.   The DOTD answered the suit also

with an exception of res judicata.  The Trial Court also sat the trial date for

DOTD's exception of res judicata for trial to be also held on April 23, 2018, as

well.

413.

On March 23, 2018, the Clerk of Court For Caddo Parish forwarded to

Plaintiff a, "NOTICE OF JUDGMENT BY MAIL," thereby providing Plaintiff

with a copy a Judgment that the court had signed on March 21, 2018 for the

three (3) 1986 consolidated expropriation suits that granted the LDOTD an

exception of res judicata as a result of the hearing held on February 5, 2018.

414.

On the morning of April 23, 2018, before appearing in court for the trial

regarding the matters placed on the court's docket for that date, Mover filed into

the three (3) 1986 consolidated expropriations suits an:

"PLAINTIFF-IN-RECONVENTION'S EX PARTE MOTION WITH AN ORDER
REQUESTING FOR THIS COURT TO TAKE JUDICIAL NOTICE OF THE
LAWS OF THE UNITED STATES; THE LAWS OF THE STATE OF
LOUISIANA; AND REQUESTING FOR THIS COURT TO OBTAIN SUBJECT
MATTER JURISDICTION BY ODERING THE DOTD TO MAKE L & M A
PARTY, ETC, IN THESE SUITS."

415.

Later, on the morning of April 23, 2018, the parties appeared in court.

Immediately, the Trial Judge informed the two counsels for the DOTD, Defendants

Andrew Barry and Charles McBride that the Clerk of Court had just provided the

Judge  with a just filed copy of  Plaintiff's Ex Parte Motion.

416.

In open court, Plaintiff provided the counsels for DOTD with a copy of  his

Ex Parte Motion, he had just filed before coming in the courtroom.

417.

In open court, since the Court and the DOTD had not had the time to

review the document, the Judge and the parties agreed not to hold a rehearing on

Plaintiff's Ex Parte Motion in that hearing.  The Judge ruled to only deal with

those matters that had been previously placed on the court's docket for April 23,

2018 hearing.

<div align="center">418.</div>

The parties proceeded with their arguments and the presentation of

evidence regarding matters previously scheduled on the court's docket.

<div align="center">419.</div>

After the parties had finished presenting their oral arguments, in open court,

Trial Judge Lafitte orally ruled to reaffirmed his ruling made on February 5, 2018,

oral ruling and the Judgment he issued for it on March 21, 2018.  The Judgment

granted DOTD's exception of res judicata filed based upon a February 4, 1997

Judgment issued by Defendant Judge Charles R. Scott in expropriation suit No.

363,679.

<div align="center">420.</div>

Also at the April 23, 2018 hearing, Judge Lafitte denied Plaintiff's request

to have the DOTD's exception of res judicata declared unconstitutional based upon

that  Defendants Andrew Barry and Charles McBride argued that Lis pendens

should be granted to the DOTD on the unconstitutional issue because that same

issue along with nullity of Judgments issues were being addressed between the

parties in pending in suit #425,690-D, in 19th JDC of East Baton Rouge Parish, in ,

Larry E. Clark and L & M Hair Care Products, Inc., v. Frank Denton, Secretary of

the Louisiana Department of Transportation And Development , et al.

<div align="center">421.</div>

Additionally at the April 23, 2018 hearing held by Judge Lafitte, he orally

ruled to deny Plaintiff's requests for nullity: of all Judgments issued in the 1986

expropriation suits; the Judgment in the 1990 expropriation suit; for the 1987

"Joint Stipulation" filed into the 1986 expropriation suits to be revoked; and

denied Plaintiff's motion for a new trial as to the hearing as to the March 21, 2018

Judgment issued by the Court that previously granted res judicata to the DOTD.

422.

Later, the Clerk of Court for Caddo Parish forwarded to Plaintiff a

"NOTICE OF JUDGMENT BY MAIL," along with an attached copy of the

Judgment signed on May 24, 2018, for suit #363,679.

423.

Then, the Clerk of Court for Caddo Parish forwarded to Plaintiff , a

"NOTICE OF JUDGMENT BY MAIL," issued on May 29, 2018 for the three (3)

1986 originally filed expropriation suits Nos. 325,511; 325, 512 and 328,772

consolidated.

424.

After receiving the Notices with the Judgments,  Plaintiff filed an appeal to

the Louisiana Second Circuit Court of Appeal for: the March 21, 2018 Judgment,

and May 29, 2018 Judgment issued by the Trial Court for the three (3)1986 suits,

Nos. 325,511; 325, 512 and 328,772 consolidated; and the May 29, 2018 Judgment

issued by the Trial Court for suit #363,679.

**SYSTEMIC RACISM AND/OR INSTUTIONAL RACISM IS PRACTICED
BY SOME JUDGES AT THE LA SECOND CIRCUIT COURT OF APPEAL
& SOME JUDGES ARE FEARFUL TO DO WHAT IS LEGAL AND RIGHT**

425.

After filing the appeals to the Second Circuit, before any party had filed a

Brief or any of pleadings, Plaintiff, as a result of him being a minority, and having

been informed that minorities do not get a fair appeal at the Louisiana Second

Circuit Court of Appeal, he filed several motions in order try to receive a fair all

motions were denied.  One of Plaintiff's motion requested for the full court to hear

his consolidated appeals.   The court denied the motion.

124

426.

Plaintiff's motion filed requesting for an en banc hearing, was based upon him being aware that Chief Judge Henry Brown of the Louisiana Second Circuit had recently abruptly resigned from the appellate court. It was alleged that Judge Brown was involved in corrupt practices with the cases at the Appeal Court, and as a result much disagreement were among the Judges at the Louisiana Second Circuit Court of Appeal.

427.

One case alleging corrupt practices of Judge Brown, was concerning money with illegal actives involving a very close friend of Judge Brown in the case, Succession of Fred Langford Houston, 254 So.3d 836 (La.App. 2nd 2018).

428.

Another case involving Judge Brown and appellate court that Plaintiff was made aware of, the case of Mercer, LLC.  v.  State of Louisiana, Through The Department of Transportation And Development, et al., 222 So. 3d 1017 (La.App.2nd Cir. 2017).

429.

In the Mercer case, the attorney for the Plaintiff, was said to be a minority business owner, and it was rumored that the Plaintiff had refused to pay a bribe and/or kickback to the officials at the DOTD; and millions of dollars were at issue.

430.

For Plaintiff's 2020 appeal 2020 in the three (3) 1986 filed consolidated expropriation suits, on January 15, 2020, Defendant Jay B. McCallum  authored for the consolidated opinions for the appeal.

431.

Judge Jay B. McCallum affirmed all the Trial Court's Judgments issued by Judge Lafitte.   However, in the opinions did not address any of the Assignment of Errors concerning nullity of all previously issued state judgments, based upon, the

lack of subject matter jurisdiction, etc.

432.

Judge McCallum only considered res judicata and he ruled to affirm based upon all of the invalid state and federal judgments previously issued.

433.

When Judge McCallum considered res judicata, he refused to consider the exhibit that Plaintiff attached to his Brief.  Plaintiff attached  a certified copy of the U. S. Fifth Circuit's June 30, 1999 unreported and unpublished opinion, issued in #97-30715 Clark, et. al., v. Pena, et al.

434.

The U. S. Fifth Circuit's June 30, 1999 unreported and unpublished opinion #97-30715 Clark, et. al., v. Pena, et al, the appellate court ruled that neither U. S. District Court or the U. S. Appellate Court had subject matter jurisdiction.

435.

Although opinion #97-30715 Clark, et. al., v. Pena, et al., was attached, and it was the only suit filed against Secretary Federico Pena, Defendant Jay B. McCallum intentionally made the false ruling in pertinent parts of his opinion:

"Clark did not heed the warnings of the federal appellate court. Later in June of 1999, the United States Court of Appeals, Fifth Circuit, **in an unpublished dismissal without opinion, dismissed another appeal by Clark. See *Clark v. Pena,* 189 F. 3d 467 (5th Cir. 1999). That appeal was in relation to a separate federal suit by Clark and L&M against Federico Pena, the United States Secretary of Transportation. *Id.* Thereafter, but related to the dismissal by the** federal appellate court, in August of 1999, the federal appellate court issued an unreported order citing its assessment of sanctions against Clark. See *Clark v. Pena,* 1999 WL 34844548 (5th Cir. 1999). It approved and imposed $13,025.20 in sanctions against Clark. *Id.*"

436.

After the Louisiana Second Circuit Court of Appeal issued the consolidated opinions,  Plaintiff filed at the appellate court, a Declinatory Exception for Lack Of Subject Matter Jurisdiction.  The exception, based upon that LSA-C.C.P.  Art. 641,

required for The Corporation to be named as a Defendant in the three (3) consolidated 1986 filed suits. The exception was immediately denied on January 28, 2020, by the one Judge and same Judge that authored the opinions.

437.

Afterwards, Plaintiff filed a motion for reconsideration regarding the lack of subject matter jurisdiction and requested for the full appellate court to consider Plaintiff's Declinatory exception for lack of subject matter jurisdiction. On January 28, 2020, the same one Judge, Judge McCallum who authored the opinions, denied the motion for the full court to consider the lack of subject matter jurisdiction.

438.

Immediately after this denial, Plaintiff filed a recusal motion requesting for the three (3) Judges on the panel to be recused; and the motion requested for an En Banc hearing as to the motion. On February 28, 2020, the Second Circuit Court of Appeal, by an En Banc Court, voted to deny the motion for recusal, except for African-American, **Judge Stone.**

439.

Also on February 28, 2020, five Judges at the Louisiana Second Circuit Court of Appeal issued a Judgment that denied Plaintiff's timely filed application for a rehearing as to the January 15, 2020 opinions. Also, on that same date, an Order was issued by five Judges denying Mover's timely filed application that requested an en banc hearing for the consolidated opinions issued on January 15, 2020.

440.

Several months after the Louisiana Second Circuit had rendered the January 15, 2020 opinions authored by Defendant Judge Jay B. McCallum, that refused to address the lack of subject matter and the lack of personal jurisdiction of the trial court raised in Plaintiff's Brief filed on appeal, in March 2020, Judge

127

McCallum authored the consolidated opinions issued by the Louisiana Second

Circuit Court of Appeal in <u>Larkin Development North, LLC. v. City of</u>

<u>Shreveport</u>, 297 So.3d 980 (La.App.2nd Cir. 2020).

441.

The case, <u>Larkin Development North, LLC. v. City of Shreveport</u> is an

Appropriation (inverse condemnation) proceedings. The lack of subject matter

jurisdiction of the trial court was raised on appeal. Defendant Judge McCallum,

he fully addressed the trial court's lack of subject matter jurisdiction raised on

appeal. Notably interesting is the fact that: (1) this case was an appeal that

involved a company where White people were the owners of the business and the

property at issue; and (2) Judge Stone, an African-American, is one of the Judges

on the panel with Judge McCallum.

442.

Appellate Court Judge Stone was fully aware of Defendant Judge

McCallum's ruling for the White People's appeal. ALSO JUDGE LORD JESUS

CHRIST WAS ALSO AWARE AND HE SHOWED IT TO PLAINITFF. ALSO

JUDGE LORD JESUS CHRIST SHOWED PLAINITFF why Judge Stone had

refused to participate regarding the full court's vote on Plaintiff's motion filed on

February 2020 filed motion for recusal regarding Judge McCallum.

443.

After Defendant Judge McCallum's issued Opinion Plaintiff filed a timely

writ application with the Louisiana Supreme Court. Later, on September 23, 2020,

Plaintiff's writ application No. 2020-C-528 was denied. Plaintiff filed a timely

application for reconsideration.

444.

Earlier, Plaintiff filed a complaint with the Louisiana Judicial Council

against Judge McCallum. Later Judge McCallum was elected to the Louisiana

128

Supreme Court.

445.

Judge McCallum was elected to the Louisiana Supreme Court, and

seated at that court.  In March 2021, Plaintiff was informed that his timely

filed application for reconsideration had not been received by the Louisiana

Supreme Court.   However, the clerk of court at the Supreme Court had returned to

Plaintiff a stamped filed copy of his application.  A federal investigation has been

under way.

446.

Later, Plaintiff discovered that all three (3) of the Trial Court's Judgments

issued in 2018 for the four expropriation suits appealed to the Louisiana Second

Circuit, were Interlocutory Judgments.  The Judgments had not been certified for

an immediate appeal, and not all the issues had been decided by Judge Lafitte.

447.

In particular, Plaintiff realized that he had never been served by the Caddo

Parish Clerk of Court with a Notice and/or a Judgment regarding Plaintiff's Ex

Parte Motion filed into the three (3) 1986 consolidated expropriation suits on April

23, 2018.

448.

Plaintiff had on February 28, 2018, filed into the records of the three (3)

1986 consolidated expropriation suits a "Request For Notice" as to any and all

rulings issued by the trial court.

449.

On January 16, 2021, Mover filed into the three (3) pending 1986

consolidated expropriation suits a:

"LARRY CLARK'S DECLINATORY EXCEPTION FOR THE LACK OF
SUBJECT MATTER JURISDICTION;MOTION TO STRIKE AND/OR
MOTION FOR A REHEARING AND/OR FOR A RETRIAL ON ALL
PREVIOUSLY ISSUED INTERLOCUTORY JUDGMENTS AND ALL
PARTIAL JUDGMENTS AND INTERLOCUTORY COURT ORDERS;AND
FOR THE COURT TO STOP DENYING ALL FEDERAL'S RIGHTS

LARRY CLARK'S DECLINATORY EXCEPTION FOR THE LACK OF SUBJECT MATTER JURISDICTION;MOTION TO STRIKE AND/OR MOTION FOR A REHEARING AND/OR FOR A RETRIAL ON ALL PREVIOUSLY ISSUED INTERLOCUTORY JUDGMENTS AND ALL PARTIAL JUDGMENTS AND INTERLOCUTORY COURT ORDERS;AND FOR THE COURT TO STOP DENYING ALL FEDERAL'S RIGHTS".

The Trial Court set the matter for trial to be held on April 12, 2021.

450.

Before the LDOTD filed these 1986 consolidated expropriation suits, earlier in 1978, the Louisiana Legislature amended R.S. 48:447 to provide as follows:

"§447.  Contesting validity of taking; waiver of defenses
  A.  Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public purpose **or on the ground that the petition and attached exhibits do not satisfy the provisions contained in R.S. 48:442 through 444 may file a motion to dismiss the suit within twenty days after the date on which the notice was served on him.  He shall certify thereon that a copy thereof has been served personally or by mail on either the plaintiff or its attorney of record in the suit.  This motion shall be tried contradictorily with the plaintiff to the judge alone and shall be decided prior to fixing the case for trial.**
  B.  Failure to file the motion within the time provided constitutes a waiver of all defenses to the suit except claims for compensation.
  Added by Acts 1954, No. 107, §1 eff. June 24, 1954; Amended by Acts 1974, Ex.Sess., No. 30, §1, eff. Jan. 1, 1975; Acts 1988, No. 882, §1."

451.

In <u>Hobgood v. Parish of East Baton Rouge</u>, 563 So. 2d 413 (La.App.1[st] Cir. 1990), writ denied, 567 So.2d 105 (La.1990), the First Circuit ruled in pertinent part:

"The power of expropriation or eminent domain is the right of the state or its subdivisions to appropriate private property for public purposes. It is inherent in the police power of the state. c.f. *Dalche v. Board of Commissioners of Orleans Levee Board,* 49 F.2d 374 (E.D.La. 1931). The sovereign may delegate the power of expropriation to the agencies of the sovereign and to public and private corporations. *Tennessee Gas Transmission Co. v. Violet Trapping Co.,* 248 La. 49, 176 So.2d 425 (1965), cert. denied, 382 U.S. 902, 86 S.Ct. 236, 15 L.Ed.2d 155 (1965)."

452.

In the expropriation case of <u>Parish of St. Charles v. R. H. Creager, Inc.</u>, 55 So.3d 884 (La.App.5[th] Cir. 2010), the appellate court ruled in pertinent part:

"The right to sue the State in an action based in tort or contract law depends on the waiver of immunity found in La. Const, art. XII, § 10,[8] and begins with the basic principal that the State as a sovereign enjoys immunity from suit unless it gives its permission to be sued or waives its right under the Constitution.

By contrast, eminent domain is a right given to the State in derivation of a basic constitutional right of any citizen to private ownership of property. It is a basic constitutional principal that no person shall be deprived of life, liberty, or property, except by due process of law.[9] "`Due process' is an elusive concept. Its exact boundaries are undefinable, and its content varies according to specific factual contexts. Thus, when governmental agencies adjudicate or make binding determinations which directly affect the legal rights of individuals, it is imperative that those agencies use the procedures which have traditionally been associated with the judicial process."[10]

"Every person has the right to acquire, own, control, use, enjoy, protect, 891*891 and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power."[11] One permissible exercise of police power is land use for drainage, flood control, and levees which benefit of the public generally.[12]

Our constitution provides:

(4) Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question.

(5) In every expropriation or action to take property pursuant to the provisions of this Section, a party has the right to trial by jury to determine whether the compensation is just, and the owner shall be compensated to the full extent of his loss. Except as otherwise provided in this Constitution, the full extent of loss shall include, but not be limited to, the appraised value of the property and all costs of relocation, inconvenience, and any other damages actually incurred by the owner because of the expropriation.[13]

(Emphasis supplied.)

The power of expropriation or eminent domain is the right of the State or its subdivisions to appropriate private property for public purposes, and is inherent in police power of state.[14] Clearly, St. Charles Parish had the right under the above-cited law to expropriate land owned by Creager and the McDonalds for use in the drainage and levee improvement project. However, the same law that affords the right of the Parish to exercise its police power compels the Parish to pay just and fair compensation, and to afford constitutional due process rights to citizens affected.

Expropriation laws are special and exceptional in character, in derogation of common rights, and, as such, must be strictly construed.[15] The purpose for that rule of law is obvious given that the power of expropriation is fraught with possibility of abuse and injustice.[16] Further, it is clear that compensation is required in expropriation cases, making it imperative that the Parish afford due process rights in this instance."

131

453.

DOTD's in house attorneys: Defendants  Paul R. Dry; Terrence J. Donahue, Jr., Andrew Barry; Charles McBride  and Private Contract Attorneys: Bertrand & Soileau and Julie Lafargue and other employees, officials, and State Court Trial Court Judges along with State Appellate Court Judges knew that the DOTD was required to make L & M a defendant, because L & M had a recorded lease before the suits were filed, and the DOTD still is required to make L & M a defendant  in the pending three consolidated 1986 filed expropriation suits.

454.

Also Defendants: Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and Attorneys' Liability Assurance Society, Ltd, Anna E. Dow, GUS ALEXANDER FRITCHIE, III,  Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza, Shawn D. Wilson, Charles McBride, Attorney Sarah A. Kirkpatrick, and Attorneys James A. Brown and Sheri L. Corales, they too knew or should have known that DOTD was required to make L & M a defendant, and still is required to make L & M a defendant  in the pending three consolidated 1986 filed expropriation suits.

455.

All of the private Defendants as well as all of the State Defendants knew or they should have known that DOTD was required to make L & M a defendant, and still is required to make L & M a defendant  in the pending three consolidated 1986 filed expropriation suits, based upon the ruling made in the 1986 the Louisiana Supreme Court expropriation suit,  State of Louisiana, Department of Transportation & Development v. Jacob et al., 483 So.2d 586 (La.1986).

456.

In State of Louisiana, Department of Transportation & Development v. Jacob et al., 483 So.2d 586 (La.1986), the Court ruled in pertinent part:

"The public records doctrine is not totally without effect however. The state has a right to rely upon the public records in filing its suits, even if the lessee was a party who could properly intervene. *Shreveport v. Kansas City, S. & G. Ry.*, 184 La. 473, 166 So. 471 (1936). **They need only name those defendants whose interests appear in the public records."**

457.

Then, in the expropriation (condemnation) proceedings of <u>State, DOTD v. Sanders et al</u>, 628 So.2d 1207 (La.App. 3rd Cir. 1993), the Louisiana Department of Transportation & Development filed the suit naming as Defendants, Mr. Paul Sanders, the private property owner; and Todd's C Stores, Inc. the corporate Lessee of the private property.  This expropriation suit filed by DOTD, made with an interest a defendants because the property expropriated were owned by all white people and the owners of all of the corporate stock of the Lessee, Todd's C Stores, Inc., were also owned by white peoples.

458.

In the expropriation proceedings of <u>State, DOTD v. Sanders, et al.</u>, the attorney of record for the DOTD is <u>former private contract attorney, Mr. Ronald J. Bertrand</u>.

459.

It is clear that in the expropriation proceedings of <u>State, DOTD v. Sanders, et al.</u>, the Louisiana Department of Transportation, the Secretary for the Louisiana Department of Transportation, and the Real Estate Administrator, that all provided the Sanders as the owners of the private property as well as the corporate Lessee Todd's C Stores, Inc. all of their federal rights.

460.

The Louisiana Department of Transportation, the Secretary for the Louisiana Department of Transportation, the Real Estate Administrator, as well as Mr. Ronald Bertrand, they provided Mr. Sanders and Todd's C Stores

with procedures and/or substantive due process/notice of the taking of their property as required by the 5th and 14th Amendment of the U. S. Constitution; provided compensation for the taking of their private property as required also by the 5th and 14th Amendment of the U. S. Constitution; and they were provided equal protection of all the laws for required by the 5th and 14th Amendment of the U. S. Constitution, such as the right for them into enter lease contracts and to enjoy all the benefits and privileges from their contracts.

461.

Furthermore, the DOTD filed the following additional expropriation (condemnation) proceedings against the following and all the private property owners were white people; all of the lessees of the private property were white people; and/or all the business were owned by white people; all were named a defendant; all were given their federal rights; and in each suit former private contract attorney, Mr. Ronald J. Bertrand, represented the LDOTD:

(1).   State, DOTD v. Dietrich, et al., 544 So.2d 675 (La.App.3[rd] Cir.1989), writ granted, 555 So.2d 1355 (La.1990); and (2) State, DOTD, v. Anderson, et al., 568 So.2d 657 (La.App.3Cir. 1990).

462.

Although Plaintiff and The Corporation are similarly situated as all of the White people that the LDOTD have filed expropriation proceeding against, the State Defendants, acting under color of the law, denied Plaintiff and L & M Hair Care Products, Inc. equal protection of the laws, as to all of their federal rights resulting, from their lease contracts.  They denied their federal rights because Plaintiff is African-American and because all of the corporate stock of The Corporation, is owned by African-Americans.

463.

This denial of the rights of Plaintiff and of L& M, stem from

134

discriminatory intent, with the intent of causing African-Americans harm and injury regarding the taking of their private property. The named State Defendants' actions and/or inactions are a continuation of the harm and injury caused by the many of the DOTD's former private contract attorneys: Mr. Ronald Bertrand, Mr. Charles E. Solieau; along with many of DOTD's former Secretaries; former Real Estate Administrators, their former contract Appraisers, Mr. Evertte, Mr. Crooks; and others.

**ALL THE FEDERAL JUDGES; ALL THE STATE DEFENDANTS AND ALL THE PRIVATE DEFENDANTS ARE GULITY OF ACTING UNDER COLOR OF FEDERAL LAW AS THE STATE AND FEDERAL RECORDS CONFIRM THAT THE ONLY FEDERAL JURISDICTION AVAILABLE FOR THE FEDERAL COURTS WERE AT THE U. S. SUPREME COURT**

464.

Before Plaintiff filed federal suit #cv96-1360  Clark, et. al., v. Pena, et al, into the U. S. District Court W. D. Of Louisiana, Shreveport Division, he contacted the office of Clerk of Court and asked if a non-attorney, President of a corporation may file a Mandamus on behalf of  a corporation.

465.

The Clerk of Court transferred Plaintiff's phone call to a law clerk in the office of Judge Donald E. Walter.  The law clerk stated that Plaintiff  as the President, he could file only a mandamus.

466.

Based upon the information from the office of Judge Donald E. Walter, Plaintiff filed federal mandamus suit #cv96-1360 Clark, et. al., v. Pena, et al., against the Secretaries and Administrators of the Louisiana Department of Transportation & Development and the U. S. Department of Transportation.

467.

DOTD's former Attorney Charles E. Soileau filed into Rule 12(b) motions into federal mandamus suit #cv96-1360 Clark, et. al., v. Pena, et al.,

on behalf of the officials for DOTD.

468.

Attorney Charles E. Soileau filed into Rule 12(b) motions requested for Judge Donald E. Walter to dismiss the federal mandamus based upon: the federal court lack of subject matter jurisdiction; lack of personal jurisdiction; lack of diversity jurisdiction; and for the federal court to Abstain based upon many pending state court suits between the same parties.

469.

Judge Donald E. Walter refused to consider the jurisdiction grounds raised in the Rule 12 (b) motion filed on behalf of the DOTD's officials' requesting for the dismissal.

470.

Later counsel for the federal officials enrolled in the federal mandamus and a motion was filed, also raising the lack of subject matter jurisdiction. Judge Donald E. Walter, also refused to consider their jurisdiction grounds raised.

471.

As a result of not considering any of the jurisdictional grounds raised, Defendant Judge Walter proceeded directly to the merits and ruled against Plaintiff based solely upon a non-final state court judgments issued by Defendant Judge Charles R. Scott in pending state court expropriation suit #363,679.

472.

Not only were the Judgments issued by Defendant Judge Charles R. Scott in pending state court expropriation suit #363,679, non-final, also, Defendant Judge Charles R. Scott did not have subject matter jurisdiction in suit #363,679 because the suit was an expropriation filed by L & M, a corporation whom had no legislative authority to file an expropriation.

473.

Plaintiff appealed all the Judgments issued in the federal mandamus by

Defendant Judge Donald E. Walter to the U. S. Fifth Circuit.

474.

On appeal, the Brief filed by counsel for DOTD's officials requested for

all of the Judgments issued by  Defendant Judge Donald E. Walter be affirmed.

475.

On appeal, the Brief filed by counsel for the Federal Officials, requested

for the federal mandamus to be dismissed for the lack of all jurisdiction.

476.

While the appeal was pending, Plaintiff filed a motion on appeal at the U.

S. 5th Circuit requesting the Appellate Court to declare absolutely void the State

Court Judgment  that Judge Walter's Judgment was based upon.

477.

Counsel for DOTD's official filed a motion requesting for sanctions to be

issued against Plaintiff and his attorneys he had retained on appeal, for Plaintiff's

motion filed requesting the Appellate Court to declare absolutely void the State

Court Judgment.

478.

On June 30, 1999, the appellate court issued unreported and unpublished

opinion #97-30715 Clark, et. al., v. Pena, et al, and ruled that the U. S. District

Court had no type of jurisdiction and neither did the U. S. Appellate Court had any

jurisdiction to declare the State Court Judgment void.

479.

However, even though the June 30, 1999, issued unreported and

unpublished opinion #97-30715 Clark, et. al., v. Pena, et al ruled that L & M was

not a party in Clark, et. al., v. Pena, et al, at the U. S. District Court nor on appeal,

Defendant, Judge Williams E. Davis issued money sanctions against L & M

although the corporation never appeared in the district court or in the appellate

court.

480.

**Later, Defendant, Judge Williams E. Davis uncovered that the Court**

**had no subject matter jurisdiction to issued a Sanctions Judgment against The**

**Corporation, L & M, he had the June 30, 1999, issued unreported and**

**unpublished opinion #97-30715 Clark, et. al., v. Pena, et al, to be removed**

**from the Opinions listed on the 5th Circuit Court's online website.**

481.

Then back to this originally 1990 filed suit #362,381, Plaintiff had on

December 29, 1997  filed a Third Amended Petition adding federal civil rights

violations and many other defendants.

482.

Once Plaintiff's Third Amended Petition was served on the Defendants,

Defendant, Attorney Sarah A. Kirkpatrick on behalf of Defendants: Attorney

Robert L. Ledoux, his law firm Mangham, Hardy, Rolfs & Abadie, and their

insurer Attorney Liability Assurance Society Ltd., she in violation of Roker-

Feldman Doctrine and/or the Federal Barrow Rule filed a motion to removed this

Caddo Parish suit #362,381 from the state court to the U. S. District Court, W. D.

of Louisiana, Shreveport Division and the suit in federal court was #cv98-0217.

483.

For federal suit cv98-0217,  Defendant Magistrate Judge Roy Payne

without subject matter jurisdiction issued a Report & Recommendation on the

merits.

484.

Defendant Magistrate Judge Roy Payne's Report recommended the

dismissal for all of Plaintiff's federal claims and for all state law claims to be

remanded back to the state court.

485.

Therefore, for federal suit #cv98-0217, the U.S. District Court on

November 5, 1998, adopted the Report and a Judgment was issued that dismissed

all federal civil rights claims and remanded all state law claims back to this state

court.

486.

After this suit was remanded back to state court as 362,381, Defendant,

former Magistrate Judge Lemelle in pending federal suit <u>Larry E. Clark v. George

B. Land, et al</u>., Civ. No. 97-1266, in New Orleans, without subject matter

jurisdiction he proceed to the full merits of the federal case.

487.

Every motion filed by a Defendant against Plaintiff in federal suit <u>Larry

E. Clark v. George B. Land, et al</u>., Civ. No. 97-1266, Defendant Judge Lemellee

granted every motion in the Defendants' favor and against Plaintiff.

488.

As a result of Defendant Judge Lemellee; Defendants, Gregory Carl Weiss

and Stephen R, Barry representing the DOTD, and its attorneys,

employees/officials and/or its contractors/agents; Defendants John M. Wilson and

his law firm Liskow & Lewis on behalf of Mangham, Hardy, & Stevens, L.L.P.,

Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L.

Ledoux, and their Insurer, Attorneys' Liability Assurance Society, Ltd;

GUS ALEXANDER FRITCHIE, Clairborne W. Brown; IRWIN FRITCHIE

URQUHART MOORE & DANIELS; and Liskow & Lewis, conspiring under

color of federal law thereby granting a Judgment for the Defendants named in

federal suit #97-1266 which are the same Defendants named in Plaintiff's

December 29, 1997 Third Amended filed in this suit, #362,382, in 1999 all

Defendants filed an exception of res judicata, in this suit #362,381.

139

489.

At the U. S. District Court in New Orleans, LA, for <u>Clark v. Land, et al.,</u> No. 97-1266, filed in September 1997, Defendants, Gregory Carl Weiss and Stephen R, Barry represented DOTD, and its attorneys, employees/officials and/or its contractors/agents: James M. Dousay, Paul Ray Dry, Edward A. Michel, Frank Denton, Lawrence A. Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David Guillette, Keats Everett, Roger L. Burford, and Eugene E. Chiarulli., acting under color of federal law Defendant Judge Lemellee granted their motion for dismissal.

490.

In 1999 Defendant Jerald R. Perlman, filed into this suit No. 362,381 an exception of res judicata and/or a motion for dismissal of Plaintiff's claims based upon the Judgment issued by Defendant Judge Lemellee in federal suit No. 97-1266 on behalf of the motions for dismissal filed Defendants, Gregory Carl Weiss and Stephen R, Barry, on behalf of DOTD, and its attorneys,employees/officials and/or its contractors/agents. All the Defendants working under color of law with state court Judge Roy Brun was granted a Judge that dismissed all of Plaintiff's claims.

491.

Defendants, GUS ALEXANDER FRITCHIE, Clairborne W. Brown, and/or others represented Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza, in federal suit 97-1266 and they were all acting under color of federal law with Defendant Judge Lemellee. Defendant Judge Lemellee granted them a Judgment of dismissal dismissing all of Plaintiff's claims filed against them.

492.

In 1999, Defendant GUS ALEXANDER FRITCHIE filed into this state court suit No. 362,381 filed an exception of res judicata on behalf of Defendants,

Brook, Morial, Cassibry, Frachie & Pizza and Normand F. Pizza, based upon the

Judgment obtained in federal suit 97-1266. The Defendants action under color of

law with State Court Judge Roy Brun was granted an exception of res judicata and

all of Plaintiff's claims were dismissed.

<div align="center">493.</div>

Defendants, John M. Wilson and many others at his law firm, Liskow &

Lewis, were granted a Judgment of dismissal for all of Plaintiff's federal and state

rights. They obtained the Judgment from Defendant Judge Lemellee in the New

Orleans federal suit No. 97-1266 suit, as a result, that of all the Defendants were

acting under color of federal law.

<div align="center">494.</div>

On May 1, 2000 an exception of res judicata, was filed into this suit

#362,381 by Defendants, Sarah A. Kirpatrick and Joseph Shea Jr., on behalf of

Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy,

Rolf, Bailey, And Abadie, Robert L. Ledoux, and their Insurer, Attorneys'

Liability Assurance Society, Ltd. into this suit No. 362, as a result of the Judgment

issued by Defendant Judge Lemellee in Federal New Orleans suit #97-1266,

granting the motion filed by Defendants John M. Wilson and his law firm Liskow

& Lewis.

<div align="center">495.</div>

At this present time in April 2024, this trial court for suit No. 362,381 has

not issued a ruling for the May 1, 2000 filed exception of res judicata.

<div align="center">496.</div>

Then also, at the Caddo Parish State Court, Plaintiff had in January

1998 filed Nullity/ Bribery suit #429,240. It was filed to have all previously

issued State Court Judgments, to be declared void, and later the suit was amended

to add additional defendants such as legal malpractice defendants, and federal civil

rights violations claims were also added.

497.

Once Plaintiff's #429,240 Nullity/ Bribery suit was amended with the federal civil rights claims and added additional defendants, such as some legal malpractice defendants, Defendant Sarah A. Kirkpatrick on behalf of her legal malpractice defendants, and Defendant Jerald Perlman counsel for the DOTD and its officials, filed a joint motion in violation of the Rooker- Feldman Doctrine and/or the Federal Barrow Rule to move  Nullity/ Bribery suit #429,240 , from state court  to the federal district court in Shreveport.

498.

At the federal court, the suit became federal suit #cv98-1753.  Then, Defendant Sarah A. Kirkpatrick on behalf of her legal malpractice clients, along with Defendant Jerald R. Perlman on behalf of his DOTD' clients, working under the color of federal with Defendant Magistrate Judge Roy Payne a joint motion for filed by the two counsel.  Their motion  requested for all of Plaintiff's claims to be dismissed with prejudice.

499.

Based upon the joint motion filed for the dismissal of Plaintiff' claims, in February 2000, Defendant Magistrate Judge Roy Payne knowing full well he had no subject matter jurisdiction, he recommended the dismissal of all of Plaintiff's federal civil rights claims be dismissed and that all of Plaintiff's state law claims be remanded back to the state court. #429,240.

500.

On March 20, 2000, for federal suit #cv98-1753, the District Court Judge adopted the Magistrate Judge Payne's Report & Recommendation in full, and a non final federal Judgment was issue that remanded Plaintiff's #429,240 Nullity/ Bribery suit back to the state court.

501.

Then around 2002, for the pending originally June 1996 filed suit

#425,690, at 19th JDC of East Baton Rouge Parish,  DOTD private contract

attorney Charles E. Soileau, on behalf of the DOTD and many of its officials,

employees, attorneys, private contractors and/or agents filed an exception of res

judicata.

<div align="center">502.</div>

The 19th JDC Trial Court Judge, Janice Clark ordered DOTD private

contract attorney Charles E. Soileau to filed into the record of suit #425,690-D, the

entire record of every suit he would use to support his exception of res judicata.

<div align="center">503.</div>

After all of the related state and federal suits had been filed into the record

of suit #425,690-D, Trial Court Judge, Janice Clark appointed a Commissioner at

the 19th JDC of East Baton Rouge Parish to make a Report & Recommendation to

the Court regarding the exception of res judicata filed on behalf of the DOTD and

its officials, attorneys, employees, etc.

<div align="center">504.</div>

The Commissioner for the 19th JDC of East Baton Rouge Parish, held a

hearing, accepted evidence from the parties and heard the parties oral arguments.

<div align="center">505.</div>

Later in October 2005, the Commissioner issued a Report that

recommended for res judicata to be granted based upon:

(1) Defendant, Judge Donald E. Walter's February 20, 1997 Judgment issued in federal mandamus cv96-1360;

(2) Defendant, Judge Roy Payne's February 2000 Report & Recommendation that led to the issuing of the March 20, 2000 federal Judgment issued cv98-1753; and

(3) Defendant, Judge Charles R. Scott's February 4. 1997 Judgment issued in L & M's expropriation suit #363,679.

<div align="center">506.</div>

In September 2006 Trial Court Judge, Janice Clark for suit #425,690-D

issued a Judgment adopting the Commissioner's Report in part ruling to sustain the

granting res judicata and no cause of action based upon the February 20, 1997

federal Judgment issued in federal mandamus cv96-1360 and the federal civil

rights non-final judgment March 20,2000  issued in cv98-1753. was appealed.

507.

The September 2006 Trial Court Judgment of dismissal for suit #425,690-D

was appealed.   The Louisiana First Circuit in May 2008 issued unpublished

Opinion No. 2007 CA 2008, actually affirming the September 2006 Judgment of

Judge Clark based upon federal Judgment cv98-1753 and state court judgment

issued in expropriation suit #363,679.

508.

Later as a result that Plaintiff's #429,240 Nullity/ Bribery suit in 2009 was

dismissed without prejudice for Plaintiff's failure to prosecute and as a result of it

being  dismissed, the non-final federal Judgment issued in cv98-1753 on March 20,

2000 was also automatically dismissed without prejudice.

509.

Therefore in 2011, Plaintiff filed a Nullity Petition into suit #425,690, at

19th JDC of East Baton Rouge Parish for nullity of the Trial Court's September

2006 Judgment of dismissal.

510.

For the 2011 19th JDC filed Nullity Petition, Defendant Julie M. Lafargue

appeared in the suit as counsel of record as a result that DOTD's former counsel

had died from a massive heart attack supposedly learning of a state and federal

investigation regarding the on-going litigation for these many related state and

federal suits.

511.

Defendant Julie M. Lafargue in the 19th JDC for the East Baton Rouge

Parish filed she refiled exceptions of res judicata and other motions for dismissal

based upon the same federal previously issued federal judgments.

144

512.

The foregoing paragraphs are incorporated by referenced and reasserted as if restated fully herein.  At all times relevant to this action, the Defendants have acted under color of state law as well as acted under color of federal law in regards to the following causes of action but not limited to:

**FOR THE FIRST CAUSE OF ACTION**

WRIT OF MANDAMUS FOR SECRETARY & ADMINISTRATOR OF LDOTD

Louisiana Constitution Article 1 Section 4.
Louisiana Revised Statutes Article 48:441 through 48:460
Louisiana C. C. P. Articles 3861, 3862, 3863, 3864, 3865, 3866.

513.

Plaintiff restates and reiterates and adopts to extent applicable, all of the above proceeding and foregoing paragraphs of this complaint as it set forth at this point, for the issuing of a Writ of Mandamus to the officials of DOTD.

514.

Therefore, Plaintiff hereby request for a Writ of Mandamus to be issued to Terrence J. Donahue Sr., the Secretary for the Louisiana Department of Transportation & Development, and Charles D. McBribe, the Administrator because neither have not complied with their ministerial duties as required in the pending 1986 filed consolidated expropriation suits Nos. 325,511; 325, 512 and 328,772.

515.

Terrence J. Donahue Sr., the Secretary for the Louisiana Department of Transportation & Development, and Charles D. McBribe, the Administrator are required by Louisiana Constitution Article 1. Section 4., to provide pay constitutional compensation to L & M as well as provide other constitutional rights to L & M as outlined in LA-R.S. 48:441 through 48:446.

516.

Plaintiff and/or L& M are not required by state law nor by federal law to have to first pay a Money Bribe and/or agree to pay Money Kick Back payment before Terrence J. Donahue Sr., the Secretary for the Louisiana Department of Transportation & Development, and Charles D. McBribe, the Administrator perform their duty required by Louisiana Constitution Article 1. Section 4., requiring for constitutional compensation be paid to L & M as well as to provide other constitutional rights to L & M as outlined in LA-R.S. 48:441 through 48:446.

**FOR THE SECOND CAUSE OF ACTION**
**NULLITY OF VARIOUS STATE COURT'S ORDERS/JUDGMENTS**

[Louisiana Code of Civil Procedure Articles 2001-2006]

517.

Plaintiff restates and adopts at this point for in support of his first cause of action all of the above and foregoing paragraphs, the applicable laws, and applicable jurisprudence regarding for nullity of the following State Courts' Orders/Judgments/ Opinions:

**NULLITY OF ORDERS/JUDGMENTS ISSUED IN THIS SUIT NO. 362,381**

518.

Plaintiffs hereby moves for Nullity of various State Courts' Orders and/or Judgments and/or Appellate Court's Opinion, BASED UPON BUT NOT LIMITED TO: LA- C.C.P. ARTS. 2001 THROUGH 2006; WASHINGTON v. HARVEY, 124 So. 2d 240 (La. App. 2ND Cir. 1960); LA-CCP. ART. 641; LA-C.C.P. ART. 1880; LA-C.C.P. ART. 1201.

519.

Plaintiff moves under the applicable laws jurisprudence for the following State Courts' Orders/Judgments/ Opinions to be declared relative void and/or absolutely void based upon various grounds as outlined in these

146

petitions and/or motions:

(1) For this suit sub judice, No. 362, 381, the Trial Court's Order issued on October 21 , 2021 that dismissed this suit without prejudice under LA-CCP. Art. 561 for Plaintiff's failure to prosecute;

(2) For this suit sub judice, No. 362, 381, the Trial Court's Order issued around May 6, 1996 , that allowed Attorney J. R. Keene to with draw as counsel of record for Plaintiffs, L & M and Mrs. Melvenia S. Clark and it allowed for non-attorney Plaintiff, Larry E. Clark to represent Plaintiffs, L & M and Mrs. Melvenia S. Clark in this suit;

(3) For this suit sub judice, No. 362, 381, the Trial Court's Judgment issued on April 17, 1997 that dismissed Plaintiff's suit against Anna E. Dow and it also dismissed Plaintiff suit against the law firm of Brook Morial;

(4) For this suit sub judice, No. 362, 381, the Trial Court's Order issued on April 21, 1997 that issued around $2000.00 in Sanctions against Plaintiff;

(5) For this suit sub judice, No. 362, 381, the Trial Court's "AMENDED JUDGEMENT" issued on February 5, 1998 that dismissed Without Prejudice the claims of Plaintiff, L& M Hair Care Products, Inc against the Defendants;

(6) For this suit No. 362, 381, the Trial Court's Judgment rendered on March 13, 2000, signed on March 17, 2000 and filed on March 20, 2000, granting Defendant Anna E. Dow an exception of res judicata based upon a Judgment issued in favor of Anna E. Dow and against Plaintiff Larry E. Clark, in federal suit <u>Clark v. Land, et al.,</u> No. cv97-1266, U. S. Dist. Ct. E. D. of Louisiana, New Orleans, LA Division;

(7) For this suit No. 362, 381, the Trial Court's Judgment rendered on January 3, 2000 and/or on March 13, 2000, signed on March 22, 2000 and filed on March 21, 2000, granting an exception of res judicata, an exception of no cause of action and an exception of prescription to Defendants: DOTD James M. Dousy, Paul Ray. Dry, Edward A. Michel, Frank Denton, Lawrence A. Durant, Burnie L. Malone, Ronald J. Bertrand, Charles E. Soileau, Bertrand & Soileau, H. David Gullette, Keats Everette, Roger L. Burford, and Eugene Chiarulli, all of the exceptions were based upon Judgments issued in federal suit <u>Clark v. Land, et al.,</u> No. cv97-1266, U. S. Dist. Ct. E. D. of Louisiana, New Orleans, LA Division; and

(8) For this suit No. 362, 381, the Trial Court's Judgment rendered on January 3, 2000, signed on April 3, 2000 and filed on April 3, 2000, granting an exception of res judicata to Defendants: Brook,Pizza, & Van Loon, LLP, Jack Pierce Brook, and Norman L. Pizza an exception of res judicata based upon a Judgment issued in federal suit, <u>Clark v. Land, et al.,</u> No. cv97-1266, U. S. Dist. Ct. E. D. of Louisiana, New Orleans, LA Division;

## **NULLITY OF JUDGMENTS  IN 1986 EXPROPRIATIONS SUITS:**

(9) For the **ENTIRE PROCEEDINGS** of expropriation suits; Nos. 325,511; 325,512 ; and 328,772 consolidated to be declared absolutely, under LSA-CCP. Art. 641 for lack of Indispensable L & M ;

147

(10)     For the December 28, 1987 "JOINT STIPULATION" filed into these three consolidated suits;

(11)     For the Trial Court's June 1988 Judgments filed into these three consolidated suits;

(10) For the 1989 Louisiana Second Circuit Court of Appeal's Consolidated Opinions issued for these three (3) 1986 consolidated expropriation suits;

(11) For the Judgment issued March 21, 2018 in and for the three (3) consolidated 1986 filed suits;

(12) For the Judgment issued May 29, 2018 in and for the 1986 consolidated (3) expropriation suits;

(13) For consolidated opinions issued on January 15, 2020, by the Louisiana Second Circuit Court of Appeal, 289 So.3d 226 (La.App.2[nd] Cir. 2020) concerning for the 1986 consolidated (3)   expropriation suits;

## NULLITY OF JUDGMENTS FOR 1990 EXPROPRIATION SUIT #363,679:

(14) For the ENTIRE EXPROPRIATION PROCEEDING OF SUIT #363,679;

**(15)**     For the October 10, 1995 Judgment issued in expropriation suit #363,679;

**(16)**     For the February 4, 1997 Judgment issued in #363,679;

**(17)**     For the Louisiana Second Circuit Court of Appeal opinion issued on December 10, 1997, for expropriation suit #363,679;

**(18)**     For the May 24, 2018Judgment issued in suit #363,679; and

**(19)**     For the consolidated opinions issued on January 15, 2020, by the Louisiana Second Circuit Court of Appeal, 289 So.3d 226 (La.App.2[nd] Cir. 2020) concerning  the 1990 filed expropriation suit, No. 363,679.

## FOR THE THIRD CAUSE OF ACTION
A CLAIM FOR LEGAL MALPRACTICE AGAINST THE DEFENDANTS THAT WRITTEN AGREEMENTS WERE ENTERED INTO WITH PLAINTIFS FOR THEIR LEGAL SERVICES TO BE PROVIDED TO THE PLAINTIFFS

520.

Plaintiff brings a cause of action for legal malpractice as a result of entering into written agreements with Defendant Robert. L. Ledoux for him and his law firm to provide legal services Mangham, Hardy, & Stevens, L.L.P., Successors in interests to Mangham, Hardy, Rolf, Bailey, And Abadie, Robert L. Ledoux, and their Insurer, Attorneys' Liability Assurance Society, Ltd.

148

### THE FOURTH AND FIFTH CAUSE OF ACTION

AGAINST ALL THE DEFENDANTS  NAMED THIS  APRIL 2024 FILED
SUITS AND ALL IN THE AMENDED AND SUPPLEMENTAL SUITS, as
allowed by [**42 U. S. C. SECTION 1981 (a (b) (c) and 42 U.S.C. 1982; these
causes of action under 1981 and 1982 are prosecuted through 42 U. S. C.
SECTION 1983, 1985** as granted to him by the 1st AMENDMENT OF U. S.
CONSTITUTION; 5TH AMENDMENT OF U. S. CONSTITUTION; 13TH AND
THE 14TH AMENDMENTS OF THE U. S. CONSTITUTION.

521.

Plaintiff restates, reiterates and adopts all the above and foregoing paragraphs

as they set forth at this point the extent applicable  to the 4th and 5th cause of

actions for the violations of all of the above and foregoing federal and state laws.

Plaintiff prosecute and/or demands relief for his rights in 42 U. S. C. Sections

1981 and Sections 1982, 1985 through 42 U. S. C Section 1983.  Plaintiff and L &

M is in a protective Class Group as a result that  Larry E. Clark is an African-

American citizen. This cause of action is to redress the deprivation, committed by

the Defendants acting under color of state law, and or color of federal law namely

but not limited to: Attorney Terrance J. Donahue, Jr., Attorneys Andrew Barry and

Charles McBride, and Attorney Julie M. Lafargue whom have continued with the

original conspiracy, started by DOTD's private contract Attorneys Charles E.

Soileau and Ronald J. Bertrand, and included are Defendants: Robert G. Graves,

George B. Land, Paul R. Dry, Falcon A. Morgan, Thomas R. Stephen, Bernard L.

Malone, Louis Brooks, Ken Haydell, Norman Sullivan, William W. Irvin Jr., Pam

Leon, Neil Wagoner, Norman L. Scisson, Edward A. Michel, Jude W.P. Patin,

Larwence Durant, Frank Denton, James M. Dousay, Frank M. Rogers, Jr.,Keats

Everette, B. Dan Crooks, H. David Gullette, Jack Courtney Jr., Courtney &

Associates, Charles R. Scott, James Bowen McCallum, Donald E. Walter, Ivan L.

Lemelle, Ramon Lafitte, Roy Payne, and Marcus L. Hunter.

522.

The Defendants named in above paragraph number 520, were all at all times in the past, and/or at present, were acting separate and/or acting together, along with all of the private attorneys defendants and their law firms and their insurer, with the public defendants and knowingly and/or unknowingly, under color of state law, and/or under color of federal law, and/or under otherwise of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunities denied to rights secured to Plaintiff and/or to L & M Hair Care Products, Inc. by the First, Fourth, Fifth, Thirteenth, And Fourteenth Amendments of the United States Constitution and through 42 U. S. C. Section 1981 (a)(b)(c) and 42 U. S. C. 1982, 42 U. S. C. 1985, are prosecuted by Plaintiff through 42 U. S. C. Section 1983.

523.

The Thirteenth Amendment and/or the Fourteenth Amendment of the United States Constitution and 42 U.S. C. A. 1981 (a) (b)(c) including but not limited to, give Plaintff and L & M Hair Care Products, Inc; the right to freely make contracts, enforce contracts, to sue, to be parties, and give evidence, to the full and equal benefit of all laws and proceeding for the security of persons and property, as is enjoyed by White citizens/businesses/corporations. Please See, Sullivan v. Little Hunting Park, 396 U. S. 229 (1969).

524.

Petitioner asserts that Article 1, Section 4. of the Louisiana Constitution granted mover and L & M Hair Care Products, Inc. the rights to compensation for its leasehold interests as a result of the lease contracts it had regarding the property that LDOTD expropriated from the Clarks for Interstate-49 in Shreveport, Louisiana. The former LA-Revised Statutes 9:2754 through 9:2756 and Louisiana Revised Statutes Expropriation Statutes 48:441 through 48:460 also gave L & M

Hair Care Products, Inc. the following rights: that it be made a defendant by

LDOTD to any expropriation proceedings filed for the leased property; that

LDOTD give L & M due process of law; that L & M be allowed to present

evidence as a defendant in any expropriation proceedings filed; that compensation

be paid directly to L & M and/or that a deposit of money be made into the registry

of the Court by LDOTD for L & M's benefit for the value of all losses caused

by the expropriation; that L & M be given the right to a trial by jury; and that

all other rights be granted to it, as they were granted to all similarly situated

White persons/ businesses/corporations.

### CAUSE OF ACTION AGAINSTS ALL DEFENDANTS PRIVATE AND PUBLIC FOR THE VIOLATIONS OF THE FIRST AMENDMENT OF THE UNITED STATE CONSTITUTION GRANTED TO PLAINTIFF AND L & M

(A). Freedom of Association

(B) Freedom To Petition The Court For Redress Of Grievance

(C) Freedom From Retaliation

**[prosecuted through 42 U.S.C.A 1983**]

(PLAINTIFFS ARE MEMBERS OF PROTECTIVE CLASS )

525.

Plaintiff restate, reiterates adopts and incorporates all of the above and

foregoing paragraphs to the extent they are applicable, as set forth at this point.

Therefore,  for this Seventh Cause of Action Plaintiff asserts that Plaintiff and L &

M Hair Care Products, Inc. are allowed protection based upon their leases contracts

relationship as with the identification of  Plaintiff, who is African-American, who

is in a protective class/group.   Plaintiff asserts that all the Public and Private

Defendants purposely discriminated against Plaintiff and  L & M Hair Care

Products, Inc., all because of  its affiliation/ identification with Plaintiff, an African

American, and because all of the corporation's stock is owned by African-

Americans, and all of the products, were manufacture for, and sold to African-Americans, and all money owed from the expropriation would be received by African-Americans and/or received for the benefit of African-Americans.  This cause of action is prosecuted by Plaintiff through 42 U. S. C. Section 1983.

A CAUSE OF ACTION FOR

Negligence And Gross Negligence Against All Defendants

[LSA-C.C. ARTICLES 2315, 2316 2320 AND 2420]

526.

Plaintiff restate, reiterates adopts and incorporates all of the above and foregoing paragraphs to the extent they are applicable, as set forth at this point. This cause of action redress the negligence of all of the Defendants in that they all had a duty to make a reasonable inquiry to determine and/or investigate the rights of Plaintiff and of L & M Hair Care Products, Inc.   The Defendants had a duty to act in accordance with the Louisiana Statutory guideline in LA-R.S. 48:441 through 48:460 concerning the taking of the leasehold interests rights of L & M Hair Care Products, Inc.  Defendants further had a duty to ensure that L & M Hair Care Products, Inc., was successfully relocated so that it could continue to operate its business.  The Defendants negligently breached  each and every duty herein alleged, and such breach is the cause of the extreme damages and injuries suffered by Plaintiff and by L & M Hair Care Products, Inc.  They have intentionally caused and continue to cause Plaintiff Gross Mental And Emotional Stress as a result of their actions and/or inactions.

527.

On August 1, 1986, Louisiana C.C. article 2924 (B(2)(C) was amended by Act 458 1984 as follows:

"B" (2) The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows:
"(C) On and after September 11, 1981, the rate shall be twelve percent per annum."

528.

Plaintiff asserts that Louisiana Civil Code Article 6 provides:

" Art. 6 Retroactivity of laws   In the absence of contrary legislative expression, substantive laws apply prospectively only.  Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."

529.

Plaintiff asserts that in the expropriation case of <u>State, Department of Highways  v.  Ronaldson</u>, 316 So.2d 898 (La.App.1[st] Cir. 1975), the Louisiana First Circuit ruled that the date that the title vests in the property is the same date that legal interest vests; and, the interest rate in effect at that time is the legal interest rate due until paid and no amendment to the law can divest the interest the rate.  See also the expropriation case of <u>State, Through DOTD  v. Estate of Davis</u>, 572 So.2d 39 (LA 1990).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs as a result that NO ONE IN THIS COUNTRY IS ABOVE THE LAW, he hereby pray for a jury trial for all cause of actions allowed by law; and he further prays for the following relief but not limited to:

(1) that his originally filed May 11, 1990 petition be amended, as well as all of his amended and supplemental petitions be amended, and adopted, to this April 2024 filed Petition and/or this amended and supplemental petition;

(2) that this Court's Order issued on October 21, 2021 that dismissed this suit without prejudice under LA-CCP. Art. 561 be declared void because Art. 561 cannot be applied and/or because the Order was obtained by fraud and/or by other ill practice committed by the public and private Defendants;

(3) that a Writ of Mandamus be issued as allowed by Louisiana C. C. P. Articles 3861, 3862, 3863, 3864, 3865, 3866 to the Terrence J. Donahue Sr., the Secretary For the Louisiana Department of Transportation & Development and to CHARLES D. McBRIDE, the Administrator for Louisiana, Department of Transportation And Development directing the public officials to perform their ministerial duties for Plaintiff and L & M the corporation in the pending originally filed 1986 consolidated expropriation suits: Nos. 325,511; 325,512 ; and 328,772 consolidated as required by Art. 1. Section 4., of the Louisiana Constitution; R. S. 48:441 through 48:446; the 5th & 14th Amendments of the U. S. Constitution; and the Federal Klu Klux Klan Statutes also known as 42 U. S. C. 1981; 42 U. S. C. 1982; 42 U. S. C 1983; 42 U. S. C. 1985; 42 U. S. C. 1986; and 42 U. S. C. 1988;

(4) that all proceedings in the pending originally filed Caddo Parish 1986 consolidated expropriation suits: Nos. 325,511; 325,512 ; 328,772;

be declared absolutely void in accordance with the applicable pre-amended version of LA-CCP. Art.641, for the lack of subject matter jurisdiction based upon the lack of Indispensable Party L & M Hair Care Products, Inc;

(5) that the December 28, 1987 "JOINT STIPULATION" filed into the 1986 consolidated expropriation suits: Nos. 325,511; 325,512 ; 328,772 proceedings be declared absolutely void declared void, for lack of Indispensable Party L& M Hair Care Products, Inc;

(6) that the December 28, 1987 "JOINT STIPULATION" filed into the 1986 consolidated expropriation suits: Nos. 325,511; 325,512 ; 328,772 proceedings be declared void declared void based upon it was obtained without the written express authority given by Plaintiffs and/or it was obtained as a result of the attempt to obtain a Money Bribe and/or Kick Back Money and/or by and/or by Fraud and/or by other ill practices;

(7) that the Trial Court's June 1988 Judgment filed into the 1986 consolidated expropriation suits: Nos. 325,511; 325,512 ; 328,772; and the August 1989 consolidated opinions issued by Louisiana Second Circuit Court of Appeal affirming the Judgment be declared absolutely void for lack of subject matter jurisdiction, in accordance with the applicable pre-amended version of LA-CCP. Art.641, for the lack of subject matter jurisdiction based upon the lack of Indispensable Party L & M Hair Care Products, Inc;

(8) that March 21, 2018 Judgment issued by Trial Court for the three 1986 consolidated suits; along with the May 29, 2018 Judgment issued; and, that the consolidated opinions issued for these suits on January 15, 2020, by the Louisiana Second Circuit Court of Appeal, 289 So.3d 226 (La.App.2[nd] Cir. 2020) all be declared absolutely void for lack of subject matter jurisdiction based upon the lack of Indispensable Party L & M Hair Care Products, Inc;

(9) That for the lack of subject matter jurisdiction all proceedings and the following Judgment issued in expropriation suit 363,679 be declared absolutely void for the Louisiana Legislature never given L & M the authority to file an expropriation suit and as a result: the October 10, 1995 Judgment and the February 4, 1997 Judgment issued in expropriation suit #363,679 must be declared absolutely void and the same be for the December 10, 1997 Opinion issued by the LA Second Circuit for expropriation suit #363,679 must be declared absolutely void; along with the May 24, 2018 Judgment of the Trial Court and the January 15, 2020 consolidated opinions issued by the Louisiana Second Circuit for suit #363,679;

(10) that there be a prospective Injunction issued regarding suit #363,679 for the following Judgments issued therein: the October 10, 1995 Judgment; the February 4, 1997 Judgment; and the May 24, 2018 along with the opinions issued by the Louisiana Second Circuit Court of Appeal on December 10, 1997, 704 So.2d 415 (La.App.2[nd] Cir.1997), and the Opinion issued on January 15, 2020;

(11) that a prospective Declaratory Judgment and/or an Injunction be granted finding that the Defendants are violating the rights granted to Mover's and to the corporation by the First, Fourth, Fifth, and Fourteenth Amendments of the U. S. Constitution and by 42 U.S.C. Section 1981; 1982; 1983;1985; and 1986;

(12) that a prospective Injunction to be granted as to the filing of res judicata and/or for other exception and/or motion to deny any state or federal

154

rights based upon the February 20, 1997 judgment issued in the Federal Mandamus suit, No. cv-96-1360, entitled Clark et al., v. Pena, et al., by the U. S. District Court W. D. of Louisiana, Shreveport-Division;

(13)    a prospective Injunction to be granted as to the filing of res judicata and/or

for other ground to deny any federal rights based upon the unreported and unpublished opinion No. 97-30715 issued on June 30,1999, by the U. S. Fifth Circuit, that ruled that the U. S. District Court had no type of jurisdiction;

(14)    that a prospective Injunction to be granted as to the filing of res judicata and/or for other grounds to deny any federal rights based upon the June 25, 2012 unpublished opinion No. 11-30724 also issued by the U. S. Fifth Circuit Court of Appeals that ruled that the U. S. District in Clark, et al., v. Pena, et al., No. cv96-1360, had no jurisdiction; (11)

(15)    that a prospective Injunction to be granted as to the filing of dismissal based upon res judicata and/or for any ground that will cause the denial of the state and/or federal rights of Plaintiff and/or L & M based upon the non-final March 20, 2000 federal Judgment issued by U. S. District Court in the removed state court Bribery Nullity/Federal Civil Rights Suit No. 429,240 1st JDC/No. cv98-1753 U. S. District Court, W. D. of Louisiana, Shreveport-Division, <u>Clark, et al., v. State of Louisiana, DOTD, et al.</u>;

(16)    that an Injunction be granted as a result that the federal district court had no subject matter jurisdiction under the Federal Rooker-Feldman Doctrine, as the suit was a continuation of the 1986 consolidated expropriation (condemnation) suits; the 1990 filed expropriation (condemnation) suit; the state court 1990 legal malpractice suit; and the 1996 state court mandamus suit.  Additionally, the federal district court had no subject matters jurisdiction based upon the Federal Barrow Rule that denies subject matter jurisdiction for a state court civil case removed from the state court to a federal court regarding nullity of state court civil judgments;

(17)    that a prospective Injunction to be granted as to the filing of res judicata and/or for any ground to deny any federal rights based upon any federal judgment issued by a federal court as a result of any suit filed in a federal court, as a result of: these state court consolidated 1986 filed expropriation (condemnation) suits; and as to the 1990 state court expropriation (condemnation) suit; the state court1990 legal malpractice suit as well as from suit #425,690-D filed in the 19th JDC of East Baton Rouge Parish;

(18)    that a prospective Injunction to be granted as to any judgment that deny  federal rights to Plaintiff, issued by the 1st JDC of Caddo Parish in three (3) 1986 consolidated expropriation (condemnation) suits entitled, State of Louisiana, Department of Transportation & Development v. Larry E. Clark and Melvenia S. Clark, suits No. 325, 511; 325, 512 and 328,772;

(19) that a prospective Injunction to be granted as to any judgment issued by the 1st JDC of Caddo Parish, that deny any federal rights to Mover and L & M, in the 1990 expropriation (condemnation) suit No. 363,679 filed by L & M Hair Care Products, Inc.;

155

(20)  that a prospective Injunction to be granted as to any judgment issued by any state court that deny and/or attempts to deny any federal right granted to Plaintiff and/or L & M Hair Care Products, Inc., from the  three (3) 1986 consolidated expropriation (condemnation) suits, entitled, State of Louisiana, Department of Transportation & Development v. Larry E. Clark and Melvenia S. Clark, suits No. 325, 511; 325, 512 and 328,772, 1st JDC of Caddo Parish; No. 363,679, 1st JDC of Caddo Parish, the 1990 expropriation (condemnation) suit filed by L & M Hair Care Products, Inc; and No. 425,690-D, 19th JDC of East Baton Rouge Parish;

(21) that a prospective Injunction be granted as to State of Louisiana, Department of Transportation & Development v. Larry E. Clark and Melvenia S. Clark, consolidated Opinion Nos. 20579-CA; 20580-CA; and 20581-CA, issued by the Louisiana Second Circuit Court of Appeal, 589 So.2d 365 (La.App.2nd Cir. 1989);

(22) that prospective Injunction be granted as to L & M Hair Care Products, Inc., et al., v. State of Louisiana, Department of Transportation & Development opinion No. 29,998-CA, issued by the Louisiana Second Circuit Court of Appeals, on December 10, 1997, 704 So.2d 415 (La.App.2nd Cir. 12-10-1997);

(23) that a prospective Injunction be granted as to, the following Judgments and Orders issued by the 19th JDC of East Baton Rouge Parish for suit No. 425,690-D, Clark, et al., v. Frank Denton, et al; the September 11, 2006 Judgment; the Court's Order filed on November 19, 2020 and signed on December 14, 2020, as well as any other Judgment and/or Order that deny Mover or L & M state and federal rights;

(24)  that a prospective Injunction be granted as to, L & M Hair Care Products, Inc., et al., v. State of Louisiana, Department of Transportation & Development, et al. opinion No. 2007-CA-1364, issued by the Louisiana First Circuit Court of Appeals, on May 02, 2008;

(25) that a prospective Injunction be granted as to, L & M Hair Care Products, Inc., et al., v. State of Louisiana, Department of Transportation & Development, et al. opinion No. 2013-CA-0371, issued by the Louisiana First Circuit Court of Appeals (La. App. 1 Cir. 11/8/2013), 2013 WL 5972214, writ denied, 2014-0814 (La. 6/13/14), 140 So. 3d 1191, cert denied, 135 S. Ct. 713 (2014);

(26)that a prospective Injunction be granted as to, State of Louisiana, Department of Transportation & Development v. Larry E. Clark, et ux., consolidated with L & M Hair Care Products, Inc., et al., opinions Nos. 53-197-CA; 53,198-CA; 53,199-CA, and 53,200-CA, issued by the Louisiana Second Circuit Court of Appeals, on January 15, 2020, 289 So.3d 226 (La.App.2nd Cir. 01-15-2020), writ denied, (La. 09-23-2020);

(27) that damages be granted to Plaintiff from the suffering of damages and/or  losses as a result of racial discrimination form not being able to receive benefits from his leases and lease options between Plaintiff and The Corporation, L & M;

(28) that Plaintiff be awarded $1,000,000.00 per year from 1986 until paid for past pain and suffering; mental anguish; mental stress; emotional stress for the all the suffering of Plaintiff as a result of being discriminated against and/or as allowed by law;

(29) That Plaintiff be awarded $1,000,000.00 per year from 1986 until paid for past and future humiliation and embarrassment suffered by Plaintiff as a result of being discriminate against and/or on other grounds allowed by law;

(30) that Plaintiff be awarded $1,000,000.00 per year from damage to business reputation and all other events caused by the Defendants;

(31) that Plaintiff hereby requests that as a result of the highly held positions and knowledge of the named parties, that PUNITIVE Damages be awarded to Plaintiff in the amount of no less One Billion Dollars ($1,000,000,000.00) per year for each and every federal constitutional right and/or federal law right violated by all the public and private Defendants;

(32) that One Billion Dollars ($1,000,000,000.00) be awarded, PER YEAR from 1986 until paid, for EACH and every Federal Constitutional right violated and for each and every Federal Law violated of Plaintiff and that of L & M Hair Care Products Incorporated; and

(33) that a Judgment be awarded to Plaintiff for all and any type of damages suffered against each of the Defendants individually, and jointly, including punitive damages, plus legal interests rate of 12% annually from the date of the taking of the property expropriated in 1986, and until the full amount is paid in full.

Additionally, Plaintiff prays that he be allowed to further amend and/or supplement his petition as needed.

Finally, Plaintiff prays for all and other relief allowed by law, and for all costs and expenses to be casted upon all of the Defendants.

Respectfully submitted,

BY: Larry E. Clark, Pro Se
In His Personal and Individual Capacity
P. O. Box 76752
Atlanta, GA 30358
(678)754-7324
clark9853@gmail.com
April 24, 2024



ENDORSED FILED
HANNAH HARPER, DEPUTY CLERK

MAY 23 2024

A TRUE COPY - ATTEST

CADDO PARISH CLERK OF COURT

157