**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **MR. & MRS. LARRY CLARK ET AL.** | **CIVIL ACTION NO. 5:24-cv-00770** |
| **VERSUS** | **JUDGE J. EDWARDS** |
| **MANGHAM, HARDY, ROLFS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. PROC. 12(b)(6)**

Defendants, Attorneys' Liability Assurance Society, Ltd. ("ALAS"), and James A. Brown, Sheri L. Corales, John M. Wilson, and Liskow & Lewis, PLC (collectively "the Liskow Defendants"), submit this Memorandum in Support of their Motion to Dismiss with prejudice all claims asserted by Plaintiff Larry E. Clark ("Clark").

## I.      BACKGROUND

The instant suit is Clark's latest in a three-decades long campaign of unrelenting, frivolous litigation filed in multiple state and federal courts against numerous Judges, the Governor, the State Department of Transportation, lawyers, and anyone else that he can think of to sue. These unhinged suits all arise from Clark's dissatisfaction with an award he received for the expropriation of three lots of land in the 1980s. He has brazenly ignored and defied repeated court warnings and orders that he desist from these continued abusive filings.[1]

---

[1]     *See, e.g.,* March 13, 2001 Judgment, U.S. Firth Circuit No. 00-30660, *also available at* E.D. La. Case No. 97-cv-1266, Rec. Doc. 183 (5th Cir. order enjoining Mr. Clark from filing any further suits in any court within the U.S. Fifth Circuit without court permission) ("This is the latest in a long line of appellant's contumacious prolongations of this dispute. The claims [Clark] continues to advance are wholly without legal merit, . . . . and, because of appellant's blatant disregard of our warning [about additional frivolous appeals], we impose sanctions, prohibiting Clark from future filings and awarding to appellees reasonable attorney's fees and costs). *See also Clark v. Mangham, Hardy, et. al.*, No. 98-0217, slip op. at 1 (W.D. La. Oct. 5, 1998) (Payne, Mag. J.) ("This

6381650

On May 13, 2024, Clark, *pro se*, filed a **157 page** "Petition to Annul October 2021 Order . . . . " in the proceeding styled *Mr. & Mrs. Larry E. Clark and L & M Hair Care Products, Inc. versus Manghan, Hardy, Rolfs, et al.*, in the First Judicial District Court, Parish of Caddo, State of Louisiana, bearing Docket No. 362,381, naming over 35 defendants, including state and federal judges, lawyers, and others who had some involvement relative to his previous suits. On June 6, 2024, counsel for United States District Judge Donald E. Walter removed the suit to federal court pursuant to 28 U.S.C. § 1442 (R. Doc. 1).

## II.    LAW AND ARGUMENT

Clark fails to allege any remotely plausible factual or legal basis for relief against any defendant in this case or for nullifying any of the prior court judgments dismissing his many frivolous suits filed in state and federal courts over the last 30-plus years. When, as here, it is clear on the face of the petition that there is an insurmountable bar to relief, the claims should be dismissed. *Helpful Hound, L.L.C. v. New Orleans Building Corp.*, 333 F. Supp. 3d 593, 601 (E.D. La. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

---

is a case about a man, Larry Clark, who is disgruntled with a state court decision and refuses to accept its finality."); *L&M Products, Inc. v. State, Dep't of Transp. & Dev.,* 29,998 (La. App. 2 Cir. 12/10/97), 704 So. 2d 415, 416 (affirming dismissal as a sanction against Clark for refusal to comply with court orders, stating: "After years of unfruitful legal proceedings in this expropriation matter, the lower court dismissed with prejudice all claims remaining for plaintiff and intervenor. Finding no abuse in the trial judge's discretion, we affirm."); April 21, 1997 Order entered in Case No. 362,381 monetarily sanctioning Clark for "filing a frivolous Motion for Recusation without first objectively inquiring into the facts and law concerning that motion." *See generally Clark v. Edwards*, M.D. La. Docket No. 3:21-CV-177, Rec. Doc. 13-2 (table summarizing the myriad of suits filed by Clark arising out of the 1986 expropriation proceedings and highlighting the numerous sanctions/sanction warnings issued).

-2-

True to his form over the past 38 years, Clark's instant pleading contains the same hodgepodge of incoherent ramblings of unconnected words and phrases that fall woefully short of stating a valid claim for relief.  Clark's pleading warrants swift dismissal with prejudice to avoid any further waste of the Court's and the parties' resources.  *See, e.g., Whitehead v. White & Case, LLP*, No. 12-CV-0399, 2012 WL 1795151, at \*4 (W.D. La. Apr. 19, 2012), *report and recommendation adopted*, No. 12-CV-0399, 2012 WL 1795148 (W.D. La. May 16, 2012) (holding dismissal warranted based on court's finding that "plaintiff's allegations are so patently frivolous and vexatious that the defendants should not be required to respond to the complaint and litigate those defenses (which some defendants have already had to do in other jurisdictions)"); *Crawford v. U.S. Marshal Police City Marshal Dep't*, No. 14-CV-0512, 2014 WL 2041949, at \*2 (W.D. La. May 15, 2014) (dismissing the complaint for failure to state a claim, finding the allegations do not come close to stating a claim and declining to further waste the court's resources on plaintiff's "patently meritless allegations").

Defendants also pray that this Honorable Court exercise its inherent authority to permanently enjoin Clark from filing any additional suits or claims arising out of the same or similar allegations in any state or federal court, on pain of civil and criminal contempt for violation thereof.  *See  Goldgar v. Office of Administration*, 26 F.3d 32, 36 n .3 (5th Cir. 1994); *Clark v. Land, et al.*, No. 00-30660 (5th Cir. 2001); *Price v. United States*, No. 20-CV-0817, 2020 WL 5986258, at \*7 (E.D. La. Apr. 9, 2020), *report and recommendation adopted*, No. 20-CV-0817, 2020 WL 5986256 (E.D. La. Apr. 29, 2020), *aff'd*, 823 F. App'x 275 (5th Cir. 2020) (to deter frivolous filings, a court may impose sanctions which include a requirement that plaintiff obtain judicial pre-approval for all future *pro se* filings, monetary sanctions, assessment of court costs, suspension of plaintiff's right to proceed in forma pauperis until all previous litigation costs are

paid, or other appropriate sanctions); *Prewitt v. Alexander*, 173 F.R.D. 438, 442–44 (N.D. Miss. 1996); *Whitehead*, 2012 WL 1795151, at \*4 (ordering pre-approval of future filings). Sanctions for misconduct, including the litigation tactic of repeatedly urging frivolous suits, and refusing to heed court warnings, are appropriately enforced through the court's contempt powers. *Cordova v. Louisiana State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 6:19-CV-01027, 2024 WL 150290, at \*2 (W.D. La. Jan. 12, 2024).

In his instant filing, Clark himself has bragged about his track record of abusive filings over the past 30-plus years.[2]  He will undoubtedly continue with this misconduct absent the exercise of the Court's injunctive and contempt powers. A lesser sanction will not be sufficient to deter Clark's repetitive, meritless suits and filings.

## III.    CONCLUSION

Accordingly, Defendants ALAS and the Liskow Defendants respectfully move the Court to dismiss Clark's claims with prejudice. Defendants also pray that this Honorable Court exercise its inherent authority to permanently enjoin Clark from filing any additional suits or claims asserting the same or similar allegations in any state or federal court, on pain of civil and criminal contempt for violation thereof.

---

[2]    See pp. 1, 4 of the Petition boasting about the extent of his ongoing abuse of the judicial process, claiming his matter "will over-take the suit that currently holds the Guinness Book of world records for the longest running civil litigation in U.S. History."

Respectfully submitted,


            /s/ James A. Brown
James A. Brown, T.A. (Bar #14101)
Melanie Derefinko (Bar #37658)
Sheri L. Corales (Bar #37643)
**LISKOW & LEWIS, APLC**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Tel: (504) 581-7979
Fax: (504) 556-4108
jabrown@liskow.com
mderefinko@liskow.com
scorales@liskow.com

Attorneys for Defendants Attorneys' Liability
Assurance Society, Ltd., James A. Brown,
Sheri L. Corales, John M. Wilson, and Liskow
& Lewis, PLC


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the above and foregoing pleading electronically with the Court's CM/ECF system on June 18, 2024, which will cause a notice of electronic filing to be mailed to all registered users. I further certify that a copy has been mailed to Plaintiff Larry E. Clark by U.S. Mail, postage prepaid and properly addressed as follows:

> Larry E. Clark
> P.O. Box 76752
> Atlanta, GA 30358


            /s/ James A. Brown